27   2   85T   1332 N   11   12   85   3   441   -t-   01041   85T   13

DE. ENDANTS

JOHN DILLARD and HAVARD RICHBURG
of Crenshaw County; NATHAN CARTER,
SPENCER THOMAS and WAYNE ROWE of
Etowah County; HOOVER WHITE, MOSES
JONES, JR., and ARTHUR TURNER of
Lawrence County; DAMACUS CRITTENDEN,
JR., RUBIN McKINNON, and WILLIAM S.
ROGERS of Coffee County; EARWEN
FERRELL, # RALPH C. E. BRADFORD and CLARENCE
J. JAIRRELS of Calhoun County;
ULLYSSES McBRIDE, JOHN T. WHITE,
WILLIE McGLASKER, WILLIAM AMERICA and
WOODROW McCORVEY of Escambia County;
LOUIS HALL, JR., ERNEST EASLEY, BYRD
THOMAS and POWELL REYNOLDS of Talladega
County; MAGGIE BOZEMAN, JULIA WILDER,
BERNARD JACKSON and WILLIE DAVIS of Pickens
County, on behalf of themselves and other
similarly situated persons

vs.

CRENSHAW COUN.., ALABAMA, qua
COUNTY; IRA THOMPSON HARBIN,
JERRY L. REGISTER, AMOS MCGOUGH,
EMMETT L. SPEED, and BILL COLQUETT,
in their official capacities as
members of the Crenshaw County
Commission; IRA THOMPSON HARBIN,
in his official capacity as Probate
Judge; ANN TATE, in her official
capacity as Circuit Clerk; and
FRANCES A. SMITH, in his official
capacity as Sheriff of Crenshaw
County; *ETOWAH COUNTY, ALABAMA,
qua COUNTY; LEE WOFFORD, in his
official capacity as Probate Judge;
BILLY YATES, in his official capacity
as Circuit Clerk; ROY McDOWELL, in
his official capacity as Sheriff of
Etowah County; LAWRENCE COUNTY, ALA

CAUSE

12/19/85 AMENDED COMPLAINT (CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
2/10/86 ORDER                    IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

Declaratory judgment sought that the at-large election system utilized for Crenshaw County
Alabama County Commission violates the fourteenth and fifteenth amendments of the Constitu
tion of the United States, and 42 U.S.C. §§1973 and 1983.   TRO and injunctive relief sough

THOM

ATTORNEYS

Cory T. Menefee
Elmer U. Blacksher
Donna J. Cochran
Blacksher, Menefee & Stein, P.A.
Van Antwerp Bldg.
P. O. Box 1051
Mobile, AL 36633-36602
(205) 433-2000

James Blacksher
Larry Menefee
5th Floor Title Bldg
300 21st St., N
B'ham, Al 35203
322-7300/322-7313
(per 8/23/86 ltr to Court)
(Per 9/1/88 notice)

322-1100

Larry C. Davis
? & Davis
Carter-Hill Road
P. O. Box 6215
Montgomery, AL 36106
(205) 834-2000
(Per 4/10/87 Order)
Deborah Fins
Julius L. Chambers ; Scherlyn Ifill
NAACP Legal Defense Fund
99 ? Hudson Street
16th Floor
New York, NY 10013
(212) 219-1900
Lani Guinier
Pamela Karlan (Per 9/1/88 Notice)

Alton L. Turner
TURNER & JONES
P. O. Box 207
Luverne, Al 36049
335-3301/3302
(for Crenshaw Co. defts)
(Per 9/15/86 notice)

R. Forrest Dobbins, pro se
Circuit Court Clerk
Circuit Court of Calhoun County
2nd Floor County Court House
Anniston, Al 36201
236-0961 (Per 1/2/86 notice)

D. L. Martin
215 South Main Street
Moulton, Al 35650
974-9200

and

David R. Boyd  (Hale Co. ?, ?
BALCH & BINGHAM  (Elmore Co ?
P. O. Box 78     (Covington Co ?
Montgomery, Al 36101  (City of ?
834-6500  (Lauderdale Co DOE, ?
(for Lawrence Co. defts) Co & Cl?
SEE CONTINUATION SHEET FOR COU
CLASS MBRS REPRESENTED BY ?

| CHECK | | FILING FEES PAID | | | STATISTICAL C |
|---|---|---|---|---|---|
| | DATE | | | C.D. NUMBER | CARD | DATE |
| | | | | | JS-5 | 12/5/85 |
| | | | | | JS-6 | 11/5/86 |

UNITED STATES DISTRICT COURT DOCK

DC-111 (?

| DATE 1985 | NR. | PROCEEDINGS |
|---|---|---|
| | | CA No. 85-T-1332-N |
| Nov. 12 | 1 | Complaint. Rule 23 allegation. **TRO, speedy hearing and injunctive relief so** **Class certification requested.** |
| 12 | 2 | Summons issued. Summons and complaint handed to counsel for service on defendant |
| 12 | 3 | ORDER denying plaintiffs' request for a temporary restraining order, as contained in their complaint filed on 11/12/85. (Copies mailed to counsel and defendants.) EOD 11/12/85. |
| 19 | 4 | Return receipts showing service of summons and complaint on Eddie Lee Oliver on 11/18/85 for <u>all</u> defendants -- Crenshaw County, Ira Thompson Harbin, Jerry L. Register, Amos McGough, Emmett L. Speed, Bill Colquett, Ann Tate, and Frances A. Smith. |
| 27 | 5 | Crenshaw County defendants' **answer to complaint.** Referred to Judge Thompson. |
| Dec. 2 | 6 | ORDER setting an in-chambers status conference on 12/6/85 at 10:15, federal court-house, Montgomery and DIRECTING the Clerk of the Court to notify counsel by telephone. (Copies mailed to counsel; counsel advised telephonically.) EOD 12/3/85 |
| 16 | 7 | Plaintiffs' motion for leave to amend complaint. Referred to Judge Thompson. |
| 16 | 8 | ORDER that the defendants **show cause**, if any there be, in writing within <u>7</u> days from the date of this order as to why the plaintiffs' 12/16/85 motion for leave to amend should not be granted. (Copies mailed to counsel.) EOD 12/16/85. |
| 18 | 9 | Defendants' consent to amended complaint (response to 12/16/85 show cause order) and **answer to amended complaint.** Referred to Judge Thompson. |
| 19 | 10 | ORDER granting plaintiffs' 12/16/85 motion for leave to amend complaint. (Copies mailed to counsel.) EOD 12/19/85. |
| 19 | 11 | Plaintiffs' **AMENDED COMPLAINT.** |
| 23 | 12 | Notice of appearance of <u>additional</u> counsel for plaintiffs -- Attorneys Edward Still and Reo Kirkland, Jr. |
| 23 | 13 | Summons issued; summons and complaint mailed by cmrrr to each defendant <u>added</u> per amended complaint filed 12/19/85. |
| 26 | 14 | Return receipts showing service of summons and complaint; service on Verbon T. Atkins on 12/24/85 for defendants Pickens County and William H. Lang, Jr., Judge of Probate of Pickens County. |
| 27 | 15 | Return receipts showing service of summons and complaint; service on Ken Joiner on 12/26/85 for defendant Calhoun County, service on Grace Phillips on 12/26/85 for defendant Roy C. Snead, Jr. Sheriff, Calhoun County; service on Wilmer Ezell on 12/26/85 for defendants Coffee County and Marion Brunson, Probate Judge, Coffee County, service on Jane Reid on 12/26/85 for defendant Jim Ellis, Clerk, Coffee County, and service on Jean Ross on 12/26/85 for defendant Brice R. Paul, Sheriff Coffee County; service on Ann Beard on 12/26/85 for defendant Etowah County, service on Evelyn Burnett on 12/26/85 for defendant Lee Wofford, Probate Judge, Etowah County; service on Sue Sewell on 12/26/85 for defendant Billy Yates, Clerk, Etowah County, and service on M. Billingsley on 12/26/85 for defendant Roy McDowell Sheriff, Etowah County; personal service on deft Richard I. Proctor on 12/26/85 for himself and defendant Lawrence County, personal service on 12/26/85 on defendant Smith, Clerk, Lawrence County, and service on Beth Woodard on 12/26/85 for defendant Dan Ligon, Sheriff, Lawrence County; service on defendants James Floyd, Clerk Pickens County and Louie Coleman on 12/26/85, signature illegible; service on defendant Sam Grice, Clerk, Talladega County, on 12/26/85, signature illegible. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, etc. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332- |
| | | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**PLAINTIFFS**

@LINDBURGH JACKSON; MRS CAROLYN
BRYANT and REV. GEORGE BANDY
of Lee County on behalf of them-
selves and other similarly situ-
ated persons

++GEORGE HERRING, II

+++JOHN ~~KNIGHT~~ ~~and~~ LILLIAN JACKSON;
JOHN BUSKEY and VALVIER BRIGHT
Pltf-intervenors

@Added per **SECOND AMENDMENT TO
COMPLAINT**; 2/21/86

¢**CLASS CERTIFIED** as to following
counties on dates indicated:

**Lee County; 3/5/86
Escambia County; 3/17/86
Crenshaw County; 3/24/86
Calhoun County; Coffee County;
Etowah County; Lawrence County;
Pickens County; and Talladega
County on 5/28/86**

+Per 9/25/86 Order

**\*\*ADDED DEFT PER 1/13/87 ORDER**

@@DISMISSED PER 3/23/87 ORDER

++ADDITIONAL PLTF PER
2/25/88 ORDER (Re Morgan
County)

+++Pltf-intervenors (Re Montgomery
County BOE)

**DEFENDANTS**

qua COUNTY; RICHARD I. PROCTOR, in his
official capacity as Probate Judge;
LARRY SMITH, in his official capacity
as Circuit Clerk; DAN LIGON, in his
official capacity as Sheriff of
Lawrence County; COFFEE COUNTY, ALABAMA,
qua COUNTY; MARION BRUNSON, in his
official capacity as Probate Judge;
JIM ELLIS, in his official capacity
as Circuit Clerk; BRICE R. PAUL, in
his official capacity as Sheriff of
Coffee County; CALHOUN COUNTY, ALABAMA,
qua COUNTY; ARTHUR C. MURRAY, in his
official capacity as Probate Judge;
R. FORREST DOBBINS, in his official
capacity as Circuit Clerk; ROY C.
SNEAD, JR., in his official capacity
as Sheriff of Calhoun County;
ESCAMBIA COUNTY, ALABAMA, qua COUNTY;
MARTHA KIRKLAND, in her official
capacity as Probate Judge; JAMES D.
TAYLOR, in his official capacity as
Circuit Clerk; TIMOTHY A. HAWSEY, in
his official capacity as Sheriff of
Escambia County; TALLADEGA COUNTY,
~~ALABAMA, qua COUNTY~~; DERRELL HANN,
~~in his official capacity as Probate~~
~~Judge; SAM GRICE In his offical capacity~~
~~as Circuit Clerk; JERRY STUDDARD, in his~~
official capacity ~~as Sheriff of~~
Talladega County; PICKENS ~~COUNTY,~~
~~ALABAMA, qua COUNTY: WILLIAM H. LANG, JR.,~~
~~in his official capacity as Probate Judge~~
~~JAMES E. FLOYD, in his official capacity~~
as Circuit Clerk; and ~~LOUIE C. COLEMAN~~
in his official capacity ~~as Sheriff of~~
Pickens ~~County~~, @LEE ~~COUNTY, ALABAMA,~~
qua COUNTY; HAL SMITH, ~~in his official~~
~~capacity as Probate Judge~~; ANNETTE H.
HARDY, ~~in her official capacity as~~
~~Circuit Clerk; and~~ HERMAN CHAPMAN, in
his official capacity as  Sheriff of
Lee County; **\*\*LAWRENCE COUNTY BOARD OF
EDUCATION**

@@+~~BILLY J. SEXTON, JERRY L. HUDSON,~~
~~WALTER BARNETT KING, AUBREY ALFORD and~~
~~JOHN BRYCE SMITH, Crenshaw County~~
~~Commissioner (elect)~~

Defendant-Intervenors

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, etc., et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**ADDITIONAL COUNSEL**

*A.J.*

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, Al  35233-2810  45
~~322-6631~~ 324-9966
(additional counsel for pltfs)

~~Reo Kirkland, Jr.~~
~~P. O. Box 646~~
~~Brewton, Al  36427~~
~~867-5711~~
~~(additional counsel for pltfs)~~
(per 4/10/87 Order)

Barry D. Vaughn
PROCTOR AND VAUGHAN
209 North Norton Avenue
Sylacauga, Al  35150
249-8527
(for Talladega Co. defts)

Yetta G. Samford, Jr.; W. F. Horsley
SAMFORD, DENSON, HORSLEY, PETTEY,
   MARTIN & BARRETT
P. O. Box 2345
Opelika, Al  36803-2345
745-3504
(for Lee Co. defts ; City of Loachapoka)

Rick Harris
Moore, Kendrick, Glassroth,
 Harris, Bush & White
P. O. Box 910
Montgomery, AL   36102
264-9900
(for Crenshaw Co. defts)

~~John A. Nichols~~
~~LIGHTFOOT, NICHOLS & SMYTH~~
~~P. O. Box 369~~
~~Luverne, Al  36049~~
~~335-5628~~ Per 3/23/87 dismissal order)
~~(for deft-intervenors)~~

~~Robert Black~~
~~HILL, HILL, CARTER, FRANCO, COLE & BLACK~~
~~P. O. Box 116~~
~~Montgomery, Al  36195~~
~~834-7600~~
~~(for defts Tate, Smith & Harbin of~~
   ~~Crenshaw Co.)~~

W. O. Kirk, Jr.
P. O. Box A-B
Carrollton, Al  35447
367-8125
(for Pickens Co. defts)

Jack Floyd
FLOYD, KEENER & CUSIMANO
816 Chestnut Street
Gadsden, Al  35999-2701
547-6328
(for Etowah Co. defts)
(*** See next page)

~~J. G. Speake~~    J. G. Speake
~~SPEAKE, SPEAKE & REICH~~ SPEAKE, SPEAKE &
~~P. O. Box 5~~          REICH
~~Moulton, Al  35650~~   P. O. Box 5
~~974-1171~~             Moulton, Al  35
~~(for Probate Judge  Lawrence Co.)~~ 974-
                       (For Lawrence Co B
Warren Rowe              of Education)
ROWE, ROWE & SAWYER
P. O. Box 150
Enterprise, Al  36331
347-3401
(for Coffee Co. defts)

Thomas Sowa, Richard Cater,
Herbert D. Jones, Jr.; H. R. Burnham
BURNHAM, KLINEFELTER, HALSEY, JONES
   & CATER
P. O. Box 1618
Anniston, Al  36202
237-8515
(for Calhoun Co. defts)

James W. Webb
WEBB, CRUMPTON, MCGREGOR, SCHMAELING
   & WILSON
P. O. Box 238
Montgomery, Al  36101
834-3176
and
Lee M. Otts
OTTS & MOORE
P. O. Box 467
Brewton, Al  36427
867-7724
(for Escambia Co. defts)

**OVER**

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

COUNSEL   (Cont'd)

Carl E. Johnson, Jr.
BISHOP, COLVIN & JOHNSON
601-613 Frank Nelson Building
Birmingham, Al 35203-3668
251-2881
(for deft Jefferson County Board of Education)


Charles P. Gaines
GAINES, GAINES & BARNETT
127 North Street
Talladega, Al 35160
362-2386
(for deft Talladega Co. Bd of Education)

Jeffrey A. Willis
WOOD, HOLLINGSWORTH & WILLIS
123 Sixth Ave. SW
Childersburg, Al  35044
378-5553
(for City of Childersburg)

~~Rosa Hamlett Davis~~
~~Susan E. Russ~~ ~~Don Siegelman~~   (Susan Russ removed per   Jimmy Evans, Attorney General
Assistant Attorneys General    Judge Thompson's          Mort P. Ames, Deputy AG
Office of the Attorney General direction in response
Alabama State House             to motion filed 7-5-89)
11 South Union Street
Montgomery, Al 36130
261-7406
(for  State of Al &
Town of Waverly ; Parrish)

Patrick H. Boone
PERDUE, JOHNSON & BOONE
1312 City Federal Bldg
Birmingham, AL 35203
324-2018
(for Vestavia Hills BOE)

(Appearance for Lawrence Co. on 10/17/01)
Cecil Caine
Caine & Proctor
P.O. Box 667
Moulton, AL 35650
(256) 974-1126
(256) 974-1111 fax

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR CLASS MEMBERS** (to be served [orders] only at Court's direction)

~~Carl E. Johnson, Jr.~~
~~BISHOP, COLVIN & JOHNSON~~
~~601-613 Frank Nelson Building~~
~~Birmingham, Al  35203-3668~~
~~251-2881~~
~~(for deft class member Jefferson~~
~~County Board of Education)~~    MOTION TO INTERVENE GRANTED 6/4/87.

John A. Russell, III
P. O. Box 333
Aliceville, Al 35442
373-8714
(for deft class member City of
 Aliceville)

Ray Ward
RAY, OLIVER, WARD & PARSONS
P. O. Box 65
Tuscaloosa, Al  35402
345-5564
(for deft class member Pickens
County Board of Education)

John D. Clement, Jr.
P. O. Box 494
Tuscumbia, Al  35674
383-6128
(for deft class member City of
 Muscle Shoals)

Vincent McAlister
ALMON, McALISTER, ASHE, BACCUS & TANNER
P. O. Box 899
Tuscumbia, Al  35674
383-6357
(for deft class member City of
 Sheffield)

William H. Filmore; Henry Steagall
STEAGALL & FILMORE
P. O. Box 280
Ozark, Al 36361
774-2501
(for deft class member City of
 Daleville)

Jake Mathews, Jr.; Ronald L. Allen
MERRILL, MERRILL, MATHEWS & ALLEN
P. O. Box 36
Anniston, Al 36202
236-5063
(for deft class member City of
 Piedmont)

Ralph L. Liverman
262 Prairie Ave
Eutaw, Al  35462
372-9480
(for deft class member City of
 Boligee)

James E. Hill, Jr.
HILL & WEATHINGTON
819 Parkway Drive, SE
Leeds, Al  35094
699-6164
(for deft class member City of
 Leeds)

Steven F. Schmitt
HORNSBY & SCHMITT
P. O. Box 606
Tallassee, Al  36078
283-6855
(for deft class member City of
 Tallassee & Notasulga)

Donald B. Sweeney, Jr.
RIVES & PETERSON
1700 Financial Center
Birmingham, Al  35203
328-8141
(for deft class members Fayette Co
 Bd of Education, Geneva Co. Bd
 of Education, and Shelby Co. Bd
 of Education **and** Homewood, Hoover
 & Midfield BOE)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332-N |
| | | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS (to be served order <u>only</u> when court directs)**

Donald M. McLeod
P. O. Drawer 598
Camden, Alabama  36726
682-4223
(for deft class member Town of
  Pine Hill)

W. Phil Eldridge
P. O. Drawer 338
Hartford, Al 36344
588-3882/588-3477
(for deft class member Geneva Co.)

James M. Dyer
~~Suite A~~ 724 Madison St. SE
~~112 South Side Square~~
Huntsville, Al 35801-4407 [536-9495/534-2451]
(for deft class member City of
  Madison)

Frank Ellis
WALLACE, ELLIS, HEAD & FOWLER
P. O. Box 587
Columbiana, Al 35051
669-6783/669-4932
(for deft class members: Shelby Co., City of
  Helena, Town Wilsonville & Town of Wilton)

Powell Lipscomb
LIPSCOMB & LIPSCOMB
210 North 18th Street
Bessemer, Al 35020
428-8487
(for deft class member: ~~Town of Maytown~~ &
                        City of Lipscomb)

Ronald H. Strawbridge
P. O. Box 522
Vernon, Al 35592
695-9111
(for deft class member: Lamar Co. Bd
  of Education)

Hewitt L. Conwill
HARRISON, CONWILL, HARRISON & JUSTICE
P. O. Box 557
Columbiana, Al 35051
669-6701
(co-counsel for deft class member
  Shelby Co. Board of Education
  City of Columbiana & Town of Harpersville
  Town of Vincent)

William J. Trussell; Billy L. Church
CHRUCH, TRUSSELL & ROBINSON
1904 Cogswell Ave
Pell City, Al 35125
338-2295
(for deft class members St Clair
  Co & St. Clair Co Bd of Ed; Town
  of Margaret; Pell City)

Donald H. Patterson
PATTERSON & JESTER
P. O. Box H
Florence, Al  35631
764-3941
(for deft class member Lauderdale
  Co Bd of Ed)

Byrd R. Latham
PATTON, LATHAM, LEGGE & COLE
P. O. Box 470
Athens, Al  35611
232-2010
(for deft class member Limestone
  Co Bd of Ed)

Edward P. Turner, Jr.
TURNER, ONDERDONK & KIMBROUGH
P. O. Drawer 1389
Chatom, Al  36518
847-2237
(for deft class member Washington
  Co Bd of Ed per 7/7 Notice)

~~Vaughan H. Robison~~
John M. Bolton, III
ROBISON & BELSER
P. O. Drawer 1470
Montgomery, Al 36102
834-7000
(for deft class member Montgomery
  Couonty Bd of Ed)

Joe B. Thompson, Jr.
GARRETTS, THOMPSON & HINES
P. O. Box 387
Brewton, Al  36427-0387
867-6063
(For deft class members Town of
  Flomaton, City of Atmore, City of
  Brewton)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc.,<br>et al. | DOCKET NO. 85-T-1332-N<br>PAGE ___ OF ____ PAGES |
|---|---|---|

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| | | |

**COUNSEL FOR CLASS MEMBERS** (to be served [orders] **only** at Court's direction)

James R. Seale
HASKELL, SLAUGHTER & YOUNG
12th Fl Bell Bldg; 207 Montgomery St.
Montgomery, Al 36104
265-8573
(co-counsel for deft class
 members City of Atmore, City of
 Brewton)

T. Dwight Reid
REID & PERLOFF
P. O. Box 2394
Mobile, Al 36652-2394 [433-5412]
(for deft class member Town of
 Mt. Vernon)

Lewis H. Hamner
202 East Main Street
Roanoke, Al 36274
863-2105
(for deft class members: Randolph Co.
 Bd of Ed., Town of Wadley, Town of
 Wedowee)

Nicholas S. Hare, Jr.
HARE and HARE
Second Floor Old Court House Bldg
Monroeville, Al 36461
743-4546
(for deft class member City of
 Monroeville)

Robert J. Teel
TEEL & TEEL, P. C.
P. O. Box 245
Rockford, Al 35136
377-4977
(for deft class member Town of
 Rockford)

Mayor Jimmy L. Danner
P. O. Box 53
Ariton, Al 36311
(for deft class member Town of
 Ariton)

L. E. Gosa
YOUNG, GOSA & BROWN
P. O. Box 648
Vernon, Al 35592
(for deft class members Town of
 Detroit & City of Sulligent)

Kenneth T. Fuller
CASSADY, FULLER & MARSH
P. O. Drawer 780
Enterprise, Al  36330
347-2626
(for deft class member Town of
 New Brockton)

Joe A. Macon, Jr.
170 Hill Street
Wetumpka, Al  36092
567-4358
(for deft class member City of
 Wetumpka)

W. O. Kirk
CURRY & KIRK
P. O. Box A-B
Carrollton, Al  35447
367-8125
(for deft class members City of
 Reform, City of Gordo & Town of
 Carrollton)

John A. Nichols
LIGHTFOOT, NICHOLS ¢ SMYTH
P. O. Box 369
Luverne, Al  36049
335-5628/6548
(for deft class members Towns of
 Brantley, Glenwood, Dozier,
 Goshen, & Crenshaw Co, AL)

Gregory Oakley, Mayor
Route 1 Box 168
Pine Apple, Al  36768
(for deft class member Town of
 Pine Apple)

John F. Dillon, IV
DILLON, KELLEY and BROWN
P. O. Box 698
Alexander City, Al 35010
234-3446
(for deft class members City of
 Alexander City & Tallapoosa Co
 Bd of Ed)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD; et at. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS (to be served orders <u>only</u> when court directs)**

Jerry Batts
SHERRILL & BOTTS
P. O. Box 853
Athens, Al 35611
232-0202
(for deft class member City of
   Athens)

James D. Hughston
HUGHST ON, HUGHSTON & HUGHSTON
P. O. Box 70
Tuscumbia, Al  35674
383-5707
(for deft class member Colbert
   County & City of Tuscumbia)

H. Edward McFerrin
POOLE & McFERRIN
P. O. Box 308
Greenville, Al  36037
382-3123
(for deft class mbrs   City
   of Georgiana; Ft. Deposit;
   Town of McKenzie)

Mayor Malcom L. Senn, Sr.
P. O. Box 311
Opp, Alabama  36467
(for deft class member City of
   Opp)

William M. Jackson
P. O. Box 7122
Dothan, Al  36302
792-6213
(for deft class member Town of
   Kinsey  & Town of Webb)

Stephen Bolling
P. O. Box 267
Southtrust Bank
Huntsville, Al  35804
(for deft clalss member Town of
   Town Creek)

Jerry C. Pow, Mayor
P. O. Box 220
Brent, Alabama 35054
(for deft class member City of
   Brent)

Gary C. Sherrer
CARTER, HALL & SHERRER
P. O. Box 1748
Dothan, Al  36302
793-3610
(for deft class members City of
   Cottonwood, Town of Columbia, &
   Town of Madrid)

George M. Barnett
BARNETT, HUNDLEY & DRISKILL
P. O. Box 93
Guntersville, Al  35976
(for deft class member City of
   Guntersville)

Edward T. Lingham, Mayor
P. O. Box 130
Lowndesboro, Al  36752
(for deft class member Town of
   Lowndesboro)

Wendell W. Mitchell
P. O. Box 225
Luverne, Al  36049
335-3449
(for deft class member City of
   Luverne)

Woodie E. Carney, Mayor
Town of Toxey
P. O. Box 318
Toxey, Al  36921
(for deft class member Town of Toxey)

C. G. Chason
CHAON & UNDERWOOD
P. O. Drawer 458
Foley, Al  36536
943-3171/8892
(for deft class member City of Foley)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILALRD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS (to be served orders only when court directs)**

Stanley E. Munsey
MUNSEY & FORD
110 East 5th Street
Tuscumbia, Al 35674
(for deft class member Colbert
  County Board of Education)

Inell L. Rushing, Clerk
Town of Pennington
P. O. Box 40
Pennington, Al 36916
(for deft class member Town of
  Pennington)

M. Richard Hughes
2107 5th Avenue North
Suite 300
Birmingham, Al 35203
(for deft class member West Blocton)

Claude E. Bankester
WILKINS, BANKESTER & BILES
P. O. Box 1140
Bay Minette, AL 36507
(for deft class member Baldwin
  County)

Lynn Robertson Jackson
P. O. Box 10
Clayton, AL 36016
(for deft class member Clayton,
  Alabama)

Graves Musgrove, Mayor
Town of Riverside
P. O. Box 160
Riverside, AL 35135
(for deft class member Town of
  Riverside)

Fred McNab, Mayor
Town of Pinckard
P. O. Box 202
Pinckard, Al 36371
(for deft class member Town of
  Pinckard)

Theron O. McDowell, Jr.
P. O. Drawer 9179
Prattville, Al 36067
365-5924
(for deft class members City of
  Prattville & Town of Autaugavill

William T. Musgrove, Jr.
WALKER & MUSGROVE
226 W. Alabama Street
Florence, Al 35630
764-1449
(for deft class member City of
  Florence)

Lister H. Proctor
PROCTOR & VAUGHN
201 North Norton Ave
Sylacauga, Al 35150
249-8527
(for deft class member City of
  Lineville)

Larry H. Keener
FLOYD, KEENER, CUSIMANO & ROBERTS
816 Chestnut Street
Gadsden, Al 35999
547-6328
(for deft class member Town of
  Ragland)

Harold Albritton
ALBRITTONS, GIVHAN & CLIFTON
P. O. Drawer 880
Andalusia, Al 36420
(for deft class member Town of
  River Falls)

Andrew M. Cromer, Jr.
P. O. Box 10
Camden, Al 36726
682-4495
(for deft class member City of
  Camden)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR CLASS MEMBERS (to be served [orders] <u>only</u> at Court's direction)**

Bob M. English, Mayor
City of Elba
200 Buford Street
Elba, Al 36323
(for deft class member
   City of Elba)

Broox G. Garrett, Jr.
GARRETTS, THOMPSON & HINES
P. O. Box 387
Brewton, Al 36427-0387
867-6063
(for deft class member Escambia
   County Board of Education)

James M. Tingle
BARNETT, TINGLE, NOBLE & SEXTON
1600 City Federal Building
Birmingham, Al 35203
322-0471
(for deft class member City of
   Tarrant)

John Hollis Jackson, Jr.
P. O. Box 1818
Clanton, Al 35045
755-2004
(for deft class members Chilton County
   Commission & Chilton Co BOE)

Nicholas H. Cobbs, Jr.
1110 Main Street
Greensboro, Al 36744
624-4202
(for deft class members City of
   Greensboro &  Town of Moundville)

W. H. Rogers
Robert Lang
329 Lawrence Street
Moulton, Al 35650
974-1936
(for deft class member Courtland)

Bruce N. Wilson
ADAMS, ADAMS & WILSON
P. O. Box 99
Grove Hill, Al 36451
275-3221
(for deft class member Town of Grove
   Hill)

Patricia M. Roper, Mayor
Town of Vincent
P. O. Box 49
Vincent, Al 35178
(for deft class member Town of Vincent)

Louis P. Moore ; Allen Grocholski
HOLDER, MOORE & GROCHOLSKI
P. O. Box 309
Fayette, Al 35555-0309
(for deft class  mbrs  City of Fayette
   Fayette Co. Commission)

Daniel G. McDowell
P. O. Box 818
Russellville, Al 36653
(for deft class member City of
   Russellville)

Nathan G. Watkins, Jr.
PRUITT, PRUITT, & WATKINS
P. O. Box 1037
Livingston, Al 35470
(for deft class member City of
   Livingston)

Joe W. Adams
P. O. Box 1487
Ozark, Al 36361
774-5533
(for deft class member Town of Newton
   & Town of Pinckard)

Martin Ray
RAY, OLIVER, WARD & PARSONS
P. O. Box 65
Tuscaloosa, Al 35402
(for deft class member Bibb Co BOE
   &Tuscaloosa Co BOE)

Richard F. Calhoun
CALHOUN, WATKINS & CLOWER
104 South Brundidge Street
Troy, Al 36081
(for deft class member Pike Co. BOE)

William E. Shinn, Jr.
HARRIS, SHINN, PHILLIPS & PERRY
P. O. Box 1563
Decatur, Al 35602
353-7521
(for deft class member Morgan Co.)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332<br>PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR CLASS MEMBERS** [to be served (orders) <u>only</u> at Court's direction]

Boyd Whigham
104 Court Square
Clayton, Al 36016
775-8555
(for deft class members Town of
  Louisville & Town of Clio)

Donald F. Colquett
P. O. Box 52
Opp, Al 36467
493-3579
(for deft class member City of Opp)

Michael Jones
P. O. Box 367
Luverne, Al 36049
(for deft class member Town of
  Rutledge & Crenshaw Co BOE)

George P. Howard
102 S. Boundary Street
Wetumpka, Al 36092
(co-counsel for deft class member
  Elmore Co Bd of Ed)

W. Sidney Fuller
P. O. Box 1637
Andalusia, Al 36420
(co-counsel for deft class member
  Covington Co Bd of Ed)

Otis R. Burton, Jr.
Talladega, Al 35160
(for deft class member City of
  Waldo)

Larry Grissett
P. O. Box 423
Opp, Al 36467
493-9475
(for deft class mbr City
  of Florala)

Robert McWhorter, Jr.
BUTTRAM & McWHORTER
P. O. Drawer 603
Centre, Al 35960
(for deft class member Town
  of Cedar Bluff)

Michael L. Murphy
Walnut Street
Centreville, Al 35042
926-4686
(for deft class member City of
  Centreville)

Michael Sawyer, Mayor
Town of Midland City
P. O. Box 69
Midland City, Al 36350
(for deft class member Town of
  Midland City)

William Brewer, III
P. O. Box 177
Livingston, Al 35470
(for deft class member Town of
  Cuba)

Charles W. Woodham
P. O. Box 608
Abbeville, Al 36310
(for deft class member Town of
  Newville ; City of Abbeville ,
  City of Headland)

William E. Woods, Mayor
City of Headland
P. O. Box 36
Headland, Al 36345
(for deft class member City of
  Headland)

Edmon H. McKinley
P. O. Box 127
Thomasville, Al 36784
(for deft class member City of
  Thomasville)

Gene M. Hamby, Jr.
JONES, HAMBY & BAKER
P. O. Box 167
Sheffield, Al 35660
383-3621
(for deft class member Town of
  Cherokee)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE ___ OF ___ PAGES |
|---|---|---|

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDNAT CLASS MEMBERS** (to be served [orders] <u>only</u> when court directs)

William D. Latham
P. O. Box 1319
Clanton, Al  35045
755-1975
(for deft class member Town
  of Jemison)

R. Wyatt Howell, Jr.
Attorney-in-fact for
Barbara Bobo, Mayor
Town of Millport
Millport, Alabama  35576
(for deft class member Town of
  Millport)

Windell C. Owens
P. O. Box 428
Monroeville, Al  36461
(for deft class member Frisco City)

Robert L. Barnett
CORLEY, MONCUS, BYNUM & DE BUYS
2100 16th Ave, S
Birmingham, Al  35205
(for deft class member City of Warrior)

Sibley Reynolds
REYNOLDS & REYNOLDS
P. O. Drawer 70
Clanton, Al  35045
(for deft class member Town of Maplesville)

James Tucker, Jr.
P. O. Box 218
Jackson, Al  36545
246-4435
(for deft class member Town of
  Coffeeville)

Charles R. Stephens
P. O. Box 1493
Jasper, Al  35502-1493
(for deft class member Sipsey)

James E. Turnbach
PRUETT, TURNBACH & WARREN
P. O. Box 29
Gadsden, Al  35902
543-3664
(for deft class member Etowah County
  Board of Education)

Richard Neal
SIROTE, PERMUTT, MCDERMOTT, SLEPIAN,
  FRIEND, FRIEDMAN, HELD & APOLINSKY
P. O. Box 55727
Birmingham, Al  35255
933-7111
(for deft class member City of
  Graysville)

Patrick I. Gustin
West Office Center
2028A Third Ave
Jasper, Al  35501
384-1130
(for deft class member City of
  Carbon Hill)

Thomas McEniry
McENIRY, McENIRY & McENIRY
1721 4th Ave
Bessemer, Al 35020
(for deft class member City of
  Hueytown)

Ernest G. Hester
P. O. Box 569
Guin, Al  35563
(for deft class member City of Guin)

William S. Poole, Jr.
P. O. Drawer 1130
Demopolis, Al  36732
289-2006
(for deft class member Town of
  Thomaston)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-1 |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS** (to be served [orders] **only** when court directs)

O. Stanley Thornton
WOOTEN, THORNTON, CARPENTER,
   O'BRIEN & LAZENBY
P. O. Drawer 277
Talladega, Al  36160
362-0081
(for deft class member Lincoln)

~~John W. Johnson, Jr.~~
~~JOHNSON, CLADWELL & McCOY~~
~~P. O. Drawer 409~~
~~Lanett, Al 36863-0409~~
~~(for deft class member City of Valley)~~
                    Per O. 8/17/88

Woodford W. Dinning, Jr.
LLOYD, DINNING, BOGGS & DINNING
P. O. Drawer Z
Demopolis, Al  36732
289-0556
(for deft class member City of
   Linden)

J. B. Nix, Jr.
P. O. Box 167
Evergreen, Al  36401
578-1544
(for deft class member Town of
   Castleberry)

Charles R. Adair, Jr.
P. O. Box 85
Dadeville, Al  36853
(for deft class member City of
   Dadeville)

John T. Ennis, Sr.; E. Allen Dodd, Jr.
Suite 1401
City Federal Bldg
Birmingham, Al  35203
254-8040
(for deft class member City of
   Irondale)

Norborne C. Stone, Jr.
STONE, GRANADE, CROSBY & BLACKBURN
P. O. Box 1109
Bay Minette, AL 36507
937-2417
(for deft class member Baldwin
   County Board of Education)

Jerry L. Thornton
P. O. Box 759
Hayneville, AL  36050
548-2514
(for deft class member Town of
   Hayneville)

Byrd R. lathan
P. O. Box 470
Athens, AL  35611
(for deft class member Limestone
   County School System)

Billie Anne Tucker
213 Avenue A., S. E.
LaFayette, AL  36862
(for deft class member Five Points, Al)

James H. Weatherford, Jr.
WEATHERFORD & CARMICAHEL
P. O. Box 1291
Enterprise, AL  36331
347-1314
(for deft class member Coffee Co. Bd.
   of Ed.)

Clarence T. Hellums, Jr.
P. O. Box 188
Centreville, AL  35042
(for deft class member Bibb Co. Comm.)

Jere C. Segrest
HARDWICK, HAUSE & SEGREST
P. O. Box 1469
Dothan, AL  36302
794-4144
(for deft class member Houston County
   Board of Education)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al | DOCKET NO. 85-T-1332-N |
| | | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS** (to be served (orders) <u>only</u> when court directs)

Stuart C. DuBose
601 College Avenue
Jackson, Al 36545
(for deft class member Town of
Fulton)

W. Eason Mitchell
MITCHELL, GREEN, PINO & MEDARIS
P. O. Box 766
Alabaster, AL 35007
(for deft class member City of Calera)

Jerry E. Stokes
SIKES, JOHNSON, STOKES & TAYLOR
P. O. Box 1636
Andalusia, AL 36420
(for deft class member Covington Co.)

Henry F. Lee, III
LEE & FLEMING
P. O. Box 129
Geneva, AL 36340
684-6406 or 6260
(for deft class member City of Hartford)

E. Paul Jones
Post Office Box 448
Alexander City, Al 35010
329-8493
(for deft class member Town of
Daviston)

Diane D. Barnett
City Clerk
City of Citronelle
P. O. Box 86
Citronelle, Al 36522
(for deft class member City of
Citronelle)

Ed Yarbrough
Mayor, City of Centre
401 E. Main Street
Centre, Al 35960
(for deft class member City of
centre)

Stephen Kayda
Mayor, Town of Silas
P. O. Box 123
Silas, Al 36919
(for deft class mbr Town of Silas)

James Price
Mayor, Town of North Johns
P. O. Box 156
Adger, Al 35006
(for deft class member Town of
North Johns)

William T. Coplin, Jr.
P. O. Box 987
Demopolis, Al 36732
(for deft class member Faunsdale)

J. W. Chance
Mayor, Parrish
P. O. Box 89
Parrish, Al 35580
(for deft class member Parrish)

Jimmy King
P. O. Box 1
Jasper, Al 3550
(for deft class member City of
Dora)

Thomas H. Boggs, Jr.
P. O. Drawer Z
Demopolis, Al 36732
(for deft class member Providence)

John Knowles
609 S. Commerce Street
Geneva, Al 36340
(for deft class member Geneva)

Frank Wilson
P. O. Box 345
Selma, Al 36701
(for deft class member City of
Orrville)

Arthur Hardagree
P. O. Box 67
Ashland, Al 35611
(for deft class member Ashland)

Jack Ward, Mayor
City of Heflin
P. O. Box 128
Heflin, Al 36264
(for deft class member City of
Heflin)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N PAGE ___ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

**COUNSEL FOR DEFENDANT CLASS MEMBERS (to be served [orders] only when court directs)**

Stanley W. Owens
Mayor, Myrtlewood
P. O. Box 70
Myrtlewood, Al  36763
(for deft class member Myrtlewood)

John Thompson
P. O. Box 132
Butler, Al  36904
459-2651
(for deft class member Millry)

Patrick H. Tate
P. O. Box 593
Fort Payne, Al  35967
(for deft class member Town of
  Collinsville)

W. H. Rogers
329 Lawrence Street
Moulton, Al  35650
974-1936
(for deft class member Moulton)

Stuart C. DuBose
601 College Avenue
Jackson, Al  36545
246-4279
(for deft class member Town of Fulton)

David R. Boyd  **[CONTINUATION]**
BALCH & BINGHAM
P. O. Box 78
Montgomery, Al 36101
834-6500
  (For following deft class members:
   Shelby County BOE
   Lauderdale County BOE
   Hale County BOE
   Elmore County BOE
   Covington County BOE
   City of Decatur
   City of Eufaula
   Chilton County Commission

James Prestwood
P. O. Drawer 28
Andalusia, Al  36420
222-1151
(for City of Health)

William Baxley
Charles Dauphin
BAXLEY, DILLARD & DAUPHIN
2100 16th Ave South
Birmingham, Al  35205
939-0995
(co-counsel for Geneva Co. Com.)

Edward S. Allen
M. Stanford Blanton
BALCH & BINGHAM
P. O. Box 306
Birmingham, AL  35201
251-8100
(co-counsel for defts St. Clair
  County BOE & St. Clair Co.)

Thomas T. Gallion, III
HASKELL, SLAUGHTER & YOUNG
207 Montgomery St
12th Floor Bell Bldg
Montgomery, AL  36104
265-8572
(for Montgomery Co. Commision)

John Ben Jones
P. O. Box 386
Lanett, AL  36863
(for deft City of Valley per
  8/19/88 notice)

J. Garrison Thompson
PITTS, PITTS & THOMPSON
P. O. Drawer 537
Selma, AL  36702-0537
875-7213
(co counsel for deft Pine Hill)

Raymond P. Fitzpatrick, Jr.
P. O. Box 360187
Birmingham, AL  35236-0187
988-5048
(additional Counsel for Shelby
  County Com. per 3/31/89 Notice)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, etc., et al. | PAGE ____ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| | | |

**COUNSEL FOR DEFENDNAT CLASS MEMBERS** (to be served **[orders]** <u>only</u> when court directs.

~~Harry Lyon~~
~~P. O. Box 21~~
~~Pelham, AL  35124~~
~~663-1639~~
~~(for proposed Intervenor~~
   ~~Eupardus  Re Shelby Co Commission)~~
**Petn denied** 5/15/89

T. Dudley Perry
PERRY & PERRY
111 Washington Ave
Montgomery, AL  36104
262-7763
(for proposed Intervenor
   <u>Snowden</u> - Re Shelby Co. Commission)

David Cromwell Johnson
300 North 21st Street
Suite 900, Title Bldg
Birmingham, AL  35203
328-1414
(for proposed intervenor Yeager --
 Re Shelby County Commissin)

Robert R. Black
716 Braddock Avenue
Birmingham, AL 35213
(205) ~~879-1828~~  803-743-1818
(for  Shelby Co. Commission)

William Sanderson, Jr.
P. O. Box 2087
Huntsville, AL  35804
535-1100
(for **City of Madison**)

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, qua COUNTY; et al. | DOCKET NO. 85-T-1332 |
| | | PAGE ____ OF _____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|

DEFENDANTS (Cont'd)

***STATE OF ALABAMA; ~~ATTORNEY GENERAL OF ALABAMA;~~ TALLADEGA COUNTY BOARD OF EDUCATION; and CITY OF CHILDERSBURG

@@ @ JEFFERSON COUNTY BOARD OF EDUCATION

###BOARD OF EDUCATION OF HOMEWOOD; BOARD OF EDUCATION OF MIDFIELD; BOARD OF EDUCATION OF VESTAVIA HILLS; and BOARD OF EDUCATION OF HOOVER

***Added defts per 2/23/86 Order

@@@Added as deft intervenor per 6/04/87 Order

+++Dismissed per 7/13/87 Order

###Added per 3/1/88 order and amendment

§THREE-JUDGE COURT designated 3/4/88 to handle 3/1/88 Amendment to Complaint

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332- |
| | | PAGE 2 OF____ PAGES |

| 1985 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Dec. 30 | 16 | Return receipts showing service of summons and complaint; service on Rita Camp on 12/27/85 for defendant Arthur C. Murray, Judge of Probate Calhoun County; personal service on R. Forrest Dobbins on 12/27/85 Clerk, Calhoun County; service on James D. Taylor, Clerk, Escambia County on 12/27/85, signature illegible; service on Donald Cook on 12/27/85 for defendant Jerry Studdard, Sheriff, Talladega County. |
| 31 | 17 | Return receipts showing service of summons and complaint; service on Katherlean J. Culliver on 12/30/85 for defendants Escambia County and Martha Kirkland, Judge of Probate, Escambia County; service on Naomi Ashby on 12/30/85 for defendant Timothy A. Hawsey, Sheriff, Escambia County. |
| 31 | 18 | Return receipt showing service of summons and complaint; service on C. Davis on 12/30/85 for defendant Derrell Hann, Probate Judge, Talladega County. |
| 31 | 19 | Defendant R. Forrest Dobbins's **answer to complaint.** Referred to Judge Thompson. |
| 1986 | | |
| Jan. 2 | 20 | Defendant Dobbins' (Calhoun County Clerk) **amendment/supplement to answer to complaint.** Referred to Judge Thompson. |
| 2 | 21 | Return receipt showing service of summons and complaint; service on C. Davis on 12/30/85 for defendant Talladega County. |
| 10 | 22 | Lawrence County defendants' motion to dismiss or transfer, or, in the alternative to sever and transfer pursuant to 28 USC §1404(a) or, alternatively to dismiss class action allegations. Referred to Judge Thompson. (All defts except Proctor |
| 10 | 23 | Lawrence County defendants' request for briefing schedule and oral argument. Referred to Judge Thompson. (All defts except Proctor.) |
| 13 | 24 | Pickens County defendants' motion to dismiss. **HEARING requested.** Referred to Judge Thompson. |
| 13 | 25 | Etowah County defendants' motion to dismiss. Referred to Judge Thompson. |
| 14 | 26 | Pickens' County defendants' additional certificate of service re 1/13/86 motion to dismiss. |
| 15 | 27 | Defendant Richard I. Proctor's (Probate Judge, Lawrence Co.) **answer to complaint.** Referred to Judge Thompson. |
| 15 | 28 | Defendant Richard I. Proctor's (Probate Judge, Lawrence Co.) motion to dismiss. Referred to Judge Thompson. |
| 15 | 29 | Coffee County defendants' motion to dismiss complaint. Referred to Judge Thompson. (Exhibit "A" attached.) |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE _3_ OF ____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 16 | 30 | Calhoun County defendants' motion to dismiss or to transfer.  Referred to Judge Thompson. |
| 16 | 31 | Calhoun County defendants' brief in support of motion to dismiss or to transfer. Referred to Judge Thompson. |
| 16 | 32 | Plaintiff's response to Pickens County's motion to dismiss.  Referred to Judge Thompson. |
| 16 | 33 | Plaintiff's motion to change identification of parties.  Referred to Judge Thompson. |
| 21 | 34 | Escambia County defendants' motion to dismiss; alternative motion to sever and/or change venue; and alternative motion to deny class certification.  Referred to Judge Thompson. |
| 21 | 35 | Pickens County defendants' request for briefing schedule and **oral argument** (on motion to dismiss).  Referred to Judge Thompson. |
| 21 | 36 | ORDER setting all pending motions for **hearing** on 2/7/86 at 11:00 a.m., 4th floor courtroom, federal courthouse, Montgomery; DIRECTING the movants to file their briefs and any evidentiary materials by 1/29/86; and those opposing any motion are DIRECTED to do the same by 2/5/86.  It is further ORDERED that, assuming the court will deny all motions to dismiss and transfer, the parties are to meet at this courthouse one hour prior to hearing to begin settlement discussions and to attempt to agree upon the procedure they and the court should follow.  It is further ORDERED that the plaintiffs' request for temporary restraining order contained in their 12/19/85 amended complaint is denied.  (Copies mailed to counsel.)  EOD 1/21/86. |
| 22 | 37 | Pickens' County defendants' answer to plaintiffs' response to Pickens County defendants' motion to dismiss. |
| 23 | 38 | Talladega County defendants' motion to dismiss or to sever and transfer.  Referred to Judge Thompson. |
| 23 | 39 | Etowah County defendants' amended motion to dismiss.  Referred to Judge Thompson. |
| 23 | 40 | Etowah County defendants' motion to transfer for improper venue.  Referred to Judge Thompson. |
| 23 | 41 | Etowah County defendants' motion to sever.  Referred to Judge Thompson. |
| 27 | 42 | Escambia County defendants' brief in support of motion to dismiss and/or sever and/or transfer. |
| 29 | 43 | Attorneys D. L. Martin and David R. Boyd's amended notice of appearance; counsel for all Lawrence County defendants except Richard I. Proctor; withdrawal of motion to dismiss filed on 1/10/86 as to defendant Proctor only.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE 4 OF ___ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 29 | 44 | Lawrence County defendants' (except Proctor) memorandum in support of motion to dismiss or transfer.  Appendix attached. |
| 29 | 45 | Coffee County defendants' memo in support of motion to dismiss. |
| 30 | 46 | Pickens County defendants' brief and argument in support of motion to dismiss. |
| Feb. 6 | 47 | Plaintiffs' petition for preliminary injunction and class certification order. Referred to Judge Thompson. |
| 6 | 48 | Plaintiffs' brief in response to defendants' motions to dismiss an/or sever and/ or transfer and in support of motion for preliminary injunction and class certi- fication.  Referred to Judge Thompson. |
| 7 | | **Hearing** - all pending motions. |
| 10 | 49 | ORDER, based upon representations made in open court on 2/7/86, (1) granting plaintiffs' 1/16/86 motion to change identification of parties; (2) setting plaintitffs' 2/6/86 petition for preliminary injunction and class certification order and all of the defendants' motions to dismiss, motions for transfer, motions to sever, and similar motions for an **evidentiary hearing** on **3/4/86** at 8:30 a.m., 4th floor courtroom, federal courthouse, Montgomery; (3) directing parties to file proposed findings of fact and conclusions of law by 2/28/86; and (4) directing parties to exchange by 2/24/86 lists of witnesses and exhi- bits to be used at the March 4 hearing.  (Copies mailed to counsel.) EOD 2/10/86 |
| 18 | 50 | Defendant Richard I. Proctor, Probate Judge of Lawrence County's motion to be excused from further active participation in these proceedings.  Referred to Judge Thompson. |
| 19 | 51 | Plaintiffs' motion to shorten time (for discovery).  Referred to Judge Thompson. |
| 20 | 52 | Plaintiffs' motion for leave to amend the complaint to add Lee County.  Referred to Judge Thompson. |
| 21 | 53 | Defendant Pickens County's additional memorandum and attached exhibits in support of motion to dismiss.  Referred to Judge Thompson. |
| 21 | 54 | ORDER granting plaintiffs' motion to shorten time; directing defendants to answer the plaintiffs' second discovery request by 2/28/86; granting plaintiffs' motion for leave to amend the complaint to add Lee County, defendants to file any objections within seven days from the date of this order; directing plaintiff to show cause in writing within seven days from the date of this order as to why defendant Richard I. Proctor's motion to be excused from further active participation should not be granted; setting the claim against Lee County for an in-chambers status conference on 2/25/86, at 4:00 p.m., Federal Courthouse, Montgomery, Alabama. (Copies mailed to counsel.) EOD 2/21/86 |
| 21 | 55 | Plaintiffs' **second amended complaint.** |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD, et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 5 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Feb. 24 | 56 | Received copy of defendant Coffee County's list of witnesses to be used at 3/4/86 hearing. |
| 24 | 57 | Summons issued for Lee County defendants (added per second amendment to complaint); summons and second amended complaint mailed by cmrrr to defendants Lee County, Alabama, etc., Hal Smith, Annette H. Hardy and Herman Chapman. |
| 24 | 58 | Lawrence County defendants' witness list (for 3/4/86 hearing). |
| 25 | 59 | Plaintiffs' witness list (3/4/86 hearing). |
| 25 | 60 | Plaintiffs' exhibit list (3/4/86 hearing). |
| 25 | 61 | ORDER setting plaintiffs' claim against Lee County for **hearing** on **3/4/86** at 8:30 a.m., fourth floor courtroom, federal courthouse, Montgomery, to the extent that the plaintiffs seek preliminary injunctive relief and class certification. (Copies mailed to counsel; Lee County defts.)  EOD 2/25/86. |
| 25 | 62 | Escambia County defendants' potential witness and document list. |
| 25 | 63 | Lawrence County defendants' <u>supplemental</u> witness list and exhibit list. |
| 27 | 64 | Plaintiffs' request for judicial notice.  Referred to Judge Thompson. |
| 27 | 65 | Plaintiffs' <u>additional</u> list of exhibits (3/4/86 hearing). |
| 27 | 66 | Escambia County defendants' <u>amendment</u> to designation of documents (3/4/86 hearing). |
| 27 | 67 | Plaintiffs and Crenshaw County defendants' joint motion for notice and approval of proposed compromise and settlement. (Proposed Consent decree, order tentatively approving compromise and requiring notice to class, and notice of proposed settlement attached.)  Referred to Judge Thompson.  [PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.] |
| 27 | 68 | ORDER setting plaintiffs and Crenshaw County defendants' 2/27/86 joint motion for notice and approval of proposed compromise and settlement for in-chambers conference on 3/3/86 at 9:00 a.m., federal courthouse, Montgomery. (Copies mailed to counsel.)  EOD 2/27/86. |
| 28 | 69 | Pickens County defendants' proposed findings of fact and conclusions of law. |
| 28 | 70 | Plaintiffs' amended exhibit list. |
| 28 | 71 | Coffee County defendants' proposed findings of fact and conclusions of law. |
| 28 | 72 | Lawrence County defendants' proposed findings of fact and conclusions of law. |
| 1986<br>Mar. 3 | 73 | Plaintiff's proposed findings of fact and conclusions of law and proposed preliminary injunction.  Referred to Judge Thompson. |
| 3 | 74 | ORDER granting deft Proctor's 2/18/86 motion to be excused from futher active participation in these proceedings, there being no objection from the plaintiff.  (Copies mailed to counsel.)  EOD 3/3/86. |

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-<br>PAGE 6 OF ____ PAGES |

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 3 | 75 | Lawrence County defendants' memorandum on issue of preliminary injunctive relief. Referred to Judge Thompson. |
| 4 | 76 | Plaintiffs and Lee County defendants' joint motion for notice and approval of proposed compromise and settlement with respect to Lee County. (Proposed order tentatively approving Lee County compromise and requiring notice to the class, proposed notice of proposed Lee County settlement, and proposed consent decree between plaintiffs and Lee County defendants, with Exhibits "A" and "B", attached.) Referred to Judge Thompson. [PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.] |
| 4 | 77 | Etowah County defendants' adoption of the proposed findings of fact and conclusions of law filed by Lawrence County defendants. Referred to Judge Thompson. |
| 4 | 78 | Etowah County defendants' witness list for 3/5/86 hearing. |
| 4 | 79 | Etowah County defendants' adoption of brief filed by Lawrence County defendants (3/3/86). Referred to Judge Thompson. |
| 5 | | **Hearing** - Plaintiffs' claim against Lee County & all pending motions to dismiss. |
| 5 | 80 | Plaintiffs' summary of defendants' response to requests for admissions; <u>unsigned</u>. (FILED IN OPEN COURT.) |
| 5 | 81 | Lawrence County defendants' response to request for admissions. (FILED IN OPEN COURT.) |
| 5 | 82 | Escambia County's response to request for admissions; <u>copy</u>. (FILED IN OPEN COURT.) |
| 5 | 83 | Pickens County defendants' answer to plaintiffs' request for admissions. (FILED IN OPEN COURT.) |
| 5 | 84 | Etowah County defendants' answer to request for admissions. (FILED IN OPEN COURT.) |
| 5 | 85 | Etowah County defendants' <u>amended</u> answer to request for admissions. (FILED IN OPEN COURT.) |
| 5 | 86 | ORDER **tentatively approving Lee Co's pltfs and defts' compromise** and requiring Lee County to cause the attached notice to this order to be published in the Opelika-Auburn News once a week for 3 successive weeks prior to 4/1/86. Further ORDERED that copies of the attached notice shall be provided by defendant Lee County to representatives of all local radio and television stations and all representatives of media and black community organizations in Lee County who may request a copy thereof. Thereafter on **4/9/86**, at 4:30 p.m., 4th floor courtroom, this court shall conduct a **hearing** in the federal courthouse, Montgomery, Al to consider objections by members of the class to the proposed compromise and settlement. **Pltfs Jackson, Bryant & Bandy certified as representatives of the class of all black citizens of LEE COUNTY.** (Copies mailed to counsel.) EOD 3/5/86. |
| 6 | 87 | Return receipt showing service of summons and complaint on <u>added</u> defendants; service on Sally Rhoden on 3/5/86 for defendants Lee County and Hal Smith. |
| 6 | 88 | Courtroom Deputy's minutes of proceedings (hearing) held 3/5/86. Witness list atch |
| 17 | 89 | Return receipt showing service of summons and second amended complaint on <u>added</u> defendant Herman Chapman; personal service by cmrrr on defendant Herman Chapman on 3/13/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILALRD, et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 7 OF ____ PAGES |

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 17 | 90 | Plaintiffs and Escambia County defendants' joint motion for notice and approval of proposed compromise and settlement with respect to Escambia County. (Proposed order tentatively approving Escambia County Compromise and requiring notice to the class, proposed notice of proposed Escambia County Settlement, and proposed consent decree between plaintiffs and Escambia County defendants with attachments [including maps] attached. Referred to Judge Thompson. [PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.] |
| 17 | 91 | ORDER **tentatively approving Escambia Co's pltfs and defts' compromise** & requiring defendant Escambia County to cause the attached notice to this order to be published in the Brewton Standard once a week for 3 successive weeks prior to 4/14/86. Further ORDERED that copies of the attached notice shall be provided by defendant Escambia County to representatives of all local radio and television stations and all representatives of media and black community organizations in Escambia County who may request a copy thereof. thereafter on **4/18/86** at 3:00 p.m., this court shall conduct a **hearing** in the federal courthouse, Montgomery, Al to consider objections by members of the class to the proposed compromise and settlement. **Pltfs McBride, White, McGlasker, America & McCorvey certified as representatives of the class of all black citizens of ESCAMIA CO.** (Copies mailed to counsel; furnished Atty Reo Kirkland.) EOD 3/17/86. |
| 19 | 92 | ORDER that the Court Report transcribe the proceedings on 3/5/86 and that the **costs of the transcription** be included as **part of the costs taxed** at the end of the case against the losing party or parties, the court being of the opinion that a transcript of the proceedings is necessary for the court to determine whether any of the parties' motions have merit. (Copies mailed to counsel.) EOD 3/19/86. |
| 19 | | Court Reporter's official transcript of proceedings (hearing) held on 3/5/86. |
| 20 | 93 | Plaintiffs' supplemental brief supporting motion for preliminary injunction. Referred to Judge Thompson. |
| 20 | 94 | Plaintiffs' submission of publications (standard historical works) which Dr. McCrary relied upon during testimony at the preliminary injunction hearing (3/5/86). (Physically located in a separate "box" in Judge's Chambers.) |
| 24 | 95 | Plaintiffs Dillard and Richburg and Crenshaw County defendants' joint motion for notice and approval of proposed compromise and settlement. (Proposed consent decree, order tentatively approving compromise and requiring notice to class, and notice of proposed settlement attached.) Referred to Judge Thompson. [PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.] |
| 24 | 96 | ORDER **tentatively approving Crenshaw Co's pltfs and defts' compromise** and requiring defendant Crenshaw County to cause the attached notice to this order to be published in the Luverne Journal once a week for 3 successive weeks prior to 4/16/86. further ORDERED that copies of the attached notice shall be provided by the defendant Crenshaw County to representatives of all local radio and television stations and all representatives of media and black community organizations in Crenshaw County who may request a copy thereof. Thereafter, on **4/18/86** at 3:00 p.m., this court shall conduct a **hearing**, federal courthouse, Montgomery to consider objections by members of the class to the proposed compromise and settlement. Further ORDERED that the candidate qualifying shall be extended from 4/4/86 to 4/15/86; parties have until 4/23/86 to certify names to Secretary of State. **Pltfs Dillard and Richburg are certified as representatives of the class of all black citizens of CRENSHAW CO.** (Copies mailed to counsel.) EOD 3/24/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD, et al | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, et al | DOCKET NO. 85-T-1332-N<br><br>PAGE 8 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Mar.  26 | 97 | Letter from Court identifying differences between plaintiffs' exhibit #187 and charts in plaintiffs' proposed findings, etc. |
| 26 | 98 | ORDER setting an additional **hearing** on all pending motions for **4/1/86**, at **2:00 p.m.**, fourth floor courtroom, Federal Courthouse, Montgomery, Alabama. (Copies mailed to counsel.)  EOD 3/26/86 |
| 27 | 99 | Plaintiffs' response to Court's letter dated March 21, 1986, regarding differences between plaintiffs' proposed findings of fact, etc., and plaintiffs' exhibit #187. (Attachments.) Referred to Judge Thompson. |
| Apr.  1 | 100 | ORDER that the <u>hearing</u> in this action set for 4/1/86, at 2:00 p.m., is hereby <u>cancelled</u>; the court having been orally informed that the defendants agree that the hearing is unnecessary. (Copies mailed to counsel.) EOD 4/1/86 |
| 3 | 101 | Defendant Calhoun County's offer of judgment.  Referred to Judge Thompson. |
| 4 | 102 | Plaintiffs' response to this court's oral question as to whether the county commission election systems in all six defendant counties are governed by a majority vote requirement, and, if so, under what statutory authority. |
| 9 | | **Hearing** - Lee County plaintiffs and defendants' compromise. |
| 14 | 103 | ORDER **approving the Lee County settlement on an interim basis** pending pre-clearance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965; directing defendant Lee County to notify this Court of the determination of the Department of Justice at which time the Court will issue an order finally approving the settlement, provided the plan is precleared; directing that the plan should be implemented as the Court's own interim plan for the conduct of the imminent primary election (6/3/86); and **ENJOINING** Lee County, Alabama, Hal Smith, in his official capacity as Probate Judge of Lee County, Annette H. Hardy, in her official capacity as Circuit Clerk of Lee County and Herman Chapman, in his official capacity as Sheriff of Lee County, etc., from failing or refusing to conduct primary elections for the Lee County Commission from Districts 2, 4 and 5 of the plan submitted by the parties to the court.  (Copies mailed to counsel and Lee County defendants.) EOD 4/14/86 |
| 14 | 104 | **Writ of Injunction** issued against Lee County defendants; copies of writ, together with 4/14/86 order, mailed to each Lee County defendant -- Lee county, Alabama, Hal Smith, Annette H. Hardy and Herman Chapman. |
| 15 | 105 | Return receipt showing service of 4/14/86 writ of injunction, etc.; service on K. Chapman on 4/15/86 for defendant Herman Chapman. |
| 17 | 106 | Return receipt showing service of 4/14/86 writ of injunction, etc.; service on William (?) on 4/16/86 for defendant Hal Smith. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332-N<br>PAGE 9 OF _____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 17 | 107 | Return receipt showing service of 4/14/86 writ of injunction, etc.; service on William (?) on 4/16/86 for defendant Lee County. |
| 17 | 108 | Return receipt showing service of 4/14/86 writ of injunction, etc.; service on Rosa Ellis on 4/16/86 for defendant Annette Hardy. |
| 18 | | **Hearing** - Proposed compromise and settlement as to Escambia and Crenshaw Counties. |
| 18 | 109 | ORDER **approving the Crenshaw County settlement on an interim basis** pending pre-clearance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965; directing defendant Crenshaw County to notify this Court of the determination of the Department of Justice at which time the Court will issue an order finally approving the settlement, provided the plan is precleared; directing that the plan should be implemented as the Court's own interim plan for the conduct of the imminent primary election (6/3/86); and **ENJOINING** Crenshaw County, Alabama, Ira Thompson Harbin; in his official capacity as Probate Judge of Crensahw County, Ann Tate, in her official capacity as Circuit Clerk of Crenshaw County, Frances A. Smith, in his official capacity as Sheriff of Crenshaw County, and Ira Thompson Harbin, Jerry L. Register, Amos McGough, Emmett L. Speed, and Bill Colquett in their official capacities as members of the Crenshaw County Commission from failing or refusing to conduct primary elections for the Crenshaw County Commission from the plan submitted by the parties to this Court. (Copies mailed to counsel and Crenshaw County defts.) EOD 4/21/86 |
| 18 | 110 | **Writ of injunction** issued; copies of writ of injunction, together with 4/18/86 order, mailed by cmrrr to each Crenshaw County defendant. |
| 21 | 111 | Crenshaw County defendants' proof of publication (proposed settlement). Referred to Judge Thompson. |
| 23 | 112 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Crenshaw County. |
| 23 | 113 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Ira Thompson Harbin. |
| 23 | 114 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Jerry L. Register. |
| 23 | 115 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Amos McGough. |
| 23 | 116 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Bill Colquett. |
| 23 | 117 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Ann Tate. |
| 23 | 118 | Return receipt showing service of 4/18/86 writ of injunction, etc.; service on Joseph Downing on 4/22/86 for defendant Frances A. Smith. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 10 OF ____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 24 | 119 | Return receipt showing service of 4/18/86 writ of injunction, etc.; personal service on defendant Emmett L. speed on 4/23/86. |
| 24 | 120 | Courtroom Deputy's minutes of proceedings held 4/18/86. Exhibit and witness lists attached. |
| 29 | 121 | Received copy of Crenshaw County's submission to Justice Department Under Section 5 of the Voting Rights Act. |
| 30 | 122 | Lee County plaintiffs and defendants' joint motion for court approval of precinct, election district and polling place changes.  Exhibits A & B (maps) attached. Referred to Judge Thompson. |
| 30 | 123 | ORDER approving changes in precincts, election districts and polling places in Lee County, Alabama, on interim basis; directing Lee County defendants to implement the proposed changes as described in motion for the primary election to be held on 6/3/86 and in other elections to be held during the year; and directing the Lee County defendants to inform the court immediately upon determination by the Justice Department, etc.  Upon pre-clearance by the Justice Department, the Court will enter an Order finally approving the requested changes.  (Copies mailed to counsel.)  EOD 4/30/86. |
| May  5 | 124 | FINAL CONSENT DECREE between Escambia County plaintiffs and defendants that this court has jurisdiction; that adequate notice has been given to the class concerning the settlement; that there shall be 5 single-member commission districts established in Escambia County as drawn on map attached to this order; that the election process shall be as set out in this order; that the plaintiffs are prevailing parties for the purpose of award of attorneys' fees, etc.; and that this plan shall remain in effect only until the Legislature of Alabama shall adopt a plan which meets the requirements of the laws and Constitution of the United States.  (Copies mailed to counsel [map not included].)  EOD 5/6/86.<br>**[Maps located in separate expansion folder.]** |
| 5 | 125 | FINAL ORDER **approving Escambia County settlement** upon finding that the requirements concerning notice to class has been met and that the proposed settlement is fair and that preclearnance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965, 42 USC Section 1973(c) has been obtained; and **ENJOINING** Escambia County, Alabama; Martha Kirkland, in her official capacity as Probate Judge of Escambia County; James D. Taylor, in his official capacity as Circuit Clerk of Escambia County; Timothy A. Hawsey, in his official capacity as Sheriff of Escambia County, from failing or refusing to conduct primary elections for the Escambia County Commission in accordance with the plans submitted by the parties to this Court.  (Copies mailed to counsel.) |
| 5 | 126 | **Writ of Injunction** issued; copies of writ of injunction and order mailed by cmrrr to defendants Escambia County, Martha Kirkland, James Taylor and Timothy Hawsey. (Persons on Order not named as defts disregarded per court's instruction.) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 11 OF ____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| May  8 | 127 | Return receipt showing service of 5/5/86 writ of injunction, etc.; service on Katherlean J. Culliver on 5/7/86 for defendant Escambia County, Alabama. |
| 8 | 128 | Return receipt showing service of 5/5/86 writ of injunction, etc.; service on Katherlean J. Culliver on 5/7/86 for defendant Martha Kirkland. |
| 8 | 129 | Return receipt showing service of 5/5/86 writ of injunction, etc.; service on defendant James D. Taylor, on 5/7/86, signature illegible. |
| 8 | 130 | Return receipt showing service of 5/5/86 writ of injunction, etc.; service on Naomi Ashby on 5/7/86 for defendant Timothy A. Hawsey. |
| 28 | 131 | ORDER denying the Escambia County defendants' 1/21/86 motion to dismiss as moot, in light of the settlement between the plaintiffs and defendants Escambia County and its officials.  (Copies mailed to counsel.)  EOD 5/29/86. |
| 28 | 132 | MEMORANDUM OPINION. |
| 28 | 133 | ORDER AND INJUNCTION (1) granting plaintiffs' 2/6/86 petition for preliminary injunction in part and denying it in part; and (2) ENJOINING and RESTRAINING defendants **Calhoun County, Coffee County, Etowah County, Lawrence County and Talladega County**, etc., from failing to submit to the court within 21 days from the date of this order their time schedules for the development, approval, and implementation by 1/1/87, of new commission election plans that comply with section 2 of the Voting Rights Act of 1965, as amended, 42 USCA § 1973. Further ORDERED (1) that defendants Pickens County, etc.'s 1/13/86 motion to dismiss is granted to the extent that plaintiffs' claim of intentional discrimination is barred by res judicata and that the motion is denied in all other respect; and (2) that the following motions are denied: defendants Calhoun County and its officials' 1/16/86 motion to dismiss or to transfer; defendants Coffee County and its officials' 1/15/86 motion to dismiss; defendants Etowah County and its officials' 1/13/86 motion to dismiss and 1/23/86 amended motion to dismiss, motion to sever, and motion to transfer; defendants Lawrence County and its officials' 1/10/86 motion to dismiss or transfer, or in the alternative to sever and transfer, etc.; defendant Richard I. Proctor's 1/15/86 motion to dismiss; and defendants Talladega County and its officials' 1/23/86 motion to dismiss or to sever and transfer.  Further ORDERED (1) that plaintiffs' 2/6/86 petition for class certificaiton is hereby granted; (2) that this action is hereby declared properly maintainable as a class action with respect to six plaintiff classes; (3) that a **class consisting of all black citizens of Calhoun County, Al is certified as plaintiff class** to be represented by plaintiffs **Earwen Ferrell, Ralph Bradford, and Clarence J. Jairrels;** (4) that a **class consisting of all black citizens of Coffee county, Al is certified as a plaintiff class** to be represented by plaintiffs **Damacus Crittenden, Jr., Rubin McKinnon, and William S. Rogers;** (5) that a **class consisting of all black citizens of Etowah County, Al is certified as a plaintiff class,** to be represented by **Nathan Carter, Spencer Thomas, and Wayne Rowe;** (5) that a **class consisting of all black citizens of Lawrence county, Al is certified as a plaintiff class** to be represented by plaintiffs **Hoover White, Moses Jones, Jr. and Arthur Turner;** (7) that a **class consisting of all black citizens of Pickens County, Al is certified as a plaintiff class** to be represented by **Magie Bozeman,** (CONT'D) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332 |
| | | PAGE 12 OF____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| May 28 | | ORDER AND INJUNCTION (Continued) |
| | | **Julia Wilder, Bernard Jackson, and Willie Davis;** and (8) that a **class consist-ing of all black citizens of Talladega County, Al is certified as a plaintiff class** to be represented by **Louis Hall, Jr., Ernest Easley, and Byrd Thomas.** Further ORDERED (1) that this cause is set for **TRIAL** on **7/23/86** at 8:30 a.m., 4th floor courtroom, federal courthouse, Montgomery; (2) that the parties are to complete discovery and exchange lists of witnesses and exhibits by 7/16/86; and (3) that this cause is set for **pretrial** on **7/16/86** at 4:30 p.m., federal courthouse, Montgomery. (Copies mailed to counsel and named defendants.) EOD 5/29/86. |
| 28 | 134 | **Writ of Injunction** issued; copies of writ, together with Memorandum Opinion and Order and Injunction, mailed by cmrrr to Calhoun County defendants, Coffee County defendants, Etowah County defendants, Lawrence County defendants and Talladega County defendants. |
| 28 | 135 | Court sets **pretrial hearing** in Montgomery on 7/16/86 at 4:30 p.m. |
| 30 | 136 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on C. Davis on 5/29/86 for Derrell Hann, Probate Judge, Talladega County. |
| 30 | 137 | Return receipts showing service of 5/28/86 writ of injunction, etc.; service on Barbara McKinzie on 5/29/86 for defendants Marion Brunson, Probate Judge and Jim Ellis, Circuit Clerk, Coffee County. |
| 30 | 138 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Jean Ross on 5/29/86 for defendant Brice R. Paul, Sheriff, Coffee County. |
| 30 | 139 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Linda Harville on 5/29/86 for defendant Lawrence County. |
| 30 | 140 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on defendant Richard I. Proctor, Probate Judge, Lawrence County, on 5/29/86, signature illegible. |
| 30 | 141 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on M. Brown on 5/29/86 for defendant Dan Ligon, Sheriff, Lawrence County. |
| 30 | 142 | Return receipts showing service of 5/28/86 writ of injunction, etc.; service on Evelyn Burnett on 5/29/86 for defendant Etowah County. |
| 30 | 143 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Sue Sewell on 5/29/86 for defendant Billy Yates, Circuit Clerk, Etowah County. |
| 30 | 144 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on M. Billingsley on 5/29/86 for defendant Roy McDowell, Sheriff, Etowah County. |
| 30 | 145 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on defendant Calhoun County on 5/29/86, signature illegible. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 13 OF____ PAGES |

| 1986 DATE | NR. | PROCEEDINGS |
|---|---|---|
| May 30 | 146 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Cynthia Willis on 5/29/86 for defendant Arthur Murray, Probate Judge, Calhoun County. |
| 30 | 147 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Juona R. Moore on 5/29/86 for defendant R. Forrest Dobbins, Circuit Clerk, Calhoun County. |
| 30 | 148 | Return receipt showing service of 5/28/86 writ of injunction, etc.; personal service on defendant Roy Snead, Jr., Sheriff, Calhoun County, on 5/29/86. |
| Jun. 2 | 149 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Barbara McKinzie on 5/29/86 for defendant Coffee County. |
| 2 | 150 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on C. Davis on 5/29/86 for defendant Talladega County. |
| 2 | 151 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Cathy Clifton on 5/29/86 for defendant Sam Grice, Clerk, Talladega County. |
| 2 | 152 | Return receipt showing service of 5/28/86 writ of injunction, etc.; service on Brenda Montgomery, undated, for defendant Larry Smith, Clerk, Lawrence County. |
| 2 | 153 | Return receipt showing service of summons and complaint; service on defendant Jerry Studdard, Sheriff, Talladega County, on 5/29/86, signature illegible. |
| 3 | 154 | Lee County defendants' report to court and motion for final order.  Exhibit "A" attached.  Referred to Judge Thompson. |
| 6 | 155 | Crenshaw County's submission of letter of preclearance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965.  Referred to Judge Thompson. |
| 11 | 156 | Defendants Lawrence County and Clerk, Lawrence County's letter to court re possibility of settlement.  Referred to Judge Thompson. |
| 11 | 157 | Calhoun County defendants' report to court re settlement negotiations and length of trial.  Referred to Judge Thompson. |
| 12 | 158 | Lawrence County defendants--County and Clerk's--letter to court re lenght of trial, etc.  Referred to Judge Thompson. |
| 13 | 159 | Plaintiff's letter to court re settlement discussions and an estimate of trial time.  Referred to Judge Thompson. |
| 13 | 160 | Talladega County defendants' letter to court re settlement negotiations.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA; etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE 14 OF _____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 16 | 161 | Lee County's plaintiffs and defendants' joint motion for approval of proposed consent decree.  Proposed consent decree.  Referred to Judge Thompson. |
| 16 | 162 | Plaintiffs' motion to compel defendant Etowah County to respond fully to plaintiffs' first discovery request.  Attachments. Referred to Judge Thompson. |
| 16 | 163 | Plaintiffs' motion to determine the sufficiency of the answers or objections of the Coffee County and Pickens County defendants to plaintiffs' requests for admissions.  Attachments.  Referred to Judge Thompson. |
| 16 | 164 | Plaintiffs' motion to determine sufficiency of responses to requests for admissions and to compel Calhoun County defendants to respond to discovery requests. Attachments.  Referred to Judge Thompson. |
| 16 | 165 | Plaintiffs' motion to shorten time to respond to plaintiffs' third discovery requests (to Etowah County, Lawrence County, Calhoun County, Pickens County and Talladega County).  Attachments.  Referred to Judge Thompson. |
| 16 | 166 | Etowah County defendants' letter to court re settlement and length of trial. Referred to Judge Thompson. |
| 16 | 167 | Coffee County defendants' letter to court re settlement and length of trial. Referred to Judge Thompson. |
| 16 | 168 | ORDER setting the following motions for **hearing** on 6/18/86 at 4:30 p.m., 4th floor courtroom, federal courthouse, Montgomery:  plaintiff's 6/16/86 motion to shorten time, etc., motion to compel, etc., and motions to determine sufficiency of responses, answer, or objections, etc.; and DIRECTING clerk to notify counsel by telephone.  (Copies mailed to counsel; counsel advised telephonically.)  EOD 6/17/86. |
| 16 | 169 | CONSENT DECREE between Lee County plaintiffs and defendants that this court has jurisdiction; that adequate notice was given to class and that the proposed settlement is fair, just and equitable; ENJOINING defendants Lee County; Hal Smith, in his official capacity as Probate Judge; Annette H. Hardy, in her official capacity has Circuit Clerk; and Herman Chapman, in his official capacity as Sheriff of Lee County, etc., from conducting the election for the Lee County Commission under the present at-large election system and are FURTHER ENJOINED as follows: (1) the election for the Lee County Commison to be held in 1986 will be from single-member districts, boundaries as shown by map attached as Exhibit "A" and described in Exhibit "B"; (2) in the 1986 elections, commissioners shall be elected for single-member districts 2, 4 and 6 and shown by said Exhibits "A" and "B"; the 2 incumbent commisisoners residing in new districts 1 & 3 shall complete their term and the first election for districts 1 & 3 shall be held in 1988; the newly elected single-member district commissioners taking office in January 1987 shall consist of 5 commissioners elected for 4 year terms; the probate judge shall continue to serve as chairman but shall have no vote; (3) the Lee County Commission shall be empowered to appoint a full time county administrator; (4) changes in precincts, Exhibit A attached to 4/30/86 joint motion, are approved by the court; changes to be made by |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 15 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jun 16 | | **LEE COUNTY CONSENT DECREE (Cont'd)**<br><br>The Lee County Commission more than 90 days before elections subject to pre-clearance by the U. S. Department of Justice; (5) plaintiffs are prevailing parties for the purpose of awarding attorney fees; to be agreed upon by parties, and if no agreement reached, motion filed <u>45</u> days from the date of the final decree; (6) the plan for election shall remain in effect only until such time as the Legislature of Alabama adopts a plan which meets the require-ments of the laws and Constitution of the United States. (Copies mailed to counsel.) EOD 6/17/86. **[MAPS LOCATED IN SEPARATE EXPANSION FOLDER.]** |
| 16 | 170 | **Writ of Injunction** issued; copies of writ, together with 6/16/86 Consent Decree, mailed by cmrrr to each Lee County defendant. |
| 16 | 171 | Etowah County defendants' offer of judgment.  Referred to Judge Thompson. |
| 16 | 172 | Etowah County defendants' time schedule.  Referred to Judge Thompson. |
| 17 | 173 | FINAL ORDER approving Crenshaw County proposed settlement, and the proposed con-sent decree with the understanding that paragraphs 5 and 6 of the consent decree are no longer applicable.  (Copies mailed to counsel.) EOD 6/18/86. |
| 17 | 174 | CONSENT DECREE AND ORDER that this court has jurisdiction of the parties and the subject action; that adequate notice has been given to the class; that defendants Crenshaw County, etc., Ira Thompson Harbin, Jerry L. Register, Amos McGough, Emmett L. Speed and Bill Colquett, in their official capacities as members of the Crenshaw County Commission, Ira Thompson Harbin, in his official capacity as Probate Judge, Ann Tate, in her official capacity as Circuit Clerk; and Frances A. Smith, in her official capacity as Sheriff of Crenshaw County, etc. are ENJOINED from conducting the election for the Crenshaw County Commission under the present at-large election system, and are FURTHER ENJOINED as follows: (1) the defendants admit that the present at-large method of election is a violation of section 2 of the Voting Rights Act, as amended, and that the court must enter relief in the form of single-member districts; (2) elections shall be held from 5 single-member districts; commis-sioners so elected shall serve 4-year terms; (3) when commissioners are elected from the 5 single-member districts, the Probate Judge will continue as a member thereof but become a nonvoting chair of the commission; he shall contin-ue as chief executive officer of Crenshaw County.  However, beginning in January 1993, the Probate Judge shall no longer be a member of the commission, although he shall continue to function as the chief executive officer; begin-ning in January 1993, the 5 single-member district commissioners shall elect one of their number to be president  of the commission who will preside at meetings, etc.; (4) plaintiffs are prevailing parties for the purpose of the award of attorney fees and expenses--deferred until further order of the court or motion by any party; (5) the court will not defer consideraiton of the agreed upon plan for completion of the preclearnace process; (6) plan to be implemented as set out in this section; (7) the plan shall remain in effect until the Legislature of Alabama adopt a plan which meets the requirements of the laws and Constitution of the United States. (Copies mailed to counsel and Crenshaw County defendants.) EOD 6/18/86. **(Paragraphs 5&6 <u>vacated</u> by 6/17/86 Order approving decree.)  [MAPS LOCATED IN SEPARATE EXPANSION FOLDER.]** |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ETC., ET AL. | DOCKET NO. 85-T-1332-l |
| | | PAGE 16 OF ____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 18 | 175 | **Writ of Injunction** issued; copies of writ, together with Court 6/17/86 Order and 6/17/86 Consent Decree, mailed by cmrrr to Crenshaw County defendants. |
| 18 | 176 | Lawrence County defendants' notice of proposed schedule for complying with preliminary injunction.  Referred to Judge Thompson. |
| 18 | 177 | Calhoun County defendants' schedule for implementing an election plan which complies with the Voting Rights Act. |
| 18 | 178 | Coffee County's submission to court; maps (3) attached.  Referred to Judge Thompson. |
| 20 | 179 | Return receipts showing service of 6/18/86 writ of injunction, etc.; service on Joseph Downing on 6/19/86 for defendants Amos McGough and Joseph Register. |
| 20 | 180 | Return receipt showing service of 6/16/86 writ of injunction, etc.; service on William (?) on 6/19/86 for defendant Hal Smith. |
| 20 | 181 | Return receipts showing service of 6/18/86 writ of injunciton, etc.; service on Joseph Downing on 6/19/86 for defendants: Crenshaw County, Alabama, Emmett L. Speed, Bill Croquett, Ira Thompson Harbin, Frances Smith, and Ann Tate. |
| 20 | 182 | Return receipt showing service of 6/16/86 writ of injunction, etc.; service on Willaim (?) on 6/19/86 for defendant Lee County, Alabama. |
| 20 | 183 | Return receipt showign service of 6/16/86 writ of injunction, etc.; personal service on defendant Herman Chapman on 6/19/86. |
| 20 | 184 | ORDER granting following motions to the extent that the defendants shall comply with the discovery requests by 6/30/86:  plaintiffs' 6/16/86 motion to shorten time, etc., motion to compel defendant Etowah County to respond, etc., and motion to determine sufficiency of responses to requests for admission, etc. Further ORDERED that the plaintiffs' 6/16/86 motion to determine the sufficieny of answers or objections of the Coffee County and Pickens County defendants, etc., is denied.  (Copies mailed to counsel.) EOD 6/20/86. |
| 23 | 185 | Return receipt showing service of 6/16/86 writ of injunction, etc.; service on J. Nolin on 6/20/86 for defendant Annette Hardy. |
| 26 | 186 | Talladega County defendants' notice of proposed schedule.  Referred to Judge Thompson. |
| Jul. 1 | 187 | Pickens County defendants' motion for continuance (of 7/23/86 trial); attachment. Referred to Judge Thompson. |
| 2 | 188 | ORDER granting plaintiffs' 2/27/86 request for judicial notice, counsel for Pickens County having indicated during a telephone conference call on 7/1/86 that Pickens County has no objection.  (Copies mailed to counsel.) EOD 7/2/86. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 17 OF ____ PAGES |

| 1986 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 7 | 189 | ORDER denying Pickens County defendants' 7/1/86 motion for continuance at this time. (Copies mailed to counsel.) EOD 7/7/86 |
| 9 | 190 | Etowah County defendants' **answer to complaint.** Referred to Judge Thompson. |
| 9 | 191 | Etowah County defendants' motion to shorten time to respond to discovery request. Referred to Judge Thompson. |
| 9 | 192 | Etowah County defendants' motion to exclude certain evidence by the plaintiffs at the trial of this cause. Referred to Judge Thompson. |
| 9 | 193 | Pickens County defendants' motion to shorten time to respond to discovery request. Pickens County defendants dicovery request to plaintiff attached. Referred to Judge Thompson. |
| 9 | 194 | Etowah County defendants' supplemental letter to court re settlement. Referred to Judge Thompson. |
| 10 | 195 | ORDER granting defendants Etowah County and Pickens County's 7/9/86 motions to shorten time, etc.; and setting Etowah County defendants' 7/9/86 motion to exclude certain evidence, etc., for **hearing at the pretrial conference.** (Copies mailed to counsel.) EOD 7/10/86. |
| 14 | 196 | Pickens County defendants' **answer to complaint.** Referred to Judge Thompson. |
| 16 | 197 | Etowah County defendants' witness list. |
| 16 | 198 | Etowah County defendants' exhibit list. |
| 16 | 199 | Coffee County plaintiffs and defendants' joint motion for notice and approval of proposed compromise and settlement. (Proposed consent decree, order tentatively approving compromise and requiring notice to class, and notice of proposed settlement attached.) PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.) Referred to Judge Thompson. |
| 16 | | **Pretrial hearing.** |
| 17 | 200 | ORDER denying the Etowah County defendants' 7/9/86 motion to exlude certain evidence without prejudice. (Copies mailed to counsel.) EOD 7/17/86. |
| 17 | 201 | ORDER on pretrial hearing (1) setting **trial as to the Pickens County defendants** (2 days) for **7/23/86** at 9:00 a.m., 4th floor courtroom, federal courthouse, Montgomery, Alabama; (2) DIRECTING the plaintiffs and Pickens County defendants to file their trial briefs by 12 o'clock noon on 7/22/86; (3) setting a **remedial hearing** as to defendants Etowah County, Talladega County, Lawrence County, and Calhoun County for **9/2/86** at 9:00 a.m., 4th floor courtroom, federal courthouse, Montgomery, Alabama; (4) setting a **status conference** as to Etowah County, Talladega County, Lawrence County and Calhoun County for **8/22/86** at 2:00 p.m., in chambers, federal courthouse, Montgomery; (4) directing copies of exhibits, etc., to be available at trial; and (6) directing that all understandings, agreements and stipulations contained in the Pretrial Order shall be binding unless objection noted within 7 days. (Copies mailed to counsel.) EOD 7/17/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al, | DOCKET NO. 85-T-1332-N |
| | | PAGE 18 OF____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 17 | 202 | ORDER **tentatively approving Coffee County' plaintiffs and defendants' compromise and requiring** that defendant Coffee County, Alabama cause the notice attached to this order to be published in the Enterprise <u>Ledger</u> once a week for <u>3</u> successive weeks prior to 8/15/86 with maps of the districts displayed in the county courthouse during normal business hours.  Further ORDERED that copies of the attached notice be provided by the defendant Coffee County, Alabama, to representatives of all local radio and television stations and to all representatives of media and black community organizations in Coffee County who may request a copy thereof.  Thereafter on **8/22/86** at 2:00 p.m., this Court will conduct a **hearing,** federal courthouse, Montgomery, to consider objections by members of the class to the proposed compromise and settlement.  (Copies mailed to counsel.)  EOD 7/17/86. |
| 21 | 203 | ORDER (1) cancelling the **7/23/86 trial,** the court having been orally informed that the Pickens County defendants and the plaintiffs have entered into a stipulation similar to the stipulation entered into by pltfs and other parties and attached to the 7/17/86 pretrial order; (2) setting the status conference as to the Pickens County defendants for 8/22/86 at 2:00 p.m., federal courthouse, Montgomery, Alabama; and (3) setting a **remedial hearing** as to the Pickens County defendants for **9/2/86** at 9:00 a.m., 4th floor courtroom, federal courthouse, Montgomery.  (Copies mailed to counsel.) |
| 29 | 204 | Stipulation of plaintiffs and Pickens County defendants.  Referred to Judge Thompson. |
| 31 | 205 | Defendants Lawrence County, Alabama, Larry Smith and Dan Ligon's motion for an extension of time for submitting plan.  Referred to Judge Thompson. |
| Aug.  1 | 206 | Defendants (Talladega County) Motion for extension of time to file proposed remedial election plan.  Referred to Judge Thompson. |
| 4 | 207 | ORDER allowing the Talladega County defendants until 8/15/86 to file proposed remedial election plan. (Copies mailed to counsel.) EOD 8/4/86 |
| 4 | 208 | ORDER granting the Lawrence County defendants' motion for extension of time for submitting plan. (Copies mailed to counsel.) EOD 8/4/86 |
| 4 | 209 | Calhoun Co's submission of cy of plan submitted to Justice Dept for approval. |
| 13 | 210 | Received copy of Pickens County's submission to Justice Department for approval of changes in electing officials. |
| 15 | 211 | Talladega County plaintiffs and defendants' joint motion for notice and approval of proposed compromise and settlement.  (Proposed order tentatively approving compromise and requiring notice to class, proposed notice to class of proposed settlement and proposed consent decree attached.)  PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER JUDGE THOMPSON'S INSTRUCTION.)  Referred to Judge Thompso |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 19 OF____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 21 | 212 | ORDER **tentativeley approving Talladega County compromise** and requiring defendant Talladega County to cause the notice attached to order to be published in the <u>Daily Home</u> once a week for 3 successive weeks prior to 9/26/86. Further ORDERED that copies of the attached notice be provided by the defendant Talladega County, Alabama, to representatives of all local radio and television stations and to all representatives of media and black community organizations in Talladega County who may request a copy thereof. Thereafter on **10/9/86** at 4:00 o'clock p.m., this court shall conduct a **hearing**, federal courthouse, Montgomery, Alabama, to consider objections by members of the class of the proposed compromise and settlement. (Copies mailed to counsel.) EOD 8/21/86. |
| 22 | | **Hearing** - Coffee County settlement. |
| 22 | 213 | Lawrence County's submission of remedial plan. |
| 22 | 214 | Etowah County defendants' exhibit list. |
| 22 | 215 | Etowah County defendnats' witness list. |
| 27 | 216 | ORDER **approving the Coffee County settlement on an interim basis** pending pre-clearance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965; directing defendant Coffee County to promptly notify this Court of the determination of the Department of Justice; directing that the plan should be implemented as the court's own interim plan for the conduct of the imminent primary election; and **ENJOINING** Coffee County, Alabama, Marion Brunson, in his official capacity as Probate Judge of Coffee County, Jim Ellis, in his official capacity as Circuit Clerk of Coffee County and Brice Paul, in his official capacity as Sheriff of Coffee County, their agents, servants, attorneys and those acting in concert with them from failing or refusing to conduct primary elections for the Coffee County Commission from District 5 of the plan submitted by the parties to this Court. (Copies mailed to counsel.) EOD 8/27/86. |
| 29 | 217 | Plaintiffs' prehearing memorandum on remedial issues. Referred to Judge Thompson. |
| 29 | 218 | Lawrence County defendants' pretrial (hearing) memorandum. |
| 29 | 219 | Plaintiff's submission of opinion in <u>Clark v. Marengo County</u> (U. S. District Court Southern District of Alabama, Northern Division) (CA Nos. 78-455-H and 78-474-H). |
| Sep. 4 | | **Remedial Hearing** - Calhoun, Lawrence and Pickens Counties. |
| 4 | 220 | Etowah County parties' joint motion for notice and approval of Etowah County compromise and settlement. (Proposed consent decree, order tentatively approving compromise and requiring notice to class, and notice of proposed settlement attached.) PROPOSED CONSENT DECREE FILED IN SEPARATE FOLDER PER COURT'S INSTRUCTION. |
| 4 | 220A | Plainitff's request for judicial notice. (Filed in open court.) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-<br><br>PAGE 20 OF ____ PAGES |

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Sep. 4 | 221 | ORDER **tentatively approving Etowah County compromise** and requiring defendant Etowah County to cause the notice attached to order to be published in the Gadsden Times once a week for three successive weeks prior to 9/30/86. Maps of the districts shall be displayed in the County Courthouse during the normal business hours. Further ORDERED that copies of attached notice be provided by defendant Etowah County, Alabama, to representatives of all local radio and television stations and to all representatives of media and black community organizations in Etowah County who may request a copy thereof. Thereafter on **10/9/86** at 4:00 p.m., this Court will conduct a **hearing**, federal courthouse, Montgomery, Alabama, 2nd Floor Courtroom, to consider objections by members of the class of the proposed compromise and settlement. (Copies mailed to counsel.) EOD 9/4/86.                                                           exhibit |
| 5 | 221A | **Remedial hearing as to Calhoun, Lawrence and Pickens Counties.** (Minutes & list) |
| 10 | 222 | ORDER that the submission of the issue of remedy as to Calhoun, Lawrence, and Pickens Counties is continued generally. The parties are DIRECTED to submit an appropriate request when the issue is ripe for submission. (Copies mailed to counsel.) EOD 9/10/86. |
| 11 | 223 | Plaintiff's request that the Crenshaw County defendants show cause why they should not be held in contempt of court. Referred to Judge Thompson. |
| 15 | 224 | Notice of appearance of Rick Harris as counsel for Crenshaw Co. defendants. |
| 18 | 225 | ORDER that plaintiffs' 9/11/86 request that the Crenshaw County defendants show cause why they should not be held in contempt of court is set for a prehearing conference in chambers on 10/1/86 at 4:45 p.m., federal courthouse, Montgomery, Al. (Copies mailed to counsel.) EOD 9/18/86. |
| 24 | 226 | Crenshaw County Commissioners (elect) Billy J. Sexton, Jerry L. Hudson, Walter Barnett King, Aubrey Alford and John Bryce Smith's motion to intervene as defendants. Referred to Judge Thompson. |
| 25 | 227 | ORDER granting the 9/24/86 motion to intervene filed by Billy J. Sexton, et al., upon consideration of representations made during a telephone conference call on 9/24/86 by counsel for the plaintiffs, by counsel for the Crenshaw County defendants and by counsel for the persons seeking to intervene. (Copies mailed to counsel.) EOD 9/25/86. |
| Oct. 1 | 228 | Plaintiffs' post-hearing brief on remedial issues. Attachments. Referred to Judge Thompson. |
| 2 | | Deposition of Charles R. Clark, taken on 9/3/86. Defendant's Exhibits 1-4 (Pickens), defendant's Exhibits 1-8 (Clark), and plaintiff's Exhibits 1-6 attached. |
| 3 | 229 | Alabama New South Coalition, Inc.'s **objection** to the Etowah County proposed compromise and settlement. Referred to Judge Thompson. (Copies mailed to counsel for plaintiffs and for Etowah County per Court's instruction.) |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 21 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 6 | 230 | Defendant Pickens County's reply to plaintiffs' post-hearing brief.<br>Referred to Judge Thompson. |
| 7 | 231 | Plaintiffs' motion to enjoin the 11/4 general elections for the Crenshaw County Commission.  Referred to Judge Thompson. |
| 7 | 232 | ORDER, by agreement of the parties, that the issue of remedy as to Calhoun, Lawrence and Pickens counties is now under submission.  (Copies mailed to counsel.) EOD 10/7/86. |
| 8 | 233 | Defendant Calhoun County's motion for an order approving the remedial plan developed by the county.  Exhibits A&B attached.  Referred to Judge Thompson. |
| 8 | 234 | Defendant Calhoun County's memorandum brief in support of motion for an order approving the remedial plan developed by the County.  Referred to Judge Thompson. |
| 9 | 235 | Defendant Lawrence County's ltr brief re remedial hearing.  Referred to Judge Thompson. |
| 9 | 236 | Defendant Calhoun County's ltr brief.  Referred to Judge Thompson. |
| 9 | | **Hearing** - Etowah and Talladega Counties' proposed settlement. |
| 9 | 237 | Defendants Etowah County's supporting data for entry of consent decree.  Attachments.  **(Maps located in separate expansion folder.)** |
| 10 | 237A | Courtroom Clerk's minutes, etc. of hearing held 10/9/86. |
| 10 | | Court Reporter's official transcript of testimony of Harold MacDowell Watters at 9/4/86 hearing. |
| 14 | 238 | ORDER **approving the Etowah County settlement on an interim basis** pending pre-clearance by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965; directing defendant Etowah County to promptly notify this court of the determination of the Department of Justice; directing that this plan should be implemented as the court's own interim plan for the conduct of the imminent primary elections (11/25/86 and 12/16/86); and **ENJOINING** Etowah County, Alabama, Lee Wofford, etc., Billy Yates, etc., and Roy McDowell, etc., from failing or refusing to conduct primary and general elections for the Etowah County Commission in accordance wtih the plan submitted by the parties to this Court.  (Copies mailed to counsel.) EOD 10/14/86. |
| 14 | 239 | ORDER **approving the Talladega County settlement on an interim basis** pending pre-clearance by the Department of Justice, pursuant to the provisions of Section 5 of the Voting Rights Act of 1965; directing defendant Talladega County to notify  this Court of the determination of the Department of Justice; directing that this plan should be implemented as the Court's own interim plan for the conduct of the imminent primary elections; approving the following deadlines: 10/13, Noon--end party qualification period and end filing period for petitions of independent candidates with the probate judge; 10/13, 4:30 p.m.--parties to certify candidates to probate office; 10/14, 12:00 noon--probate court to certify candidates to printer; and 10/15--register to open absentee balloting, etc; **ENJOINING** Talladega County defendants from failing or refusing to conduct primary and general elections in accordance with the plan submitted to the Court.  (Copies mailed to counsel.) EOD 10/14/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 22 OF____ PAGES |
| --- | --- | --- |

| DATE<br>1986 | NR. | PROCEEDINGS |
| --- | --- | --- |
| Oct. 21 | 240 | ORDR setting plaintiffs' 9/11/86 request for civil contempt against the Crenshaw County defendants and their 10/7/86 motion to enjoin the November 4 general election for the Crenshaw County defendant for **hearing** on **10/31/86** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery. (Copies mailed to counsel.) EOD 10/21/86. |
| 21 | 241 | MEMORANDUM OPINION. |
| 21 | 242 | JUDGMENT AND INJUNCTION and ORDER (1) granting the Calhoun County defendants' 10/8/86 motion to approve remedial plan in part and denying it in part; (2) approving the new redistricting plan submitted by Calhoun County defendants on a permanent basis, except to the extent that it provides for a 6th chairperson commissioner elected at-large; (3) ENJOINING and RESTRAINING the Calhoun defendants (A) from using the "at-large sixth commissioner" feature of the redistricting plan; (B) from failing to implement immediately on a permanent basis the redistricting plan submitted by said defendants to the court, with the exception of the "at-large sixth commissioner" feature; and (C) from failing to have the chairperson position in their plan rotated among the five associate commissioners; (4) approving the new redistricting plan submitted by the Lawrence County defendants on an interim basis, except to the extent that it provides for a 6th chairperson commissioner elected at-large; (5) ENJOINING and RESTRAINING the Lawrence County defendants (A) from using the "at-large sixth commissioner" feature of the redistricting plan; (B) from failing to implement immediately on an interim basis the redistricting plan submitted by said defendants to the court, with the exception of the "at-large sixth commissioner" feature; and (C) from failing to have the chairperson position in their plan rotated among the five associate commissioners; (6) rejecting the new redistricting plan submitted by the Pickens County defendants in its entirety; (7) approving the single-member district plan, consisting of five associate commissioners with the chairperson position rotating among the associate commissioners, submitted for Pickens County by the plaintiffs; (8) ENJOINING and RESTRAINING the Pickens County defendants from failing to implement immediately the plaintiffs' plan on an interim basis. Further ORDER that the Calhoun County, Lawrence County, and Pickens County defendants are ENJOINED and RESTRAINED from failing to conduct elections for all positions under the plans prior to 1/1/87 with the elected officials to take office on 1/1/87. The clerk of the court is DIRECTED to issue a writ of injunction. (Copies mailed to counsel.) EOD 10/21/86. |
| 21 | 243 | **Writ of Injunction** issued; copies of writ, together with Memorandum Opinion and Judgment and Injunction, mailed by cmrrr to all Calhoun County, Lawrence County and Pickens County defendants. |
| 21 | 244 | ORDER that the plaintiffs have 30 days from the date of this order to file their request for attorney fees from all defendants. Counsel for plaintiffs and all defendants are DIRECTED to meet with each other within 20 days from the date of this order to attempt to resolve the issue of attorney fees. (Copies mailed to counsel.) EOD 10/21/86. |
| 21 | 245 | Talladega County's submission of ltr from Justice Department re pre-clearance. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; etc., et al. | DEFENDANT<br><br>CRENSHAW COUNTY, AL, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 23 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 22 | | Defendant Ann Tate, Circuit Clerk, Crenshaw County's submission of documents opposing plaintiff's request that Crenshaw county defendants show cause why they should not be held in contempt of court. (Court Reporter's Official Transcript of 7/8/86 proceedings re David Lee Stringer v. Aubrey Alford, marked as defendant's Exhibit 1, and defendant's Exhibit 2 (separate envelope.) (Physically located in separate expansion folder.) |
| 23 | 246 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Jane P. Niesen on 10/22/86 for Calhoun County. |
| 23 | 247 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Grace Phillips on 10/22/86 for defendant Roy C. Snead, Jr., Sheriff, Calhoun County. |
| 23 | 248 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Karen Harrison on 10/22/86 for defendant Lawrence County. |
| 23 | 249 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Belinda Wilkerson on 10/22/86 for Dan Ligon, Sheriff, Lawrence County. |
| 23 | 250 | Return receipts showing service of 10/21/86 writ of injunction, etc.; service on Verbon T. Atkins on 10/22/86 for defendants Pickens County and William H. Lang, Jr., Probate Judge, Pickens County. |
| 23 | 251 | ORDER that all five commissioners under the plan for Calhoun County should be elected by single-member districts under new primary and general elections conducted prior to 1/1/87. (Copies mailed to counsel.) EOD 10/23/86. |
| 24 | 252 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Cynthia Willis on 10/22/86 for defendant Arthur Murray, Judge of Probate of Calhoun County. |
| 24 | 253 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on defendant Richard Proctor, Probate Judge, Lawrence County, on 10/22/86, signature illegible. |
| 24 | 254 | Return receipts showing service of 10/21/86 writ of injunction, etc.; service on defendants Louie Coleman, Sheriff and James Floyd, Circuit Clerk, Pickens County, on 10/22/86, signature illegible. |
| 24 | 255 | Attorney Robert C. Black's appearance as counsel for defendants Ann Tate, Circuit Clerk, Francis Smith, Sheriff and I. T. Harbin, Judge of Probate, of Crenshaw County. |
| 24 | 256 | Defendants Tate, Smith and Harbin's (Crenshaw Co.) motion for summary judgment. Affidavits of Abbie Langston, Bud Holland, Nearson Beasley, Fate Sasser, J. R. Bryan, Cullen Cook, J. B. Green, Verbie Lee Holston, Eleanor Olive, Jessie Salter, Sophronia Hardy, Lela Boyd, Glen Mothershed, J. Eric Owens, Edward Fowler, Jake Carnes, John Stephenson, and James Baggett attached. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW CO., ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-1<br>PAGE 24 OF ____ PAGES |

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 27 | 257 | Return receipt showing service of 10/21/86 writ of injunction, etc.; service on Kathy M. Blankenship on 10/24/86 for Larry Smith, Circuit Clerk, Lawrence County. |
| 27 | 258 | Return receipt showing service of 10/21/86 writ of injunction, etc.; personal service on F. Dobbins, Circuit Clerk, Calhoun County, on 10/24/86. |
| 27 | 259 | Coffee County's submission to court re Department of Justice's preclearance. Referred to Judge Thompson. |
| 27 | 260 | Calhoun County defendants' motion for order establishing election schedule to implement the deadline contained in the Court's 10/21/86 order.  Referred to Judge Thompson. |
| 27 | 261 | ORDER that with respect to the district elections, called for by the Calhoun County plan, the followng schedule will be implemented:  1. Noon, 10/31/86, end of qualifying.  2. 11/18/86, party primaries.  3.  12/9/86, run-off elections.  4.  12/30/86, general election.  (Copies mailed to counsel.) EOD 10/27/86. |
| 27 | 262 | ORDER denying defendants Ann Tate, et al.'s 10/24/86 motion for summary judgment.  (Copies mailed to counsel.)  EOD 10/27/86. |
| 27 | 263 | Notice from Department of Justice, re:  Coffee County. |
| 30 | 264 | ORDER approving Coffee County's settlement and the proposed consent decree previously submitted by the parties will be approved with the understanding that paragraphs 7 and 8 of the proposed consent decree are no longer applicable. (Copies mailed to counsel.) EOD 10/30/86 |
| 30<br>31 | 264A | Plaintiffs' proposed findings of fact and conclusin of law re Crenshaw County.<br>**Hearing** - Plaintiffs' request cívil contempt and injunction. |
| 31 | 265 | Defendants Tate, Smith and Harbin (refiled) motion for summary judgment. Affidavits attached (filed in open court). |
| 31 | 265A | Crenshaw Co.'s proposed findings of fact, etc. (unsigned; filed in open court). |
| 31 | 266 | Courtroom Deputy's minutes of courtroom proceedings; lists of witnesses and exhibits attached. |
| 31 | 267 | ORDER denying defendants Tate, et al.'s 10/31/86 motion for summary judgment.  (Copies mailed to counsel.)  EOD 10/31/86. |
| Nov. 3 | 268 | Etowah County defendants' motion for approval of the Etowah County settlement on a final basis.  Attachment.  Referred to Judge Thompson. |
| 3 | 269 | JUDGMENT AND INJUNCTION and ORDER (1) that the plaintiffs' 9/11/86 request to show cause why the Crenshaw County defendants should not be held in contempt of court and plaintiffs' 10/7/86 motion to enjoin the 11/4/86 election for the Crenshaw County Commission are granted to the extent that the Crenshaw County defendants are ENJOINED and RESTRAINED from failing: (1) to conduct before 1/1/87 new primary and general elections for the district 5 commissioner of the Crenshaw County Commission which new elections shall supersede any prior elections for district five; and (b) to adopt procedures (i) that will identify prior to said new elections those persons residing in district 5 who are eligible |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD, et al. | DEFENDANT<br><br>CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE __25__ OF____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 3 | | ORDER (Continued)<br>to vote for the district 5 commissioner and (ii) that will document and assure in accordance with state law that only registered voters in district 5 may vote for the district 5 commissioner in said new elections; and (c) to file said procedures with the court by 11/7/86, for court approval; and (2) that said request and motion are denied in all other respects. The Clerk of the Court is DIRECTED to issue a writ of injunction and to notify counsel for the parties by telephone. (Copies mailed to counsel [furnished Harris and Black]; counsel Menefee, Black, Harris and Nichols notified telephonically.) EOD 11/3/86. |
| 3 | 270 | **Writ of Injunction** issued; copy of writ, together with 11/3/86 Order, mailed by cmrrr to each Crenshaw County defendant. |
| 3 | 271 | MEMORANDUM OPINION. |
| 3 | 272 | Lawrence County defendants' motion for approval of election proposal. Exhibiit "A" attached. Referred to Judge Thompson. |
| 4 | | Court Reporter's official transcript of 9/4/86 testimony of Fred James (Remedial Hearing -- Calhoun, Lawrence and Pickens Counties). |
| 5 | 273 | Return receipt showing service of 11/3/86 writ of injunction; personal service on Emmett L. Speed, County Commissioner, Crenshaw County, on 11/4/86. |
| 5 | 274 | Return receipts showing service of 11/3/86 writ of injunction; service on Joseph Downing on 11/4/86 for defendants: Aubrey Alford (County Commissioner, elect), Jerry L. Hudson (County Commissioner, elect), Frances Smith (Sheriff), Billy J. Sexton (County Commissioner, elect), Crenshaw County, Bill Colquett (County Commissioner), Ira Thompson Harbin (County Commissioner/Probate Judge), Walter Barnett King (County Commissioner, elect), Jerry L. Register (County Commissioner), and Ann Tate (Circuit Clerk). |
| 5 | 275 | Return receipt showing service of 11/3/86 writ of injunction; service on Joseph Downing on 11/4/86 for defendnat Amos McGough, County Commissioner, Crenshaw County. |
| 5 | 276 | Plaintiff's motion to clarify district boundary lines for Lawrence County. Referred to Judge Thompson. |
| 5 | 277 | Lawrence County defendants' response (ltr format) to plaintiffs' motion to clarify district boundary lines. Referred to Judge Thompson. |
| 6 | 278 | Pickens County's (plaintiffs' and defendants') joint motion to amend 10/21/86 Order and Judgment. Referred to Judge Thompson. |
| 6 | 279 | ORDER denying plaintiffs' 11/5/86 motion to clarify district beatlines for Lawrence County. (Copies mailed to counsel.) EOD 11/6/86. |
| 6 | 280 | Return receipt showing service of 11/3/86 writ of injunction; etc.; service on Joseph Downing on 11/4/86 for defendant John Bryce Smith, County commissioner (elect), Crenshaw County. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | | |
|---|---|---|---|
| | | DOCKET NO. 85-T-1332- | |
| JOHN DILARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE 26 OF____ PAGES | |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 6 | 281 | Lawrence County defendants' supplemental notice regarding proposed election procedures. Referred to Judge Thompson. |
| 6 | 282 | Lawrence County defendants' motion for interim approval of election schedule and procedure. Referred to Judge Thompson. |
| 6 | 283 | Defendants Crenshaw County, et al.'s proposed election procedure for district 5 per court's 11/3/86 order (ltr format). |
| 7 | 284 | ORDER (1) that the special elections for the County Commission in Lawrence County will be conducted as set out in order; (2) that the election procedures proposed by these defendants as described in 11/3/86 motion and 11/6/86 supplemental notice are approved; and (3) that to the extent the schedule or the procedures are changes which would ordinarily require preclearance under Section 5 of the Voting Rights Act of 1965, as amended, the approval granted herein should be considered interim approval. (Copies mailed to counsel.) EOD 11/7/86. |
| 10 | 285 | Report of Mrs. Tate, Mrs. Smith and Judge Harbin (2 letters) Referred to Judge Thompson. |
| 10 | 286 | ORDER that the Crenshaw County defendants' election procedure for District 5 filed on 11/6/86, are approved and adopted by the court and that the Crenshaw County defendants are ENJOINED and RESTRAINED from failing to comply with said procedures; directing the clerk of the court to issue a writ of injunction. (Copies mailed to counsel.) EOD 11/10/86 |
| 10 | 287 | **Writ of Injunction** issued; copy of writ, together with 11/10/86 order, mailed by cmrrr to each Crenshaw County defendant. |
| 12 | 288 | CONSENT DECREE concerning Coffee County and ORDER that Coffee County defendants are ENJOINED from conducting elections for the Coffee County Commission under the present at-large election system and are further ENJOINED as follows: (1) elections for Coffee County Commision shall be conducted from 7 single-member districts as shown on the maps attached as Exhibits A-C and as described in Exhibits D and E; (2) party primary elections for District 5 shall be conducted on 9/2/86, with necessary runoff elections to be held 9/23/86, special general election for District 5 shall be held on 11/4/86; all other provisions of state law concerning the conduct of elections shall govern, except that a list of registered voters for the special primary election on 9/2/86 need not be published until 8/19/86; (3) incumbent commissioners shall be allowed to serve out their current terms; when the District 5 commissioner is elected in the special 1986 election, he/she shall have all rights, etc., of other commissioners who have been elected at large, until their successors take office in 1/89; (4) elections for all Coffee County commission districts shall be held in 1988; District 5 Commissioner elected in special 1986 election shall serve only a 2-yr initial term; the 7 commissioners elected in 1988 shall serve 4-yr terms; (5) when the District 5 commissioner elected in 1986 takes office, the Probate Judge of Coffee County may continue to serve as the chair of the Coffee County Commission and as chief administrative officer of the county, but the Probate Judge shall not be entitled to a vote on the Coffee County Commission; **(Continued)** |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 27 OF ____ PAGES |
| --- | --- | --- |

| DATE<br>1986 | NR. | PROCEEDINGS |
| --- | --- | --- |
| Nov. 12 | | CONSENT DECREE concerning Coffee County and ORDER **(Cont'd)**<br><br>(6) when current term of incumbent Probate Judge expires, the Probate Judge shall no longer serve as chair of the Commission or as chief administrative officer of Coffee County; when the single-member district commissioners elected in 1988 take office, they shall select, on an annual basis, the chair of Coffee County Commission from among their own number and the commission may appoint one or more persons to carry out administrative duties; (7) Coffee County shall promptly submit for preclearance under Section 5 of the Voting Rights Act this Consent Decree, and exhibits; (8) if and when an agreed upon single-member district plan is precleared, the Court will consider whether it should be approved under the terms of this Consent Decree and as complying with the Voting rights Act; (9) following final approval by the court, the Coffee County Commission shall request the Legislature of Alabama to enact the finally approved single-member district plan as state law; plan to remain in effect as set out in order; and (10) the plaintiffs are prevailing parties for the purpose of award of attorneys' fees and expenses; determination of fees, etc., deferred until further order of the Court or appropriate motion by party. (Copies mailed to counsel.)   EOD 11/12/86. **Paras. 7&8 vacated by 10/30/86 Order)** |
| 12 | 289 | ORDER approving Etowah County's settlement and proposed consent decree with the understanding that Paragrahps 8 and 9 are no longer applicable.  (Copies mailed to counsel.)  EOD 11/12/86. |
| 12 | 290 | CONSENT DECREE concerning Etowah County and ORDER that Etowah County defendants are ENJOINED  from conducting elections for Etowah County Commission under the present at-large elections system and are further ENJOINED as follows: (1) elections for Etowah County Commission shall be conducted from 6 single-member districts as shown on maps attached as Exhibits A and B and described in Exhibit C; (2) party primary elections for Districts 5 and 6 shall be conducted on 11/4/86 with any runoff elections to be held 11/25/86; special general election for Districts 5 and 6 shall be held on 12/16/86; all other provisions of state law concerning the conduct of elections shall govern; (3) when Districts 5 and 6 Commissioners are elected in special 1986 election, they shall have all rights, etc., of other commissioners who have heretofore been elected at-large until their successors take office; (4) the present incumbent District Commissioners for Districts 2 and 3, who reside in said districts and whose present terms expire in 1988,  will serve as District Commissioners for said districts until District elections are held in 1988, at which time candidates for Districts 2 and 3 would run for new 4-yr terms; District commissioners for Districts 1 and 4, who reside in said districts and who will be elected in the 1986 general election for 4-yr terms beginning 1/87 will serve as District Commissioners for said districts until District elections for said districts are held in 1990, at which time candidates for said districts shall run for new 4-yr terms; thereafter, the terms of the 6 district commissioners will be staggered with either two or four  members running each two years; (5) the present chairman of the Commission will continue to serve as chairman for 6-yr term until the second Tuesday after the first Monday in 1/93; the chairman shall not be entitled to a vote on the Commission; (6) beginning the second Tuesday after the first Monday in 1/93, the office of chairman of the Commission shall be abolished |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 28 OF_____ PAGES |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 12 | | CONSENT DECREE concerning Etowah County and ORDER (cont'd)<br><br>and the Commisison shall select and employ an Executive who shall be Chief Executive Officer of the County and shall be responsible for the execution and implementation of the policies adopted by the Commission; the Executive shall not be a member of the Commission; (7) when the single-member District Commissioners elected in 1992 take office on the second Tuesday after the first Monday in 1/93, the Commission will have a President or Presiding Officer of the Commission, who shall preside at meetings and shall set the agenda, but said President/Presiding Officer shall have no other additional authority nor shall he receive more compensation than any other District Commissioner; President/Presiding Officer shall be rotated among the 6 district commissioners with each serving a 1-yr term beginning on the second Tuesday after the first Monday in January of each year and ending at the same time the following year; the permanent order of rotation shall be fixed by lot by the District Commissioners at the meeting of the Commission on the second Tuesday after the first Monday in 1/93; (8) Etowah County shall submit for preclearance under Section 5 of the Voting Rights Act this Consent Decree and the plans attached as Exhibits; (9) if and when plan is precleared, the court will consider whether it should be approved under the terms of this Consent Decree and as complying with the Voting Rights Act; (10) following final approval by the court of a single-member district plan, the Etowah County Commission shall request the Legislature of Alabama to enact the finally approved single-member district plan as state law; and (11) plaintiffs are prevailing parties for the purpose of award of attorneys fees and expenses; determination of fees, etc., deferred until further order of the court or appropriate motion by any party. (**Paragraphs 8 and 9 vacated by 11/12/86 Order approving Decree.**) (Copies mailed to counsel.) EOD 11/12/86. |
| 13 | 291 | Lawrence County defendants' motion for amendment of voting procedures for district elections in Lawrence County. Exhibit 1 attached. Referred to Judge Thompson. |
| 13 | 292 | ORDER approving the amendment to the election procedures proposed by the Lawrence County defendants in their motion of 11/13/86. (Copies mailed to counsel.) EOD 11/13/86. |
| 13 | 293 | ORDER amending the 10/21/86 Order and Judgment to direct that elections for the Pickens County Commission be conducted in accordance with the following schedule: (1) 12/12/86 at 5:00 p.m.--end of qualifying; (2) 1/20/87--party primaries; (3) 2/10/87--runoff elections; (4) 3/3/87--general elections; and (5) 4/1/87--winners take office; commissioners so elected shall hold office for a period of four years, until their successors are elected in 1990 and sworn into office in 1991. Further ORDERED that the commisisoners elected on 11/4 under the present at-large plan and the other Pickens County commissioners presently in office shall remain in office until the elections under the schedule provided for above and the winners take office on 4/1/87. (Copies mailed to counsel.) EOD 11/13/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | | DEFENDANT | | |
|---|---|---|---|---|
| JOHN DILLARD; et al. | | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N | |
| | | | PAGE 29 OF____ PAGES | |

| DATE 1986 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 13 | 294 | Return receipts showing service of 11/10/86 writ of injunction, etc.; service on David Crenshaw on 11/12/86 for Crenshaw County defendants: Jerry Hudson, Amos McGough, Aubrey Alford, Billy J. Sexton, Emmett Spped, Jerry L. Register, and Bill Colquett. |
| 13 | 295 | Return receipts showing service of 11/10/86 writ of injunction, etc.; service on Eddie Lee Oliver on 11/12/86 for Crenshaw County defendants:  John Bryce Smith, Frances Smtih, Ira Thompson Harbin, Ann Tate and Walter Barnett King. |
| 13 | 296 | Return receipt showing servic eof 11/10/86 writ of injunction, etc.; service on Eddie Lee Oliver on 11/12/86 for defendnat Crenshaw County. |
| 13 | 297 | Defendants Calhoun County, Alabama, Roy Snead, R. forrest Dobbins and Arthur C. Murray's Notice of Appeal to the U. S. Court of Appeals, Eleventh Circuit, from the 10/21/86 Judgment and Injunction (enjoining the use of chairman of County Commission.) (Copies mailed to counsel of record [appeal information sheet to Atty Jones]; certified copy mailed to Clerk, USCA along with certified copy of docket entries  and order appealed from.) |
| 18 | 298 | Defendants Lawrence County, Larry Smith and Dan Ligon's Notice of Appeal to U. S. Court of Appeals, Eleventh Circuit from the 10/21/86 Judgment and Injunction (enjoining the use of a Chairman of the Lawrence County Commission). (Copies mailed to counsel of record [appeal information sheet to Atty Boyd]; certified copy of Clerk, USCA along with certified copy of docket entries  and order appealed from.) |
| 21 | 299 | Plaintiffs' motion for award of attorneys' fees and expenses.  Affidavits of James U. Blacksher, Larry T. Menefee, Gregory B. Stein, Wanda J. Cochran, Reo Kirkland, Jr.. Deborah Fins and Paola Gayle Maranan attached. (Attachment to affidavit of W. Edward Still enclosed without affidavit.) Referred to Judge Thompson. |
| 24 | 300 | Affidavit of Edward Still insupport of plaintiff's motion for award of attorneys' fees and expenses. |
| 25 | 301 | ORDER that costs in the amount of $490.00 payable to Roger W. Watford, Official Court Reporter, is taxed against the Calhoun, Coffee, Etowah, Lawrence, Pickens and Talladega County defendants, separately and severally, for which execution may issue.  (Copies mailed to counsel.)  EOD 11/25/86. |
| 25 | 302 | ORDER setting plaintiffs' 11/21/86 motion for award of attorney fees and expenses for an in-chambers conference on 12/12/86 at 4:45 p.m., federal courthouse, Montgomery; DIRECTING counsel for plaintiffs to be present as for the Calhoun, Coffee, Crenshaw, Escambia, Etowah, Lawrence, Pickens and Talladega  County defendants to be present.  The court understands from the plaintiffs that they have settled the issue of attorney fees and expenses with the Lee County defendants. (Copies mailed to counsel.)  EOD 11/25/86. |
| 25 | 303 | Lawrence County defendants' motion for leave to amend election procedures for run-off elections.  Exhibit "A" attached.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 30 OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| Dec. 1 | 304 | ORDER granting Lawrence County defendants' motion for leave to amend election procedures for run-off elections.  On an interim basis, and for purposes of the 12/9/86 run-off elections only, the Lawrence County defendants are authorized to alter the election procedures in accordance with Exhibit "A" attached to motion.  (Copies mailed to counsel.)  EOD 12/1/86. |
| 8 | 305 | Escambia County's compromise and settlement agreement.  Referred to Judge Thompson |
| 8 | 306 | ORDER that the settlement agreement filed with the court by and between Escambia defendants and plaintiffs be and the same is hereby approved.  The court notes and approves that plaintiffs have reserved unto themselves the right to proceed for attorney fees, costs and expenses against all other parties to the action, said reservation being approved by the Court.  (Copies mailed to counsel.)  EOD 12/8/86. |
| 10 | 307 | Crenshaw County defendants' and plaintiffs' compromise and settlement agreement regarding fees and expenses.  Referred to Judge Thompson. |
| 11 | 308 | Coffee County plaintiffs' and defendants' compromise and settlement agreement regarding fees and expenses.  Referred to Judge Thompson. |
| 11 | 309 | Talladega County defendants' notice of preclearance.  Referred to Judge Thompson. |
| 11 | 310 | ORDER and JUDGMENT approving pro tanto settlement of fees and expenses regarding Crenshaw County; noting and approving that plaintiffs have reserved unto themselves the right to proceed for attorney fees, etc. against all other parties to the action; entering judgment in favor of plaintiffs and against Crenshaw County defendants to bear interest in accordance with the provisions of 28 USC 1961.  (Copies mailed to counsel.)  EOD 12/11/86. |
| 11 | 311 | ORDER and JUDGMENT approving pro tanto settlement of fees and expenses regarding Coffee County; noting and approving that plaintiffs have reserved unto themselves the right to proceed for attorney fees, etc., against all other parties to this action; entering judgment in favor of plaintiffs and against Coffee County defendants in the amount of $33,500, to be satisfied by three equal payments of $11,166.00 each to be paid on or before 1/5/87, 4/5/87, and 7/5/87. This judgment to bear interest at the rate of 5% per annum beginning 1/5/87 on any unpaid balance.  (Copies mailed to counsel.)  EOD 12/11/86. |
| 11 | 312 | ORDER approving Talladega County's settlement and proposed consent decree with the understanding that paragraphs 7 and 8 are no longer applicable.  (Copies mailed to counsel.)  EOD 12/11/86. |
| 11 | 313 | CONSENT DECREE concerning Talladega County and ORDER that defendants Talladega County, etc., Derrell Hann, in his official capacity as Probate Judge, Sam Grice, in his official capacity as Circuit Clerk, Jerry Studdard, in his official capacity as Sheriff of Talladega County, Alabama, etc., are ENJOINED from conducting elections for the Talladega County Commission under the present at-large election system, and are FURTHER ENJOINED as follows:  (1) Elections for the Talladega County Commission shall be conducted from the 5 single-member districts shown on maps, Exhibits A-C, and described in Exhibit D.  (2) Party primary elections for District 3 shall be conducted on 11/4/86, with any |

-OVER-

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc.; et al. | DOCKET NO. 85-T-1332-N<br>PAGE 31 OF ____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Dec. 11 | | CONSENT DECREE CONCERNING TALLADEGA COUNTY - Cont'd<br><br>necessary runoff elections to be held 11/25/86; special general election to be held 12/16/86. (3) When the District 3 Commissioner is elected, he/she shall have all the rights, etc., of the other commissioners who have been elected at large, until their successors take office in 1/89. (4) Elections for all Talladega County Commission districts shall be held in 1988. Thus, the District 3 Commissioner elected in the special 1986 election shall serve only a two-year initial term. The five commissioners elected in 1988 shall serve terms as follows: The commissioners elected in Districts 2 and 4 shall serve two-year initial terms. While the Commissioners elected in Districts 1, 3 and 5 shall serve four-year terms. Thereafter, all terms shall be for four years. (5) When the District 3 Commissioner elected in 1986 takes office, the Probate Judge of Talladega County shall continue to serve as Chairman of the Talladega County Commission, but the Probate Judge shall not be entitled to vote on the Talladega County Commission. (6) When the Probate Judge elected in 1994 takes office, the Probate Judge shall no longer serve as chairman of the Talladega County Commission. The Probate Judge will, however, continue to be chief administrative officer of Talladega County. When the single-member district commissioners elected in 1994 take office, they shall select, on an annual basis, the chairman of the Talladega County Commission from among their own number. (7) Talladega County shall by 8/15/86 submit for preclearance under Section 5 of the Voting rights Act this Consent Decree and plans attached, etc. (8) If and when an agreed upon single-member district plan is precleared under Section 5 of the Voting Rights Act, the Court will consider whether it should be approved under the terms of this Consent Decree and as complying with the Voting Rights Act. (9) Following final approval by the Court of a single-member district plan, the Talladega County Commission shall request the Legislature of Alabama, through the Talladega County local delegation, to enact the finally approved single-member district plan as state law, etc. (10) The plaintiffs are prevailing parties for the purpose of award of attorneys' fees, etc. A determination of the plaintiffs' claims for attorneys' fees, etc. is deferred until further order of the Court or appropriate motion by any party. **Paragraphs 7 & 8 no longer applicable per 12/11/86 Order approving Consent Decree.** (Copies mailed to counsel.) EOD 12/11/86. |
| 11 | 314 | Attorney Robert C. Black's motion to withdraw as counsel for defendants Tate, Smith and Harbin (Crenshaw Co.). Referred to Judge Thompson. |
| 12 | 315 | Etowah County defendants' and plaintiffs' compromise and settlement agreement regarding fees and expenses. Referred to Judge Thompson. |
| 12 | 316 | ORDER granting Honorable Robert C. Black's 12/11/86 motion to withdraw as counsel. (Copies mailed to counsel.) EOD 12/12/86. |
| 12 | 317 | JUDGMENT and ORDER approving pro tanto settlement of fees and expenses regarding Etowah County; noting and approving that plaintiff have reserved unto themselves the right to proceed for attorney fees, etc., against all other parties to the action; and entering JUDGMENT in favor of plaintiffs and against Etowah County defendants in the amount of $33,500 to be satisfied by two equal payments of $16,750, one payment to be paid now and the other to be paid on or before 10/15/87 together with 6% interest on the unpaid balance. (Copies mailed to counsel.) EOD 12/12/86. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|---|
| JOHN DILLARD; et al. | | CRENSHAW COUNTY, etc.; et al; | PAGE _32_ OF ____ PAGES |

| 1986 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Dec. 16 | 318 | Defendants Lawrence County, et al.'s motion for permanent approval of redistricting plan. Referred to Judge Thompson. |
| 16 | 319 | Defendants Lawrence County, et al.'s motion for stay pending appeal. Referred to Judge Thompson. |
| 16 | 320 | ORDER setting the legal issue re attorney fees filed by the plaintiffs and the Pickens County defendants for declaratory resolution, without oral argument, on 1/9/87, with said parties to file briefs by said date; setting plaintiffs' 11/21/86 motion for attorney fees and expenses against Calhoun County, Lawrence County, Talladega County and Crenshaw County intervenor defendants for submission, without oral argument, on 2/6/87; directing parties to complete discovery by 1/20/87; and directing parties to file briefs, etc., by 1/30/87, and reply briefs, etc., by 2/6/87. Further ORDERED that Calhoun County, Lawrence County, Talladega and Crenshaw County intervenor defendants file responsive pleading (reflecting, among other things, specific times and rates contested) by 12/22/86. (Copies mailed to counsel.) EOD 12/16/86. |
| 18 | 321 | ORDER (1) that the Lawrence County defendants shall submit any additional authority in support of their motion for stay pending appeal not later than Friday, 12/19/86; (2) that the plaintiffs shall respond not later than 12/31/86, at which time the motion will be submitted for decision; (3) that in the event the court denies the motion, the court will nevertheless grant a temporary stay of that aspect of its 10/21/86 judgment and injunction which prohibited a chairperson elected at-large and required that the chairperson position be rotated among the associate commissioners, with such temporary stay to remain in effect until such time that a promptly-filed motion for stay pending appeal can be presented by Lawrence County defendants to the United States Court of Appeals for the Eleventh Circuit, and acted upon by the 11th Circuit. (Copies mailed to counsel.) EOD 12/18/86. |
| 19 | 322 | ORDER that the redistricting plan submitted by the Lawrence County defendants is hereby finally approved on a permanent basis, except to the extent that it provides for a sixth chairperson commissioner elected at-large. This plan shall remain in effect until such time that the Alabama Legislature may enact a valid redistricting plan for Lawrence county and until such time as such plan is precleared by the Attorney General under Section 5 of the Voting Rights Act. (Copies mailed to counsel.) EOD 12/19/86. |
| 19 | 323 | Defendants Lawrence County, et al.'s ltr brief in support of motion for stay pending appeal. |
| 23 | 324 | Crenshaw County defendant-intervenors' response to plaintiffs' motion for award of attorneys' fees and expenses. |
| 29 | 325 | Calhoun County's compromise and settlement agreement regarding fees and expenses. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc.; et al | DOCKET NO. 85-T-1332-N<br><br>PAGE 33 OF____ PAGES |
|---|---|---|

| DATE<br>1986 | NR. | PROCEEDINGS |
|---|---|---|
| Dec. 29 | 326 | Plaintiffs' opposition to application for stay of Lawrence County. |
| 29 | 327 | JUDGMENT and ORDER approving pro tanto settlement of fees and expenses regarding Calhoun County and noting and approving that plaintiffs have reserved unto themselves the right to proceed for attorney fees, costs and expenses against all other parties; entering judgment in favor of plaintiffs John Dillard, et al and against Calhoun County, qua County, Arthur C. Murray in his offical capacity as Probate Judge of Calhoun County, R. Forrest Dobbins in his official capacity as Circuit Clerk of Calhoun County, and Roy C. Snead, Jr., in his official capacity as Sheriff of Calhoun County in the amount of $50,000 to be satisfied by the prompt payment of $33,333.00 with the balance, namely $16,667.00 plus interest at the rate of 6% per annum from date hereon, being due payable only in the event that plaintiffs ultimately prevail on appeal. (Copies mailed to counsel.) EOD 12/29/86. |
| 30 | 328 | Plaintiff's designation of Exhibits as part of record on appeal. (Plaintiffs' Exhibits 1-3 and 7-16 from 9/5/86 hearing; and plaintiffs' Exhibits 1-200 from 3/5/86 hearing.) |
| 30 | 329 | Lawrence County's compromise and settlement agreement regarding fees and expenses. Referred to Judge Thompson. |
| 30 | | Official Court Reporter's transcript of September 4-5, 1986 remedial hearing. Volumes 1 & 2. |
| 31 | 330 | JUDGMENT and ORDER approving pro tanto settlement of fees and expenses regarding Lawrence County and approving the reservation of plaintiff to proceed for attorney fees, etc., against all other parties; entering judgment in favor of plaintiffs and against Lawrence County, qua county, Richard I. Proctor, etc., Larry Smith, etc., and Dan Ligon, etc., in the amount of $50,000.00 which may be satisfied as follows:  $33,333.00 plus 6% per annum from date hereon shall be paid on or before 1/15/87; the balance of the judgment, namely, $16,667.00 plus interest at the rate of 6% per annum from date hereon, shall be due and payable only in the event that the plaintiffs ultimately prevail on appeal. (Copies mailed to counsel.) EOD 12/31/86. **See 4/14/87 ORDER.** |
| 31 | 331 | Lawrence County defendants' response to plaintiffs' brief opposing stay pending appeal. (Ltr format.) |
| 1987<br>Jan. 2 | 332 | Compromise and settlement agreement with Talladega County defendants regarding fees and expenses.  Referred to Judge Thompson. |
| 2 | 333 | ORDER directing that the record in this cause is hereby retained pursuant to Fed. R. App. P. 11(e). (Copies mailed to counsel.) EOD 1/2/87 |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD: et al. | CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332-N<br>PAGE 34 OF_____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 5 | 334 | JUDGMENT and ORDER approving the pro tanto settlement of fees and expenses regarding Talladega County; approving the reservation of plaintiff to proceed for attorney fees, etc., against all other parties; and entering JUDGMENT in favor of plaintiffs and against the Talladega County defendants in the amount of $33,500, to be satisfied by two equal payments of $16,750, one payment to be paid promptly and the other to be paid on or before 1/15/88 together with 6% interest on the unpaid balance. (Copies mailed to counsel.) EOD 1/5/87. |
| 8 | 335 | Clerk's Certificate of completeness of record. |
| 9 | 336 | Plaintiffs' ltr brief re declaration on issue concerning attorney's fees and expenses. Opinion in Bolden attached. Proposed findings and declaration regarding plaintiff's claim for fees against Pickens County attached. Referred to Judge Thompson. |
| 12 | 337 | Pickens County's defendants' brief and argument in support of position on plaintiffs' attorneys' fees. Referred to Judge Thompson. |
| 13 | 338 | Lawrence County parties' joint motion for notice and approval of proposed compromise and settlement (adding Lawrence County Board of Education). (Proposed order tentatively approving compromise and requireing notice to class, proposed notice to class and proposed consent decree attached.) Referred to Judge Thompson. |
| 13 | 339 | ORDER DECLARING that the plaintiffs may recover attorney fees against the Pickens County defendants for time the plaintiffs spent on their request for preliminary injunctive relief. (Copies mailed to counsel.) EOD 1/13/87. |
| 13 | 340 | ORDER tentatively approving compromise between plaintiffs and added defendant Lawrence County Board of Education; directing that defendant Lawrence County Board of Education cause the notice attached to this order to be published in The Moulton Advertiser once a week for 3 successive weeks prior to 2/12/87. Maps of the districts shall be displayed in the central administrative office of the Lawrence County Board of Education; directing Lawrence County Board of Education to provide the attached notice to representatives of all local radio and television stations and to all representatives of media and black community organizations in Lawrence County who may request a copy; and directing that thereafter on 2/23/87 at 9:00 a.m., this court shall conduct a hearing in the federal courthouse, Montgomery, to consider objections by members of the class to the proposed compromise and settlement. NOTICE attached directs class members to file any ojections to proposed consent decree with Clerk, USDC, Middle District of Alabama, on or before 2/19/87. (Copies mailed to counsel.) EOD 1/13/87. |
| 16 | 341 | ORDER denying Lawrence County defendants's 12/16/86 motion for stay pending appeal, counsel having orally informed the court that the parties have resolved the issues raised. (Copies mailed to counsel.) EOD 1/16/87. |
| 22 | 342 | Affidavit of Larry T. Menefee filed in support of plaintiff's claim for attorneys' fees against defendant-intervenors. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 35 OF ____ PAGES |

| DATE<br>1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 22 | 343 | Plaintiff's ltr brief in support of claim for attorneys' fees against Crenshaw County defendant-intervenors. |
| 30 | 344 | Crenshaw County defendant's motion for amendment of order relating to special election.  Referred to Judge Thompson. |
| Feb. 2 | 345 | ORDER granting the Crenshaw County defendant's 1/30/87 motion for amendment of order relating to special elections as requested.  (Copies mailed to counsel.) (Copies mailed to counsel.)  EOD 2/2/87. |
| 2 | 346 | U. S. Court of Appeals, Eleventh Circuit's certified copy of motion of appellants Lawrence County, Larry Smith and Dan Ligon for voluntary dismissal and ORDER issued as and for the mandate as to the multi-cross appeal filed 11/18/86 dismissing appellants Lawrence County, Larry Smith, and Dan Ligon ONLY. |
| 3 | 347 | Crenshaw County defendant-intervenors' ltr brief in opposition to plaintiffs' claim for attorneys' fees. |
| 23 | 348 | Plaintiffs' motion for additional relief.  Referred to Judge Thompson. |
| 23 | 349 | Plaintiffs' brief supporting motion for additional relief.  Referred to Judge Thompson. |
| 23 | | **Hearing -** Proposed compromise and settlement between plaintiff and Lawrence County Board of Education (added deft per 1/13/87 order). |
| 23 | 350 | Courtroom Deputy's minutes of court proceedings; list of exhibits attached. |
| 23 | 351 | ORDER granting plaintiffs' 2/23/87 motion for additional relief to the following extent: (1) that plaintiffs are allowed 7 days from the date of this order to file an amended complaint setting forth in more detail the claims contained in the motion; and (2) that the State of Alabama, the Attorney General of Alabama, the Talladega County Board of Education and the City of Childersburg are **added defendants** in this lawsuit.  (Copies mailed to counsel.)  EOD 2/23/87. |
| 27 | 352 | Plaintiffs' motion to extend time for filing amended complaint.  Referred to Judge Thompson. |
| 27 | 353 | ORDER granting plaintiffs' 2/27/87 motion to extend time for filing amended complaint and allowing plaintiffs until 3/6/87 to file their amended complaint. (Copies mailed to counsel.)  EOD 2/27/87. |
| Mar. 4 | 354 | ORDER and JUDGMENT (1) granting plaintiff's 11/21/86 motion for award of attorney fees and expenses as to the Crenshaw County defendant-intervenors; and (2) directing that the plaintiffs have and recover from the Crenshaw County defendant-intervenors the sum of $4,262.05 for attorney fees and expenses.  (Copies mailed to counsel.)  EOD 3/4/87. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE 36 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 4 | 355 | ORDER that the Clerk of the court is authorized to forward to the Eleventh Circuit Court of Appeals the appropriate parts of the record in this case. (Copies mailed to counsel; certified cy USCA.)  EOD 3/4/87. |
| 4 | | Record on Appeal (8 volumes pleadings, 3 volumes transcripts, and 2 volumes [envelopes] exhibits) picked up by UPS for delivery to USCA. |
| 5 | 356 | Correspondence re Pickens County Plan filed per Court's instruction. |
| 6 | 357 | **AMENDMENT TO COMPLAINT** to conform to plaintiffs' motion for additional relief. (Adding defendants State of Alabama, Attorney General of Alabama, Talladega County Board of Educaiton, and  City of Childersburg.) |
| 6 | 358 | Summons issued; summons and amendment to Complaint (together with amended complaint filed 12/19/85, Memorandum Opinion and Judgment and Injunction entered 10/21/86, plaintiffs' motion for additional relief filed 2/22/87) mailed by cmrrr to each <u>added</u> defendant. (Defendant State of Alabama served c/o Hon. Don Siegelman <u>and</u> c/o Hon. Guy E. Hunt.) |
| 10 | 359 | Return receipts showing service of summons and amendment to complaint, etc. on Joe ____ 3/9/87 for State of Alabama, c/o Guy Hunt; service on P. Thomas 3/9/87 for State of Alabama, c/o Don Siegelman; service on E. Hatchett 3/9/87 for City of Childersburg. |
| 10 | 360 | Return receipt showing service of summons and amendment to complaint, etc.; service on P. Thomas on 3/9/87 for defendant Don Siegelman. |
| 10 | 361 | Return receipt showing service of summons and amendment to complaint, etc.; service on defendant Talladega County Board of Education on 3/9/87, signature illegible. |
| 18 | 362 | Attorney Carl E. Johnson, Jr.'s notice (lt format) of appearance for defendant class member Jefferson County Board of Education (see appendix to amendment to complaint). |
| 18 | | Received check in the amount of $4,262.05 representing payment in full of the judgment rendered in favor of plaintiffs and against Crenshaw County defendant-intervenors.  Receipt No. 23645. |
| 18 | 363 | Crenshaw County defendant-intervenors motion to dismiss said parties as defendants. Referred to Judge Thompson. |
| 23 | 364 | ORDER granting the Crenshaw County defendant-intervenors's 3/18/87 motion to dismiss, said defendant having satisfied the award made by this court on 3/4/87 and plaintiff having indicated that they have no objections, and dismissing the Crenshaw County defendant-intervenors.  (Copies mailed to counsel and furnished Magistrate Carroll.) EOD 3/23/87. |
| 23 | 365 | ORDER that all parties **show cause**, if any there be, in writing within 14 days from the date of this order as to why the aspect of this lawsuit dealing with the defendants Calhoun, Coffee, Crenshaw Escambia, Etowah, Lawrence, Lee, Pickens and Talladega Counties should not be closed and the clerk and all parties should not be relieved of service responsibility. (Cys mailed counsel; furnished USM) EOD 3/23/87. |

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE _37_ OF _____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 23 | 366 | ORDER (1) setting a class certification **hearing** for **6/24/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama, with the plaintiffs to file their brief, etc., by 5/22/87 and the defendant to do the same by 6/16/87; (2) setting the **trial** on liability for **10/26/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama; (3) setting the **pretrial** conference on liability for **9/25/87** at 2:00 p.m., federal courthouse, Montgomery, Alabama; (4) directing parties to complete discovery and exchange lists of witnesses and exhibits as to liability by 9/25/87; (5) setting the **trial** on remedy for **1/19/88** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery; (6) setting **pretrial** conference for **12/14/87** at 2:00 p.m., federal courthouse, Montgomery, Alabama; and (7) directing that parties complete discovery and exchange lists of witnesses and exhibits as to remedy by 12/14/87.  For each pretrial conference, the parties are DIRECTED to prepare and submit to the court a proposed, joint pretrial order.  (Copies mailed to counsel; furnished Magistrate John Carroll.) EOD 3/23/87.  **VACATED PER 6/24/87 Order** |
| 24 | 367 | Defendant Talladega County Board of Education's motion to dismiss. Referred to Judge Thompson. |
| 30 | 368 | Defendant City of Childersburg's motion to dismiss.  Referred to Judge Thompson.  (Cy to Magistrate Carroll.) |
| 30 | 369 | ORDER setting defendant Talladega County Board of Education's 3/24/87's motion to dismiss for **hearing** on 4/24/87 at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, with said defendant to file its brief by 4/13/87 and the plaintiffs to do the same by 4/22/87.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 3/30/87. |
| 30 | 370 | ORDER setting defendant City of Childersburg, Alabama's 3/30/87 motion to dismiss for **hearing** on 4/24/87 at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama, with said defendant to file its brief by 4/13/87 and the plaintiffs to do the same by 4/22/87.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 3/30/87. |
| 30 | 371 | Crenshaw County defendants' motion to dismiss.  Referred to Judge Thompson. |
| 31 | 372 | ORDER setting the Crenshaw County defendants' 3/30/87 motion to dismiss for **hearing** on 4/24/87 at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama, with said defendants to file brief by 4/13/87 and plaintiffs to do the same by 4/22/87.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 3/31/87. |
| Apr. 2 | 373 | Attorneys Rosa Hamlett Davis and Susan E. Russ' notice of appearance as counsel for added defendants State of Alabama and Attorney General of Alabama. |
| 3 | 374 | ORDER <u>resetting</u> the **trial** on liability for **10/19/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama.  (Copies mailed to counsel; furnished Magistrate Carroll.) |
| 3 | 375 | Defendant State of Alabama's motion to dismiss.  Referred to Judge Thompson. |
| 3 | 376 | Defendant Attorney General of the State of Alabama's motion to dismiss.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332 |
| | | PAGE 38 OF ____ PAGES |

| DATE<br>1987 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 6 | 377 | ORDER setting defendants State of Alabama's and Don Siegelman's 4/3/87 motions to dismiss for **hearing** on 4/24/87 at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama, with said defendants to file their brief by 4/13/87 and plaintiffs to do the same by 4/22/87.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/6/87. |
| 6 | 378 | Plaintiffs' motion to substitute counsel.  Referred to Judge Thompson. |
| 6 | 379 | Plaintiffs' response to the court's order to show cause.  Referred to Judge Thompson. |
| 10 | 380 | ORDER that the aspect of this lawsuit dealing with the following defendants is closed and that the clerk and all parties are relieved of the responsibility of serving future pleadings and orders on said defendants:  the Coffee, Crenshaw, Escambia, Etowah, Lee, Pickens, and Talladega County defendants. The court notes that this case is closed as to these defendants for court administrative purposes only.  Neither these defendants nor the claims against them have been dismissed; the defendants are still subject to all outstanding orders and injunctions, and the court continues to retain jurisdiction over these defendants.  Any request for further relief as to the defendant will automatically reopen the case as to that defendant.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/10/87. |
| 10 | 381 | ORDER granting plaintiffs' 4/6/87 motion to substitute counsel. (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/10/87. |
| 10 | 382 | ORDER resetting the 4/24/87 **hearing** on all pending motions for **5/15/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama, with the movants to file their briefs by 4/27/87 and the plaintiffs to do the same by 5/11/87.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/10/87. |
| 10 | 383 | Crenshaw County defendant's memorandum in support of motion to dismiss. Referred to Judge Thompson. |
| 10 | 384 | Defendants State of Alabama and Attorney General's motion for extension of time (to file brief supporting motion to dismiss).  Referred to Judge Thompson. |
| 13 | 385 | Talladega Co Bd of Education ltr brief supporting m/dismiss.  Referred. |
| 13 | 386 | Lawrence County defendants' ltr submitting proposed order and judgment disposing of remaining issues.  Referred to Judge Thompson. |
| 14 | 387 | ORDER AND JUDGMENT entering judgment in favor of plaintiffs and against Lawrence County, etc., Richard I. Proctor, etc., Larry Smith, etc., and Don Ligon, etc., in the amount of $51,700 which may be satisfied as followes:  $34,466.60, plus 6% per annum interest from 1/1/87 shall be paid on or before 1/15/88; the balance of the judgment, namely $17,233.34 plus interest at the rate of 6% per annum from 1/1/87 shall be paid on or before 4/15/88; directing that this Order and Judgment shall supersede the 12/31/86 Order and Judgment insofar as that Order and Judgment dealth with the issue of attorney's fees.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/14/87. |

DC 111A
Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE ___39__ OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 16 | 388 | ORDER, by agreement of the parties, closing the aspect of this lawsuit dealing with the Lawrence County defendants and relieving the clerk and all parties of the responsibility of serving future pleadings and orders on said defendants. The court notes that this case is closed as to these defendants for court administrative purposes only. Neither these defendants nor the claims aganst them have been dismissed; the defendants are still subject ot all outstanding orders and injunctions, and the court continues to retain jurisdiction over these defendants. Any reequest for further relief as to the defendant will automatically reopen the case as to that defendant. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 4/16/87. |
| 16 | 389 | ORDER denying the Crenshaw County defendants' 3/30/87 motion to dismiss.  The court has already closed this case as to these defendants. (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/16/87. |
| 16 | 390 | ORDER denying the motion for extension of time filed on 4/10/87 by defendants State of Alabama and Don Siegelman.  The court has already granted the extension requested in the motion.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 4/16/87. |
| 17 | 391 | Plaintiffs' notice (ltr format) of approval of Justice Department (re Lawrence County Board of Education). |
| 17 | 392 | ORDER approving Lawrence County Board of Education's settlement; and approving the proposed consent decree with the understanding that paragraphs 5 and 6 are no longer applicable.  (Copies mailed to counsel.)  EOD 4/17/87. |
| 17 | 393 | CONSENT DECREE re plaintiffs and defendant Lawrence County Board of Education and ORDER that defendant Lawrence County Board of Education, Lawrence County, etc., Richard I. Proctor, etc., Larry Smith, etc., and Dan Ligon, etc., are ENJOINED from conducting the elections for Lawrence County Board of Education under the present at-large election systems and are FURTHER ENJOINED as follows: (1) Elections for the Lawrence County Board of Education shall be conducted from the 5 single-member districts which shall correspond with the 5 districts used for election of the Lawrence County Commision. (2) The incumbent members of the Board shall serve until their successors are elected and take office in 11/88.  Five-members, elected from single-member districts shall be elected in the 1988 primary and general elections. (3) the members of the Board elected in 1988 from district three shall serve as initial 2-yr term until a seccessor is elected in 1990 and thereafter serve 6 yr terms.  The members of the Board elected in 1988 from districts 1 & 4 shall serve initial 4-yr terms until successors are electecd in  1992 and thereafter serve 2-yr terms.  The mmebers of the Board elected in 1988 from districts 2 & 5 shall serve 6-yr terms. (4) On a temporary basis the Board shall be expanded to six members.  New member's selection, service and rights set out in order. (5) & (6) No longer applicable per 4/17/87 approval order.  (7) Upon final approval of plan the Board shall request the Legislature of Alabama to enact the finally approved single-member district plan as state law. (8) Plaintiffs are prevailing parties for the purpose of the award of attorneys' fees, etc. Motion, etc., for fees may be filed after 45 days if no agreement has been reached.  The court will schedule a hearing on the motion thereafter.  (Copies mailed to counsel.)  EOD 4/17/87. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332- |
|-----------|-----------|------------------------|
| JOHN DILALRD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE _40_ OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|-----------|-----|-------------|
| Apr. 23 | 394 | Defendant City of Childersburg's brief in support of motion to dismiss. |
| 27 | 395 | Defendant State of Alabama's brief in support of motion to dismiss. |
| 27 | 396 | Defendant Attorney General of Alabama's brief in support of motion to dismiss. |
| 29 | 397 | Plaintiffs' motion to direct disbursement of funds held by the court.  Referred to Judge Thompson. |
| 30 | 398 | ORDER granting plaintiff's 4/29/87 motion for disbursement of funds; directing the Clerk to disburse $4,262.05 plus interest to counsel for plaintiff, Blacksher, Menefee & Stein, P. O. Box 1051, Mobile, Alabmaa 36633, for attorney' fees and costs; and directing the Clerk to withdraw $4,262.05, plus interest, from Money Market Account No. 14-0149-1 of the First Alabama bank of Montgomery, Alabama, in which said funds have been invested.  (Copies mailed to counsel; furnished Magistrate Carroll and Finance Division.) EOD 4/30/87. |
| May  5 | 399 | Defendant Attorney General of Alabama's notice to members of alleged defendant class.  Referred to Judge Thompson. (Cy to Magistrate Carroll.) |
| 6 | 400 | Defendants State of Alabama and Alabama Attorney General's notice of supplemental authority (supporting motion to dismiss). |
| 13 | 401 | Plaintiffs' memorandum in opposition to defendants' motions to dismiss.  Referred to Judge Thompson. |
| 13 | 402 | ORDER resetting the hearing on all pending motions for 6/24/87 at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, with the plaintiffs to file brief by 5/22/87.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 5/13/87. |
| 27 | 403 | Jefferson County Board of Education's motion to intervene.  Attachment.  Referred to Judge Thompson. (Copy furnished Magistrate Carroll.) |
| 27 | 404 | Defendant Attorney General's notice to members of alleged defendant class. |
| Jun  1 | 405 | Plaintiffs' response to motion to intervene by Jefferson County Board of Education Referred to Judge Thompson. |
| 4 | 406 | ORDER granting Jefferson County Board of Education's 5/27/87 motion to intervene; denying defendant Jefferson County Board of Education's motion to dismiss, contained in its answer in intervention.   (Copies mailed to counsel.) EOD 6/4/87. |
| 4 | 407 | Defendant Jefferson County Board of Education's motion to dismiss and answer in intervention. |
| 10 | 408 | Class member City of Aliceville's notice of intent.  Referred to Judge Thompson. |

DC 111A
Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 41 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 10 | 409 | Plaintiffs and defendants Talladega County Board of Education and City of Childersburg's joint motion for approval of interim consent decree (proposed interim consent decree submitted).  Referred to Judge Thompson. |
| 10 | 410 | Plaintiffs and defendant's Attorney General of the State of Alabama's joint motion for approval of settlement agreement.  Referred to Judge Thompson. |
| 10 | 411 | Plaintiffs' and defendant Attorney General of the State of Alabama's proposed settlement agreement.  Referred to Judge Thompson. |
| 10 | 412 | ORDER CONERNING PROPOSED INTERIM CONSENT DECREE granting plaintiffs and defendants Talladega County Board of Education and the City of Childersburg's joint motion for approval of interim consent decree and approving the proposed interim consent decree prelimarily.  Further ORDER (1) amending the complaint filed 3/6/87 as follows: (a) **dropping all named plaintiffs** from the case except **John Dillard, Damascus Crittendon, Jr., Earwen Ferrell, Clarence J. Jairrels, Ullysses McBride, and Louis Hall, Jr.**, who shall be representatives of the proposed expanded plaintiff class; (b) modifying the putative defendant class according to Appendix A and Appendix B to the proposed interim consent decree; (2) appointing David R. Boyd as liaison counsel for those jurisdictions who choose to become members of the defendant subclasses B and C, etc.;  (3) **appointing Magistrate John Carroll as special master**, etc.;  (4) directing that any **objections** to the proposed interim consent decree from members of plaintiff and defendant classes and any objections by jurisdictions to their inclusion in the defendant class must be filed in writing by 7/6/87; (5) scheduling a **hearing** on the proposed consent decree and to receive objections to its fairness by jurisdictions who do not object to being included in the defendant class for **7/13/87 at 10:00 a.m.**, 2nd floor courtroom, federal courthouse, Montgomery; (6) scheduling an **evidentiary hearing** to determine whether jurisdictions who have objected to being included in the defendant class should be certified nonetheless as members of the defendant class for **7/27/87 at 10:00 a.m.**, 2nd floor courtroom, federal courthouse, Montgomery; (7) directing that the appropriate notice will be mailed by first class mail to each putative member of the defendant class by 6/12/87, along with proposed interim consent decree; (8) directing that the notice to the plaintiff class will be published at least once prior to 6/30/87 in daily newspapers in Huntsville, Florence, Birmingham, Montgomery and Mobile, Alabama; **objections** by members of the plaintiff class to be filed by 7/6/87 and will be heard at the same time as the fairness **hearing** for the defendant class on **7/13/87 at 10:00 a.m.**, 2nd floor courtroom, federal courthosue, Montgomery.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 6/11/87. |
| 10 | 413 | ORDER CONCERNING PROPOSED SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT ATTORNEY GENERAL OF ALABAMA granting parties' 6/10/87 joint motion for approval of settlement to the extent that the settlement is approved preliminarily; scheduling a **hearing** on the proposed settlement agreement and to receive objections to its fairness for **7/13/87 at 10:00 a.m.**, 2nd floor courtoom, federal courthouse, Montgomery; directing that any **objections** to the proposed settlement agreement from members of the putative plaintiff and defendant classes must be filed in writing by **7/6/87**.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 6/11/87. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABMAA, etc., et al. | DOCKET NO. 85-T-1332- <br> PAGE __42__OF____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 10 | 414 | NOTICE TO PLAINTIFF CLASS of proposed interim settlement agreement.  (Copies mailed to counsel; furnished Magistrate Carroll.) |
| 10 | 415 | NOTICE TO DEFENDANT CLASS of proposed interim consent decree.  (Copies mailed to counse; furnished Magistrate Carroll.) |
| 11 | 416 | Class member City of Sheffield, Alabama's motion to dismiss.  Attachment.  Referred to Judge Thompson. **Treated as objection to inclusion in deft class per 6/24/87 O** |
| 11 | 417 | Attorney Terry G. Davis' notice of withdrawal of counsel (co-counsel for plaintiffs). |
| 15 | 418 | Class member City of Muscle Shoals's **objection** to its inclusion in the class action.  Referred to Judge Thompson. |
| 15 | 419 | Class member City of Muscle Shoals's brief (supporting objection to inclusion in defendant class).  Referred to Judge Thompson. |
| 15 | 420 | Class member Pickens County Board of Education's motion to dismiss.  Referred to Judge Thompson. **Treated as objection to inclusion in deft class per 6/24/87 Orde** |
| 16 | 421 | ORDER that Hon. Susan Russ, counsel for the Alabama Attorney General, do the following: (1) She is DIRECTED to confer with counsel for proposed defendant class members City of Aliceville, City of Sheffield, City of Muscle Shoals and Pickens County Board of Education and with counsel for plaintiffs to attempt to reach an agreement on (a) how the motions and pleadings from said proposed defendant class members should be considered by the court in light of the pending proposed interim consent decree; and (b) when the motions and pleadings should be heard by the court, that is whether at the July 13 and 27, 1987 hearings or later.  (2) She is DIRECTED to file a report on her efforts by 6/22/87. The clerk of the court is DIRECTED to mail a copy of this order to counsel for above proposed defendant class members.  (Copies mailed to counsel; furnished Magistrate.)  EOD 6/16/87. |
| 16 | 422 | Defendant class member City of Piedmont's motion to dismiss.  Exhibits A-C attached.  Referred to Judge Thompson. **Treated as obj/inclusion in deft class per 7/6/87 Order.** |
| 16 | 423 | Defendant class member City of Daleville's petition for exclusion.  Referred to Judge Thompson. |
| 16 | 424 | Defendant class member City of Daleville's motion for hearing (re petition for exclusion).  Referred to Judge Thompson. |
| 16 | 425 | ORDER cancelling the 6/24/87 hearing in this cause.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 6/16/87 |
| 17 | 426 | Defendant class member City of Boligee's motion not to be certified as a defendant and to be dismissed from this cause and to be relieved of costs herein.   Referred to Judge Thompson. **Treated as Objection per 7/2/87 Order.** |

DC 111A
Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILALRD: et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 43 OF _____ PAGES |

| 198DATE | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 17 | 427 | Plaintiffs' response to City of Sheffield's motion to dismiss. Referred to Judge Thompson. |
| 17 | 428 | Attorney John A. Russell, III's ltr request for admission pro hac vice. Referred to Judge Thompson. |
| 19 | 429 | ORDER granting Hon. John A. Russell, III's 6/17/87 request for admission to practice pro hac vice. (Copies mailed to counsel; furnished Magistrate Carroll.) |
| 19 | 430 | Attorney John D. Clement, Jr.'s motion to admit counsel pro hac vice. Referred to Judge Thompson. |
| 22 | 431 | Attorney Vincent McAlister's petition for admission to practice pro hac vice. Referred to Judge Thompson. |
| 22 | 432 | ORDER granting Hon. John D. Clement, Jr.'s 6/19/87 motion to admit counsel pro hac vice and Hon. Vincent McAlister's 6/22/87 petition for admission to practice pro hac vice. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 6/23/87. |
| 22 | 433 | Attorney Russ's REPORT TO COURT per 6/15/87 Order. Referred to Judge Thompson. |
| 24 | 434 | Attorneys James Blacksher and Larry Menefee's notice of change of law firm and address (Atty Blacksher). |
| 24 | 435 | Attorney Jake B. Mathews, Jr.'s motion pro hac vice. Referred to Judge Thompson. |
| 24 | 436 | Attorney Ralph L. Liverman's petition for admission pro hac vice. Referred to Judge Thompson. |
| 24 | 437 | ORDER **vacating** the 3/23/87 order setting forth long-range briefing, hearing, and trial dates. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 6/24/87. |
| 24 | 438 | ORDER (1) **treating motions** to dismiss filed on June 11 and 15, 1987 by City of Sheffield and Pickens County Board of Education **as objections** to inclusion in proposed defendant class; and (2) setting the objections filed by the City of Sheffield and Pickens County Board of Education for **hearing** on **7/27/87**, 10:00 am., 2nd floor courtroom, federal courthouse, Montgomery. Further ORDERED that the objection filed by City of Muscle is set for **hearing** at the same time. The Clerk is DIRECTED to mail a copy of this order to counsel for City of Muscle Shoals, City of Sheffield, and Pickens County Board of Education. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 6/24/87. |
| 25 | 439 | Defendant class member City of Leeds' motion to exclude or in the alternative pospone action. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 25 | 440 | Attorney Raymond E. Ward's petition for pro hac vice admission. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-<br>PAGE ___44___OF____ PAGES |

| 1987 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Jun. 26 | 441 | ORDER granting petition for admission pro hac vice filed on 6/24/87 by Hon. Ralph L. Liverman, petition for admission pro hac vice filed on 6/25/87 by Hon. Ray Ward, and the motion for admision pro hac vice filed on 6/24/87 by Hon. Jake B. Mathews, Jr.; and DIRECTING the clerk of the court to mail a copy of this order to Mssrs. Liverman, Ward, and Mathews.  (Copies mailed to counsel.) (Cy furnished Magistrate Carroll.)  EOD 6/26/87. |
| 26 | 442 | ORDER **treating** the motion to exclude, etc., filed on 6/25/87 by the City of Leeds Alabama, **as an objection to inclusion** in the proposed defendant class and the objection is set for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama.  The clerk of the court is DIRECTED to mail a copy of this order to counsel for the City of Leeds.  (Copies mailed to counsel.)  EOD 6/26/87.  (Cy furnished Magistrate Carroll.) |
| 29 | 443 | Attorney Susan E. Russ's REPORT TO COURT (2nd).  Referred to Judge Thompson. |
| 30 | 444 | Defendant class member City of Tallassee's motion to be excluded from the defendant class.  Referred to Judge Thompson. **Treated as OBJ per 7/2 Order** |
| Jul. 1 | 445 | Attorney James E. Hill, Jr.'s motion to practice pro hac vice.  Referred to Judge Thompson. |
| 2 | 446 | Defendant class member Fayette County Board of Education's motion to dismiss or in the alternative motion to oppose inclusion in class.  Referred to Judge Thompson.  **Treated as OBJECTION to inclusion in deft class per 7/6/87 Order.** |
| 2 | 447 | Defendant class member Geneva County Board of Education's motion to dismiss or in the alternative motion to oppose inclusion in class. Referred to Judge Thompson. **Treated as OBJ/inclusion in deft class per 7/6/87 order.** |
| 2 | 448 | Defendant class member Shelby County Board of Education's motion to dismiss or in the alternative motion to oppose inclusion in class. Referred to Judge Thompson. **Treated as OBJ/inclusion in deft class per 7/6/87 order.** |
| 2 | 449 | ORDER (1) **treating** the petition for  exclusion filed on 6/16/87 by the City of Daleville, the motion not to be certified as a defendant, etc., filed on 6/17/87 by the Town of Boligee, and the motion to be excluded from the defendant class filed on 6/30/87 by the City of Tallassee as **objections** to inclusion in the proposed defendant class; (2) granting the motion for hearing filed on 6/16/87 by the City of Daleville; and (3) setting the objections filed by the City of Daleville, the Town of Boligee, and the City of Tallassee for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, Alabama.  The Clerk of the court is DIRECTED to mail a copy of this order to counsel for the City of Daleville, the Town of Boligee, and the City of Tallassee.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/2/87. |
| 2 | 450 | ORDER granting the 7/1/87 motion to practice pro hace vice filed by Hon. James E. Hill, Jr.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/2/87. |
| 2 | 451 | Defendant class member Town of Pine Hill's motion to be dismissed from class action.  Attachments.  Referred to Judge Thompson.  **Treated as OBJ/inclusion in deft class per 7/6/87 order.** |

JC 111A
Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE __45__ OF ____ PAGES |

| 1987 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 2 | 452 | Attorney Russ's REPORT TO COURT. Referred to Judge Thompson. **Treated as M/Withdraw by City of Leeds; see 7/9/87 Order.** |
| 6 | 453 | Defendant Jefferson County Board of Education's objections to proposed interim consent decree and certification of defendant class. Referred to Judge Thompson. |
| 6 | 454 | Defendant class member Geneva County's objection to inclusion in defendant class. Referred to Judge Thompson. |
| 6 | 455 | Defendant class member City of Madison's motion and request for exclusion from defendant class. Exhibits A & B attached. Referred to Judge Thompson. **Treated as OBJ/inclusion in deft class per 7/6/87 order.** |
| 6 | 456 | Defendant class member Shelby County, Alabama's objections to proposed interim consent decree and certification of defendant class. Referred to Judge Thompson. |
| 6 | 457 | Defendant class member City of Helena, Alabama's objections to proposed interim consent decree and certification of defendant class. Referred to Judge Thompson. |
| 6 | 458 | Defendant class member Town of Wilsonville, Alabama's objections to proposed interim consent decree and certification of defendant class. Referred to Judge Thompson. |
| 6 | 459 | Defendant class member City of Wilton, Alabama's objections to proposed interim consent decree and certification of defendant class. Referred to Judge Thompson. |
| 6 | 460 | Defendant class member Town of Maytown's motion to exclude as a member of the class. Affidavit of John T. williams attahced. Referred to Judge Thompson. |
| 6 | 461 | Defendant class member Lamar County Board of Education's objection (to being included in defendant class). Referred to Judge Thompson. |
| 6 | 462 | Plaintiffs' motion to exclude the Cities of Mulga and Maytown from the defendant class. Referred to Judge Thompson. |
| 6 | 463 | ORDER (1) that the motion to dismiss filed on 7/2/87 by the Town of Pine Hill, the motion to dismiss filed on 6/16/87 by the City of Piedmont, and the motions to dismiss, etc., filed on 7/2/87 by the Fayette County Board of Education, the Geneva County Board of Education, and the Shelby County Board of Education are all **treated as objections to inclusion** in the proposed defendant class; and (2) setting these objections for **hearing on 7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery. The clerk is DIRECTED to mail a copy of order to counsel for the Town of Pine Hill, the City of Piedmont, and the Fayette, Geneva and Shelby County Boards of Education. (Copies mailed to counsel.) EOD 7/6/87. (Cy furnished Magistrate Carroll.) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332- |
| | | PAGE 46 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 6 | 464 | ORDER setting the objections to inclusion in the proposed defendant class filed on 7/6/87 by Geneva County, Shelby County, City of Helena, Town of Wilsonville, Town of Wilton, Lamar County Board of Education, and Jefferson County Board of Education for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery.  The Clerk is DIRECTED to mail a copy of this order to counsel for Geneva County, Shelby County, City of Helena, Town of Wilsonville, Town of Wilton, Lamar County Board of Education, and Jefferson County Board of Education.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/6/87. |
| 6 | 465 | ORDER (1) granting motion to exclude the cities of Mulga and Maytown filed by plaintiffs on 7/6/87 and the motion to exclude, etc., filed by the Town of Maytown on 7/6/87; (2) excluding the cities of Mulga and Maytown from the proposed defendant class.  The clerk is DIRECTED to mail a copy of this order to counsel for the cities of Mulga and Maytown.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/6/87. |
| 6 | 466 | ORDER (1) **treating** the motion and request filed on 7/6/87 by the City of Madison as an objection to inclusion in the proposed defendant class; and (2) setting this objection for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery.  The Clerk is DIRECTED to mail a copy of this order to counsel for the City of Madison.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/6/87. |
| 6 | 467 | Defendant class member Limestone County Board of Education's objection to inclusion in defendant class.  Referred to Judge Thompson. |
| 6 | 468 | Defendant class member Town of Waverly's motion for exclusion from the defendant class.  Referred to Judge Thompson. **Treated as OBJECTION per 7/7/87 Order.** |
| 6 | 469 | Defendant class member Lauderdale County Board of Education's objection to inclusion in defendant class.  Referred to Judge Thompson. |
| 6 | 470 | Defendant class member St. Clair  County Board of Education's objection to class certification.  Referred to Judge Thompson. |
| 6 | 471 | Defendant class member St. Clair County's objection to class certification.  Referred to Judge Thompson. |
| 7 | 472 | Attorney Edward P. Turner's notice of appearance as  counsel  for defendant class member Washington County Board of Education. |
| 7 | 473 | ORDER (1) **treating** motion for exclusion from defendant class filed on 7/6/87 by the Town of Waverly as an **objection** to inclusion in proposed defendant class; and (2) setting this objection for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery; DIRECTING the clerk to mail a copy of this order to counsel for the Town of Waverly.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/7/87. |

DC 111A
Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD: et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE 47 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 7 | 474 | ORDER setting the objections to inclusion in proposed defendant class filed on 7/6/87 by the Limestone County Board of Education, Lauderdale County Board of Education, St. Clair County, and St. Clair County Board of Education for **hearing** on **7/27/87** at 10:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery; DIRECTING the Clerk to mail a copy of this order to counsel for Limestone County Board of Education, Lauderdale County Board of Education St. Clair County, and St. Clair County Board of Education. (Copies mailed to counsel.) EOD 7/7/87. |
| 8 | 475 | Defendant class member City of Piedmont's withdrawal of motion to dismiss. Referred to Judge Thompson. |
| 8 | 476 | ORDER, upon consideration of the City of Piedmont's withdrawal of motion to withdraw, filed on 7/8/87, that the City of Piedmont's motion to dismiss, filed on 6/16/87 and later treated as an objection to inclusion in the proposed defendant class is withdrawn. The Clerk is DIRECTED to mail a copy of this order to counsel for the City of Piedmont.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/8/87. |
| 8 | 477 | Attorney Hewitt L. Conwill's ltr request for admission pro hac vice.  Referred to Judge Thompson. |
| 8 | 478 | Attorneys Billy L. Church and William J. Trussell's motion for admission pro hac vice.  Referred to Judge Thompson. |
| 9 | 479 | Attorney Donald H. Patterson's petition for admittance pro hace vie.  Referred to Judge Thompson. |
| 9 | 480 | Defendant class member Town of Boligee's motion to withdraw prior motion objecting to being included in the class action cited above and to be placed in option "B" of the settlement agreement.  Referred to Judge Thompson. |
| 9 | 481 | ORDER that the City of Leeds' motion to exclude, etc., filed on 6/25/87 and later treated as an objection to inclusion in the proposed defendant class is withdrawn, upon consideration of the City of Leeds' withdrawal of motion contained in the report of the Alabama Attorney General, filed on 7/2/87.  At a meeting on 7/8/87, counsel for the Alabama Attorney General informed the court that they were authorized to withdraw the motion on behalf of the City of Leeds. The Clerk is DIRECTED to mail a copy of this order to counsel for the City of Leeds and Hons. Rosa Davis and Susan E. Russ.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/9/87. |
| 9 | 482 | ORDER granting the request to practice pro hac vice filed on 7/8/87 by Hon. Hewitt L. Conwill, motion for admission pro hac vice filed on 7/8/87 by Hons. Billy L. Church and William J. Trussell, and the petition for admittance pro hac vice filed on 7/9/87 by Hon. Donald H. Patterson.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/9/87. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332- |
|-----------|-----------|------------------------|
| JOHN DILLARD: et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | PAGE 48 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|-----------|-----|-------------|
| Jul. 10 | 483 | Attorney Powell Lipscomb's petition for admittance pro hac vice (appearnce for City of Lipscomb attached.   Referred to Judge Thompson. |
| 10 | 484 | ORDER granting Hon. Powell Lipscomb's petition for admittance pro hac vice. (Copies mailed to counsel.) EOD 7/10/87.  (Cy furnished Magistrate Carroll.) |
| 10 | 485 | ORDER (1) granting the Town of Boligee's 7/9/87 motion to withdraw, etc.; (2) withdrawing its motion not to be certified as a defendant, etc., filed on 6/17/87 and later treated as an objection to inclusion in the proposed defendant class.  The clerk is DIRECTED to mail a copy of this order to counsel for the City of Boligee.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/10/87. |
| 10 | 486 | Attorney Susan E. Russ's affidavit of notice. Referred to Judge Thompson. |
| 13 | 487 | Attorney Ronald H. Strawbridge's petition for admision pro hac vice.   Referred to Judge. |
| 13 | 488 | Defendant class member City of Muscle Shoals' (2nd) objection to its inclusion in the class action.  Referred to Judge Thompson. |
| 13 | | **Hearing** - Proposed consent decree and proposed settlement agreement. |
| 13 | 489 | Defendant class member Shelby County's notice of withdrawal of objections to consent decree and to inclusion in defendant class .  (Filed in open court.) |
| 13 | 490 | Stipulation (between plaintiffs and defendant class members Shelby County Board of Education, Shelby County Commission, Lamar County Board of Education, Lauderdale County Board of Education, Limestone County Board of Education, Fayette County Board of Education, and Geneva County Board of Edcuation) regarding withdrawal of objections to inclusion in defendant class. |
| 13 | 491 | ORDER (1) APPROVING INTERIM CONSENT DECREE; (2) approving the second notice to the defendant class, which is attached as Exhibit A; said notice and accompanying response form to be mailed to all members of the defendant class by first class mail not later than 7/31/87; said notice, etc., to be mailed by Attorney General's office; directing that any defendant jurisdiction which objected to inclusion in the defendant class, but which withdraws that objection, pursuant to stipulation or otherwise, before the 7/27/87 class certification hearing, shall be treated for notice purposes as having not filed any objection to inclusion in the defendant class, and shall receive the second notice in accordance with the provisions of the precedinig paragraph; (4) directing that members of the defendant class shall file their **subclass selection responses** with the Clerk of this court not later than **8/14/87.** (Second Notice to Defendant Class attached.)  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/13/87. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE __49__ OF ____ PAGES |

| DATE 1985 | NR. | PROCEEDINGS |
|---|---|---|

| Jul. 13 | 492 | INTERIM CONSENT DECREE (1) **certifying a defendant class** consisting of **all county commisions, school boards, and municipalities** listed in appendix A to this decree; (2) contingently designating the Talladega County Board of Education and the City of Childersburg as the representatives of the defendant class for purposes of repesenting the following options for structuring defendant sub-classes; (3) **certifying a plaintiff class** consisting of **all black citizens** residing in the jurisdictions designated in the defendant class, to be represented by plaintiffs:  John Dillard, Damascus Crittendon, Jr., Earwen Ferrell, Clarence J. Jairrels, Ullyses McBride, and Louis Hall, Jr.  OPTIONS FOR THE DEFENDANT CLASS: (4) Option A: defendant class member reserves right to contest all liability as well as remedy claims advanced by plaintiffs and the class they represent; Option B: defendant class member does not contest the plaintiffs' claim, etc.; Option C: defendant class has already reached agreement the the representatives plaintiffs re remedial election plan, which has been jointly submitted to the Magistrate prior to the date for filing notice of this option; (5) all defendant class members who fail to file a written option shall be assumed to have elected Option A; (6) Deft class members who choose Option A shall be designated members of subclass A; one or more members of subclass shall be designated to serve as representatives of subclass; each member of subclass shall be responsible for retaining its own attorneys; subclass A shall be required to select one/more attys to act as liaison counsel for subclass A; if agreement cannot be reached, the court will appoint liaison; court will schedule pretrial conferences, etc., for subclass A; plaintiffs' claims for their atty's fees, etc., against subclass A, if approved by court, shall be the responsibility of members of defendant subclass A; (7) Deft class members who choose Option B shall be designated members of subclass B; Talladega County Board of Education and City of Childersburg shall serve as representatives of subclass B for purposes of settlement, unless and until these named representatives qualify as members of subclass C, at which time new representatives will be designated by the court; members of subclass B shall be bound by their admission that the current at-large election system presently dilute black voting strength in violation of Section 2, Voting Rights Act; Attorney General shall serve as lead counsel for subclass B with duties as set out in the settlement agreement with the Attorney General; **David R. Boyd** has been appointed by the Court to serve as **liaison counsel** for subclass B; (8) Deft class members who choose Option C shall be designated members of subclass C; court will appoint one/more members to serve as representatives; Attorney General shall be lead counsel and David Boyd has been appointed liaison counsel; members of subclass C to follow the procedures set out hereafter for processing and finalizing settlements; SETTLEMENT PROCEDURES: (9) if agreement is reached with respect to any member of subclasses A, B. or C, appropriate settlement documents shall be filed with the Magistrate and the agreed upon plans shall be submitted promptly for preclearance,  Section 5 of the Voting Rights Act; (10) either a special master or the court will conduct necessary proceedings to determine fairness of settlements, etc.; (11) Attorney General and liaison counsel shall be responsible for coordinating settlement and preclearance efforts for subclasses B and C; (12) When preclearance obtained, deft class member, through liaison counsel, shall notify the Magistrate, who, after preliminary approval of plan, shall conduct class action settlement proceedings; thereafter, the Magistrate will submit the plan and his recommendations to the Court for final approval; (13) If preclearance is denied, parties will be given an opportunity to negotiate and obtain preclearance of another plan; [Cont'd next page] |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE _50_ OF ____ PAGES |

| DATE<br>1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 13 | 492 | INTERIM CONSENT DECREE (**CONT'D**)<br><br>(14) if elections are imminent and an agreed upon plan has not been precleared, a special master or the court shall conduct such proceedings necessary to formulate a recommended temporary election plan, etc.; (15) if an agreed upon plan is disapproved and the parties cannot reach another agreement in timely fashion the court shall proceed with contested proceedings for subclass A or B as appropriate; members of defendant subclass C shall in this situation be re-designated as members of subclass B; CONTESTED PROCEEDINGS FOR SUBCLASS B: (16) where remedial plans have not been agreed to, plaintiffs and subclass B shall submit proposed plans to a sepcial master designated by court by a date fixed by later order, etc.; (17) special master or court will schedule evidentiary hearings, etc.; DUTIES OF LIAISON COUNSEL: (18) as set out in order; PLAINTIFFS' CLAIM FOR ATTORNEYS FEES AND EXPENSES (19) members of subclass A whom plaintiffs become prevailing parties shall be liable separately for those attornys' fees and expenses, etc.; (2) plaintiffs are the prevailing parties as to members of defendant subclasses B and C; court will determine after appropriate motion by the plaintiffs, an award of reasonable attorney's fee, etc. (Copies mailed to counsel; furnished Atty Susan Russ and Magistrate Carroll.) EOD 7/13/87. |
| 13 | 493 | Plaintiffs and defendant Attorney General of Alabama's joint motion to dismiss Attorney General. Referred to Judge Thompson. |
| 13 | 494 | ORDER (1) approving the settlement agreement between plaintiffs and defendant Attorney General of Alabama; (2) dismissing all claims against the Attorney General of Alabama with prejudice and dismissing the Attorney General as a party from this suit. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/13/87. |
| 13 | 495 | ORDER granting petition to practice pro vice filed on this date by Hon. Ronald H. Strawbridge. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/13/87. |
| 13 | 496 | ORDER denying defendant Talladega County Board of Education's 3/24/87 motion to dismiss, said defendant having indicated at 7/13/87 hearing that the board no longer desires to pursue its motion; withdrawing the objections and motions filed by the governmental entities of Shelby County Board of Education, Shelby County Commission, Lamar County Board of Education, Lauderdale County Board of Education, Limestone County Board of Education, Fayette County Board of Education, Geneva County Board of Education, Town of Wilton, City of Helena and Town of Wilsonville regarding inclusion in the defendant class; withdrawing the Town of Waverly's objection to inclusion in defendant class, counsel for the Attorney General's office having orally withdrawn said motion at 7/13/87 hearing; and DIRECTING the clerk to mail copies of this order to counsel for Town of Waverly, Shelby County Board of Education, Shelby County Commission, Lamar County Board of Education, Lauderdale County Board of Education, Limestone County Board of Education, Fayette County Board of Education, Geneva County Board of Education, Town of Wilton, City of Helena, and Town of Wilsonville. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/13/87. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD, et al. | DEFENDANT<br><br>CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 51 OF ____ PAGES |
|---|---|---|

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Jul. 14 | 497 | Attorney James M. Dyer's motion and request for appearance pro hac vice for the City of Madison, pursuant to Local Rules of Practice Rule 1(a)(2). Referred to Judge Thompson. |
| 14 | 498 | ORDER granting James M. Dyer permission to appear in this action as counsel of record for the City of Madison, Alabama, said appearance to be pro hac vice and subject to all rules of practice applicable to attorneys admitted to practice before this court.  (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 7/14/87. |
| 14 | 499 | Defendant class member Town of Pine Hill's notice of withdrawal of objection to inclusion in defendant class.  Referred to Judge Thompson. |
| 15 | 500 | Defendant City of Childersburg's notice of withdrawal of motion to dismiss. Referred to Judge Thompson. |
| 15 | 501 | Attorneys Vaughan H. Robison and John M. Bolton, III's notice of appearance as counsel for defendant class member Montgomery County Board of Education. |
| 16 | 502 | Attorney Frank C. Ellis, Jr.'s ltr request for admission pro hac vice. Referred to Judge Thompson. |
| 16 | 503 | ORDER granting Hon. Frank C. Ellis, Jr.'s request to practice pro hac vice filed on 7/16/87.  (Copies mailed to counsel.)  EOD 7/16/87. |
| 17 | 504 | Defendant class member City of Daleville's notice of withdrawal of petition of exclusion from defendant class.  Referred to Judge Thompson. |
| 17 | 505 | ORDER withdrawing the Town of Pine Hill's 7/2/87 motion to dismiss, etc., which was later treated as an objection to inclusion in defendant class, upon consideration of the Town of Pine Hill's notice of withdrawal filed on 7/14/87. Furthermore, upon consideration of the City of Childersburg's notice of withdrawal filed on 7/15/87, it is ORDERED that said city's motion to dismiss filed on 3/30/87 is withdrawn.  The clerk is DIRECTED to mail copies of this order to counsel for the Town of Pine Hill.  (Copies mailed to counsel.)  EOD 7/17/87. |
| 17 | 506 | Defendant Jefferson County Board of Education's stipulation regarding withdrawal of objections to inclusion in defendant class  Referred to Judge Thompson. |
| 21 | 507 | ORDER that the Jefferson County Board of Education's objection to inclusion in the defendant class is withdrawn. (Copies mailed to counsel.) EOD 7/21/87 |
| 21 | 508 | ORDER that the City of Daleville's objection to inclusion in the defendant class is withdrawn; directing the Clerk to mail a copy of this order to the counsel for the City of Daleville. (Copies mailed to counsel; City of Daleville counsel.) EOD 7/21/87 |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|-----------|-----------|------------------------|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | PAGE __52__ OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|-----------|-----|-------------|
| Jul. 21 | 509 | Defendant class member St. Clair County Commission's motion to dismiss. Referred to Judge Thompson. |
| 21 | 510 | Defendant class member St. Clair County Board of Education's motion to dismiss. Referred to Judge Thompson. |
| 21 | 511 | Defendant class member City of Muscle Shoals' motion to dismiss. Referred to Judge Thompson. |
| 27 | | **Hearing** - deft class member City of Tallassee objection inclusion in class. |
| 27 | 512 | ORDER setting objections to inclusion in defendant class filed by City of Tallassee, Geneva County Commission, City of Madison, City of Muscle Shoals, St. Clair County Board of Education, St. Clair County Commission, and City of Sheffield for submission, without oral argument on 8/24/87 with objectors to file briefs by 8/17/87 and plaintiffs to file brief by 8/24/87.  Clerk is DIRECTED to mail copies to counsel for said defendant class.  (Copies mailed to counsel; furnished Magistrare Carroll.) EOD 7/28/87. |
| 27 | 513 | ORDER setting motions to dismiss filed on 7/21 and 7/22/87 by City of Muscle Shoals, St. Clair County Board of Education and St. Clair County Commission for submission, without oral argument, on 8/24/87, with movants to file briefs by 8/17/87 and plaintiffs to file brief by 8/24/87; DIRECTING Clerk to mail copies of order to counsel for said class members.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 7/28/87. |
| 27 | 514 | Plaintiffs and class defendant City of Muscle Shoals' stipulation of facts. |
| 27 | 515 | Plaintiffs and defendant class member City of Sheffield's stipulation of facts. Referred to Judge Thompson. |
| 27 | 516 | Plaintiffs and defendant class member St. Clair County Commission's stipulation of facts.  Referred to Judge Thompson. |
| 27 | 517 | Plaintiffs and defendant class member St. Clair County Board of Education's stipulation of facts.  Referred to Judge Thompson. |
| 27 | 518 | Plaintiffs and defendant class member Geneva County's stipulation of facts. Referred to Judge Thompson. |
| 30 | 519 | Affidavit of H. B. Wise submitted by defendant class member Geneva County in support of objection to inclusion in defendant class. |
| 31 | 520 | Plaintiffs and defendant class member City of Madison's stipulation of facts. Referred to Judge Thompson. |
| 31 | 521 | Affidavits of Burwell L. Wilbanks (with Exhibit "F"), H. Kenneth Towry (with Exhibits A-E), Debbie Naumann and Cora Sue McCalley (with Exhibits G1 & G2) filed in support of defendant class member City of Madison's motion and objection to inclusion.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N<br>PAGE 53 OF ____ PAGES |

| 1987 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Aug.  4 | | Official Court Reporter's transcript of 7/27/87 hearing re defendant class member City of Tallassee's objection to inclusion in class (1 volume). |
| 6 | 522 | Defendant class member Pickens County Board of Education's motion to withdraw objection to inclusion in defendant class. Attachment. Referred to Judge Thompson. |
| 7 | 523 | ORDER withdrawing Pickens County Board of Education's 6/15/87 motion to dismiss which was later treated as an objection to inclusion in defendant class, upon consideration of the Board's 8/6/87 notice to withdraw; DIRECTING the clerk to mail a copy of this order to counsel for Pickens County Board of Education. (Copies mailed to counsel; furnished Magistrate Carroll.)  EOD 8/10/87. |
| 13 | 524 | Defendant class member City of Tallassee's motion to defer selection of defendant's subclass option.  Referred to Judge Thompson. |
| 13 | 525 | Defendant class member City of Tallassee's motion to defer having to answer plaintiff's request for admissions.  Referred to Judge Thompson. |
| 14 | 526 | Defendant class member City of Muscle Shoals's motion for protective order or in the alternative to extend the time to select a defendnat subclass option. Referred to Judge Thompson. |
| 14 | 527 | Defendant class member City of Muscle Shoals's motion for protective order or in the alternative to extend the time to answer plaintiffs' request for admission. Referred to Judge Thompson. |
| 14 | 528 | Defendant City of Tallassee's brief in support of motion to be excluded from defendant class.  Referred to Judge Thompson. |
| 14 | 529 | Defendant class members St. Clair County Commission and St. Clair County Board of Education's trial brief supporting motion to dismiss and objection to class certification.  Referred to Judge Thompson. |
| 17 | 530 | Defendant Jefferson County Board of Education's motion for extension of time to reply to plaintiffs' request for admissions.  Referred to Judge Thompson. |
| 17 | 531 | Defendant class member City of Sheffield's memorandum in support of objection to inclusion in defendant class.  Referred to Judge Thompson. |
| 17 | 532 | Defendant class member St. Clair County Commission's motion to defer response to plaintiffs' request for admissions.  Referred to Judge Thompson. |
| 17 | 533 | Defendant class member St. Clair County Board of Education's motion to defer response to plaintiffs' request for admissions.  Referred to Judge Thompson. |
| 17 | 534 | Defendant class member City of Madison's memorandum brief on motion and objections for exclusion from class of defendants.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 54 OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 17 | 535 | ORDER granting City of Muscle Shoals' 8/14/87 motion for protective order regarding seelction of a defendant subclass option; denying 8/14/87 motion for protective order regarding plaintiffs' request for admissions. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 8/17/87. |
| 17 | 536 | ORDER granting City of Tallassee's 8/13/87 motion to defer selection of subclass option; denying 8/13/87 motion to defer answering plaintiffs' request for admissions.  (Copies mailed to counse; furnished Magistrate Carroll.) EOD 8/17/87. |
| 17 | 537 | Defendant class member City of Muscle Shoals' brief in support of motion to dismiss and objection to inclusion in the class.  Referred to Judge Thompson. |
| 18 | 538 | ORDER granting Jefferson County Board of Education's 8/17/87 motion for extension of time until 8/21/87 to file response; granting St. Clair County Board of Education's 8/17/87 motion until 9/14/87 to file response; and granting St. Clair County Commission's 8/17/87 motion to defer response until 9/14/87.  (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 8/18/87. |
| 18 | 539 | Defendant class member City of Tallassee's response to plaintiffs' request for admissions.  Referred to Judge Thompson. |
| 18 | 540 | Defendant class member City of Madison's motion to defer response to plaintiffs' request for admissions.  Referred to Judge thompson. |
| 19 | 541 | Brief of Geneva County in support of objection to inclusion in defendant class. Referred to Judge Thompson. |
| 20 | 542 | Defendant class member City of Muscle Shoals' response to request for admissions. Referred to Judge Thompson. |
| 20 | 543 | ORDER granting City of Madison's 8/18/87 motion to defer response to plaintiffs' request for admissions until 9/14/87.  (Copies mailed to counsel; furnished Magistrate Carroll.) |
| 21 | 544 | Plaintiffs' memorandum brief in opposition to certain defendants' objections to inclusion in defendant class and motions to dismiss.  Referred to Judge Thompson. |
| Sep. 14 | 545 | ORDER (1) overruling the objections to inclusions in defendant class filed by the following jurisdictions on June 11, 15, and 30, 1987 and July 6 and 13, 1987: (i) the City of Muscle Shoals; (ii) the City of Tallassee; (iii) the City of Madison; (iv) the City of Sheffield; (v) the Geneva County Commission; (vi) the St. Clair County Commission; (vii) the St. Clair County Board of Education; (2) denying the motions to dismiss filed on July 21 and 22, 1987 by: (i) the City of Muscle Shoals; (ii) the St. Clair County Commission; and (iii) the St. Clair County Board of Education; (3) including the following jurisdictions as members of the defendant class certified by this court on 7/13/87: (i) The City of Muscle Shoals; (ii) the City of Tallassee; (iii) the City of Madison; (iv) the City of Sheffield; (v) the Geneva County Commission; (vi) the St. Clair County Commission; (vii) the St. Clair County Board of Education; (4) allowing the jurisdictions **(OVER)** |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD, et al. | DEFENDANT<br><br>CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 55 OF _____ PAGES |
|---|---|---|

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Sep. 14 | | ORDER and JUDGMENT (**continued**)<br>   listed in paragraph numbered three 7 days from the date of this order to elect<br>   one of the class 'options' set forth in the court order of 7/13/87 as to how<br>   they would like to proceed as members of the defendant class.  The clerk of the<br>   court is DIRECTED to mail copies of this order to counsel for the jurisdictions<br>   listed in paragraph numbered 3 of this order.  (Copies mailed to counsel.) |
| 15 | 546 | Defendant State of Alabama and Attorney David Boyd's joint motion for award of<br>   attorneys' fees to liaison counsel.  Referred to Judge Thompson. |
| 16 | 547 | ORDER (1) granting the joint motion for award of attorneys' fees to liaison<br>   Counsel; (2) directing that liaison counsel shall submit to the Comptroller of<br>   the State of Alabama, on a schedule to be agreed upon, his statements for fees<br>   and expenses incurred in his capacity as liaison counsel; (3) directing that<br>   liaison counsel's fees and expenses shall be paid by the defendant State of<br>   Alabama out of the State Court Cost Fund, created by Alabama Act No. 86-421,<br>   part D(7)(b); (4) DIRECTING liaison counsel to submit his initial fee statement<br>   using an hourly rate of $95.00, which the court understands is the hourly rate<br>   being charged by liaison cunsel to the jurisdictions which he directly repre-<br>   sents in this action.  The court preliminarily finds $95.00 to be a reasonable<br>   hourly fee for the services of liaison counsel.  If the State of Alabama objects<br>   to this rate, the court should be so advised, at which time the matter will be<br>   scheduled for hearing.  (Copies mailed to counsel.)  EOD 9/17/87. |
| Oct. 30 | 548 | ORDER, subject to court's later consideration of any objections (1) **decertifying<br>   subclasses B and C** as members of defendant class action; directing clerk to<br>   assign separate civil action numbers to proceedings with respect to each<br>   jurisdiction in subclasses B and C; (2) directing that decertified proceedings<br>   shall continue as a class action as previously certified with respect to<br>   plaintiffs; (3) **consolidating** the separate actions with respect to the former<br>   members of subclasses B & C for pruposes of carrying out the procedures pre-<br>   scribed by interim consent decree; directing that the Attorney General shall<br>   continue to serve as lead counsel for defendants and David Boyd shall continue<br>   to serve as liaison counsel for defendants; directing that procedures in paras.<br>   9-20 of interim consent decree shall continue in force and effect for the con-<br>   solidated actions; (4) directing that all prior orders in this action not in-<br>   consistent with this order shall remain in full force and effect; (5) directing<br>   that the Attorney General shall promptly furnish a copy of this order to all<br>   jurisdictions of subclass B or subclass C; directing that any **objections** to<br>   procedural changes ordered herein must be filed, detailed written statment,<br>   with the clerk not later than **11/13/87**; hearing to be set by court on objections<br>   which warrant such a proceeding; (6) directing that unless the court receives<br>   some objection, this order shall take effect on **11/18/87** and no further order<br>   will be entered; directing that if no further order is entered before 11/18/87,<br>   the parties should assume that the court received no objections.  (Copies<br>   mailed to counsel.)  (Copies furnished Magistrates Carroll and Coody.) EOD<br>   10/30/87. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, etc., et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 56 OF ____ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 18 | 549 | Affadavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwin Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N). |
| 18 | 550 | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affadavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00.  (Copies mailed to counsel.)  (Copies furnished to Magistrates Carroll and Coody).  EOD 11/18/87. |
| 18 | 551 | Clerk's MEMO re assignment of case numbers. |
| 1988 Feb. 2 | 552 | JUDGMENT of U. S. Court of Appeals (issued as mandate on 1/27/88) **REMANDING** case to this court with instructions in accordance with the opinion. Each party to bear their own court costs on appeal.  (Certified copy of CORRECTED OPINION attached.) |
| 5 | 553 | ORDER continuing in full force and effect the judgment of the court made and entered on 10/21/86 as to the Calhoun County defendants; setting a status conference for 2/29/88, at 4:30 p.m., Federal Courthouse, Montgomery, to discuss the issues to be considered by the court on remand; directing the parties to meet with each other by 2/24/88 to discuss settlement of these issues.  (Copies mailed ot counsel.)  EOD 2/5/88. |
| 19 | 554 | Defendant's motion to reaffirm judgment.  Referred to Judge Thompson. |
| 22 | 555 | Plaintiffs' motion concerning remand proceedings.  Referred to Judge Thompson. |
| 25 | 556 | ORDER (1) granting plaintiffs' and Calhoun County defendants' motions to reaffirm, filed on February 19 and 22, 1988; and (2) **reaffirming** the judgment of the court made and entered in this cause on 10/21/86 as to the Calhoun County defendants and continuing it in full force and effect.  (Copies mailed to counsel.)  EOD 2/25/88. |
| Mar. 1 | 557 | Plaintiffs' motion to amend complaint (to add Boards of Education of Homewood, Midfield, Vestavia Hills and Hoover as defendants). Referred to Judge Thompson. |
| 1 | 558 | ORDER granting plaintiffs' 3/1/88 motion to amend complaint.  (Copies mailed to counsel.)  EOD 3/2/88. |
| 1 | 559 | Plaintiff's AMENDMENT TO COMPLAINT (adding defendants BOARD OF EDUCATION OF HOMEWOOD; BOARD OF EDUCATION OF MIDFIELD; BOARD OF EDUCATION OF VESTAVIA HILLS; and BOARD OF EDUCATION OF HOOVER). |
| 3 | 560 | Summons issued for added defendants; summons, 12/19/85 amended complaint, 3/6/87 amendment to complaint, plaintiffs' statement of claim against subclass A member Jefferson County Board of Education and 3/1/88 amendment to complaint mailed by cmrrr to added defendants Boards of Education of Homewood, Hoover, Midfield. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br><br>JOHN DILLARD; et al. | DEFENDANT<br><br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N<br><br>PAGE 57 OF ____ PAGES |
|---|---|---|

| 1988 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Mar.  4 | 561 | ORDER of Paul H. Roney, Chief Judge, Eleventh Circuit, **designating three-judge court** consisting of **Frank M. Johnson**, Circuit Judge and **Truman M. Hobbs** and **Myron H. Thompson**, District Judges, to hear and determine this action. (Copies mailed to counsel; furnished Judges Johnson and Hobbs and Magistrates Carroll and Coody.)  EOD 3/4/88. |
| 4 | 562 | ORDER, done with the approval of all members of the three-judge court, continuing the new matters raised by the 3/1/88 amendment to the plaintiff's complaint for 75 days, without action on the three-judge court, all parties having orally informed the court that they agree.  (Copies mailed to counsel; furnished Judges Johnson and Hobbs and Magistrates CArrol and Coody.).  EOD 3/4/88. |
| 7 | 563 | Return receipt showing service of summons, amended complaint, etc., on added defendant  Board of Education of Vestavia Hills, service  on Dot Tipton on 3/4/88 for said defendant. |
| 7 | 563 | Return receipt showing service of summons, amended complaint, etc., on added defendant Board of Education of Hoover; service on Mary Jo Sligi on 3/4/88 for said defendant. |
| 7 | 565 | Return receipt showing service of summons, amended complaint, etc., on added defendant Board of Education of Homewood; service on Francis Little, undated, for said defendant. |
| 8 | 566 | Attorney Patrick H. Boone's notice of appearance as counsel for defendant Vestavia Hills Board of Education. |
| 9 | 567 | Notice to Honorable Guy Hunt, Governor, State of Alabama, of designation of three-judge court; cy to Attorney General Siegelman.  (Notice, 3/1/88 amendment to complaint and 3/4/88 order mailed by cmrrr to each.) |
| 9 | 568 | Return receipt showing service of summons, amended complaint, etc., on added defendant Board of Education of Midfield; service on Elsie Phifer on 3/7/88 for said defendant. |
| 14 | 569 | Return receipt showing service of 3/9/88 Notice to Governor; service on J. Watt on 3/10/88 for Don Siegelman. |
| 14 | 570 | Return receipt showing service of 3/9/88 Notice to Governor; service on Evelyn Hanning on 3/10/88 for Governor Hunt. |
| 24 | 571 | Defendants Homewood City Board of Education, Hoover City Board of Education, Midfield City Board of Education and Vestavia Hills City Board of Education's motion to extend time for answer.  Referred to Judge Thompson. (cy furnished Judges Johnson and Hobbs.) |
| 29 | 572 | Plaintiffs' motion for attorneys' fees and expenses from Calhoun County for appellate proceedings.  Attachments.  Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-t-1332-N<br>PAGE 58 OF ____ PAGES |
|---|---|---|

| DATE<br>1988 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 31 | 573 | Attorney Donald B. Sweeney, Jr.'s notice of appearance as counsel for defendants Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education. |
| Apr. 5 | 574 | ORDER (1) setting plaintiffs' 3/29/88 motion for attorney fees and expenses for submission, without oral argument, on 5/13/88; (2) directing that plaintiffs' brief, etc., are due on 4/25/88; (3) directing that Calhoun County defendants' brief, etc., are due on 5/13/88; and (4) directing that any request for an evidentiary hearing must be filed by 5/13/88.  (Copies mailed to counsel.) EOD 4/6/88. |
| 7 | 575 | ORDER, done with approval of three-judge court, granting Homewood, Hoover Midfield, Vestavia City Boards of Education's 3/24/88 motion to extend time for answer.  (Copies mailed to counsel.) EOD 4/7/88. |
| 19 | 576 | Plaintiffs and Calhoun County defendants' compromise and settlement regarding fees and expenses.  Referred to Judge Thompson. |
| 22 | 577 | Plaintiffs' motion for award of attorneys fees and expenses from members of Subclasses B and C.  Referred to Judge Thompson. |
| 22 | 578 | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |
| 25 | 579 | JUDGMENT and ORDER approving the settlement agreement filed with the court by and between Calhoun County defendants and plaintiffs, etc.; entering judgment in favor of plaintiffs and against Calhoun County, qua County; Arthur C. Murray in his official capacity as Probate Judge of Calhoun County; R. Forrest Dobbins in his official capacity as Circuit Clerk of Calhoun County; and Roy C. Snead, Jr., in his official capacity as sheriff of Calhoun County in the amount of $33,800.  (Copies mailed to counsel.) EOD 4/25/88. |
| 27 | 580 | Defendant Crenshaw County's motion for correction of clerical error. Maps attached.  Referred to Judge Thompson. |
| 28 | 581 | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, all Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows: 1.  Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2.  By 5/16/88 liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3.  Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4.  On or before 6/10/88 liaison counsel shall file with the court any objec- tions, along with evidentiary materials supporting such objections, etc. 5. By 6/24/88 plaintiffs shall file their brief in support of their motion for fees.  6.  By 7/1/88 liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7.  A hearing on the plaintiffs motion for fees will be conducted on 7/8/88 at 10 a.m.; defendant jurisdictions to be represent- ed by liaison counsel. 8.  By 6/10/88 liaison counsel shall also file with<br>(OVER) |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD: et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332-N |
|---|---|---|
| | | PAGE 59 OF ____ PAGES |

| DATE<br>1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 28 | | ORDER (Cont'd)<br>the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| May 2 | 582 | Defendant Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education suggestion of delay in Section 5 preclearance. Referred to Judge Thompson. |
| 5 | 583 | Defendant Vestavia Hills Board of Education's answers to plaintiffs' interrogatories. Referred to Judge Thompson. Cy furnished Judges Hobbs and Johnson. |
| 6 | 584 | ORDER granting joint motion for correction of clerical error; and amending the court's order of 6/17/86 insofar as the boundary line between Districts 2 and 4 shall follow the circular northwest corporate limits of the Town of Brantley. (Copies mailed to counsel.) EOD 5/6/88. |
| 17 | 585 | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| 31 | 586 | Defendant Board of Education of Vestavia Hills' **answer to complaint.** Referred to Judge Thompson. Cys furnished Judges Johnson and Hobbs. |
| 31 | 587 | Attorney James U. Blacksher's notice of change of address (Fifth Floor, Title Building, 300 21st Street, North, Birmingham, AL 35203). |
| Jun 16 | 588 | ORDER that matters pending before the three-judge court are continued to 9/16/88. (Copies mailed to counsel; furnished Judge Hobbs and Judge Johnson.) EOD 6/16/88. |
| Sep 1 | 589 | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| 15 | 590 | Defendant Homewood City Board of Education, Hoover City Board of Education, Midfield City Board of Education and Vestavia Hills City Board of Education's STATUS REPORT. Referred to Judge Thompson. |
| 21 | 591 | Plaintiffs' STATUS REPORT. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD, et al | CRENSHAW COUNTY, ALABAMA, et al. | PAGE 60 OF____ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Sep 23 | 592 | ORDER, done with approval of all members of the three-judge court, that the matters pending before the three-judge court are continued to 12/1/88. (Copies mailed to counsel; furnished Judges Hobbs and Johnson.) EOD 9/23/88. |
| Nov. 30 | 593 | Plaintiff's ltr request that court stay 3-Judge court matter. (Copies furnished Judges Hobbs and Johnson.) |
| Dec. 1 | 594 | ORDER, done with the approval of all members of the three-judge court, that the matters pending before the three-judge court are continued to 2/1/89. (Copies mailed to counsel; furnsihed Judges Hobbs and Johnson.) EOD 12/1/88. |
| 5 | 595 | Defendants Homewood City Board of Education, Hoover City Board of Education, Midfield City Board of Education, and Vestavia Hills City Board of Education's SUGGESTION OF STATUS. (Cys furnished Judges Hobbs and Johnson.) Referred to Judge Thompson. |
| 1989 Feb. 6 | 596 | Defendants Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education's STATUS REPORT. Attachments. (Cys furnished Judges Hobbs and Johnson.) Referred to Judge Thompson. |
| 9 | 597 | Defendant Vestavia Hills Board of Education's STATUS REPORT. (Cys furnished Judtes Hobbs and Johnson.) Referred to Judge Thompson. |
| 21 | 598 | ORDER and JUDGMENT that: (1) Section 5 claims against the Homewood City Board of Education, Hoover City Board of Education, Midfield City Board of Education, and Vestavia Hills City Board of Education are dismissed; (2) the **three-judge court is dissolved;** and (3) this cause is remanded to the single-judge court for all further proceedings. (Copies mailed to counsel.) EOD 2/21/89. Cys furnished Judges Hobbs and Johnson.) |
| 28 | 599 | Defendants Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education's MOTION to dismiss or in the alternative MOTION to change venue. Appendices A-C attached. Referred to Judge Thompson. |
| 28 | 600 | Defendants Homewood City Board of Education, Hoover City Board of Education, and Midfield City Board of Education's PETITION for determination of venue and jurisdiction. Copy of 2/28/88 motion to dismiss, etc., with attachments, attached. Referred to Judge Thompson. |
| Mar. 1 | 601 | Defendants Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education's CORRECTED PETITION for determination of venue and jurisdiction. Referred to Judge Thompson. |
| 7 | 602 | ORDER, upon consideration of motion to dismiss, etc., filed on 2/28/89 and petitions for determination of venue and jurisdiction filed on 2/28/89 and 3/1/89 by defendnats Homewood City Board of Education, Hoover City Board of Education, and Midfield City Board of Education, that the motion and petitions are set for submission, without oral argument, on 3/31/89 with defendants' briefs, etc., due by 3/17/89 and plaintiffs' brief, etc., due by 3/31/89. (Copies mailed to counsel.) EOD 3/7/89. |
| 13 | 601 | Pltfs' ltr request for extension of time re 3/7/89 order. Referred to Judge. |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, et al. | DOCKET NO. __85-T-1332__-N |
| | | PAGE __61__OF ____ PAGES |

| 1989 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 16 | 604 | ORDER resetting the motion to dismiss, etc., filed on 2/28/89 and the petitions for determination of venue and jurisdiction filed on 2/28/89 and 3/1/89 by defendants Homewood City Board of Education, Hoover City Board of Education, and Midfield City Board of Education for submission, without oral argument, on 4/21/89 with defendants' brief, etc., due by 3/31/89 and plaintiffs' brief, etc., due by 4/21/89. (Copies mailed to counsel.) EOD 3/16/89. |
| 31 | 605 | Defendant Vestavia Hills Board of Education's MOTION to dismiss or in the alternative motion to transfer. Referred to Judge Thompson. |
| 31 | 606 | Defendant Vestavia Hills Board of Education's memorandum BRIEF (supporting motion to dismiss, etc.). Appendix to memorandum brief attached (separate binder). |
| Apr. 3 | 607 | Defendants Homewood City Board of Education, Hoover City Board of Education and Midfield City Board of Education's MOTION to extend brief in support of motion (to dismiss). Referred to Judge Thompson. |
| 4 | 608 | ORDER that the motion to dismiss, etc., filed on 3/31/89 by defendant Vestavia Hills Board of Education is set for submission, without oral argument, on 4/21/89 with defendant's brief, etc., due by 4/14/89 and plaintiffs' brief, etc., due by 4/21/89. The clerk is DIRECTED to notify counsel by telephone. (Copies mailed to counsel; counsel advised telephonically.) EOD 4/4/89. |
| 6 | 609 | Defendants Homewood City Board of Education, Hoover City Board of Education, and Midfield City Board of Education's MEMORANDUM In support of motion to dismiss or, alternatively, motion to transfer. (Copies mailed to counsel.) |
| 11 | 610 | ORDER granting defendants Homewood City Board of Education, et al.'s Motion to extend time for filing brief. (Copies mailed to counsel.) EOD 4/11/89. |
| 20 | 611 | Plaintiffs' MEMORANDUM in OPPOSITION to motions to dismiss of the Suburban School Districts (Homewood, Midfield and Vestavia Hills). |
| July 5 | 612 | Withdrawal of Susan E. Russ as counsel for state and Class B defendants (document maintained in 85-T-1332-N). Referred to Judge Thompson. |
| Aug 9 | 614 | (Exhibit A attached.) Petition to intervene of Tommy Snowden./ Referred to Magistrate Carroll. |
| **1992** Jan. 23 | 615 | Defendant Lee County's Motion for approval of changes in districts for election of county commissioners in Lee County, Alabama. |
| Jan. 27 | 616 | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. |
| Jan. 30 | 617 | Notice of Appearance by Deputy Attorney General Mort P. Ames |
| Jan. 31 | 618 | Defendant Escambia County Commission's Motion for judgment on the pleadings/ alternative motion to sever and transfer to the Southern District. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, et al. | DOCKET NO. 85-T-1332-N<br>PAGE 62 OF_____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| **1992** | | |
| Feb. 4 | 619 | **ORDER** that plaintiffs show cause in writing within 14 days as to why defendant Lee County's motion for approval of changes and defendant Escambia County's motion for judgment on the pleadings should not be granted. (Copies mailed to counsel.) |
| Feb 6 | 620 | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |
| Feb. 14 | 621 | Defendant Lee County's **amendment to motion** for approval of changes in districts for election of county commissioners. Referred to Judge Thompson. |
| Feb. 19 | 622 | Plaintiffs' **response** to show cause order; re: Escambia County Commission. Referred to Judge Thompson. |
| Feb. 19 | 623 | Plaintiffs' **response** to Defendant Lee County Commission's motion to approve redistricting. Referred to Judge Thompson. |
| Feb. 21 | | Defendant Etowah County Commission's **response** to show cause order. Referred to Judge Thompson. (Exhibits filed in separate binder.) |
| Feb. 24 | | **ORDER** granting motion for approval of changes in districts filed by the Lee County Commissionn 1/23/92; denying plaintiffs' motion for additional relief with respect to redistricting and the 1992 elections filed 1/27/92 as to Lee County Commission. |
| Feb. 24 | 624 | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |
| Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant. Referred to Judge Thompson. |
| Feb. 27 | | Defendant Coffee County's **response** to show cause order/**motion** to dismiss. Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| 12 | | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join. Referred to Judge Thompson. |
| 20 | | **Proposal** of plaintiffs and liaison counsel. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD | CRENSHAW CO., AL | DOCKET NO. 85-T-1332-N<br>PAGE ___63__ OF ____ PAGES |

| 1992 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Apr 9 | | ORDER adopting the following Status Groups of cases:  J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided date on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdiction's plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L submit sufficient data to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions which dispute the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames;  that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted.  (Copi mailed to counsel.)  EOD 4-9-92. |
| 9 | | ORDER that pltfs' motion to join  Atty. Gen. as a deft is denied.  (Copies mailed to counsel.)  EOD 4-9-92. |
| 24 | | Defendant Escambia County Commission's **motion** to dismiss, **motion** for judgment on the pleadings/alternative **motion** to sever and transfer to the USDC for the Southern District of Alabama.  Referred to Judge Thompson. |
| 24 | | Defendant Escambia County Commission's response to Court's order of 4-9-92. Referred to Judge Thompson. |
| 27 | | Defendant, Talladega County, submission of redistricting plan. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al | DOCKET NO. 85-T-1332-N |
| | | PAGE 64 OF ___ PAGES |

| DATE<br>1992 | NR. | PROCEEDINGS |
|---|---|---|
| May 4 | | Plaintiff and Defendant, Etowah County Commission, **joint motion** for approval of settlement. Referred to Judge Thompson. |
| 8 | | **Consent decree** enjoining Etowah County Commission from conducting the elections for the county commission under the single-member district system previously approved by this court and are further enjoined as follows: elections for the county commission shall be conducted from the single-member district as described in the redistricting plan submitted to the court by the Etowah County Commission in February, 1992 and submitted to the Justice Dept. on 2-14-92, and precleared by the Justice Dept. on 4-14-92. Further enjoining finding that the redistricting plan has been precleared by the Justice Dept. and that the settlement is equitable and just, and fair to all parties and the public, it is ordered that the defendants shall proceed with an election in 1992 in accordance with said plan. Further enjoining the defendant pay a fee of $1,200.00 to the plaintiff's attorneys for the work through this settlement and orders the defendant to pay said sum made payable to Edward Still. (Copies mailed to counsel) EOD 5-8-92. |
| 8 | | **Order** granting parties' joint motion for approval of settlement for defendant, Etowah County Commission, filed on 5-4-92. (Copies mailed to counsel). EOD 5-8-92. |
| July 21 | | Plaintiff's **request** for hearing Re: Coffee County Commission. Referred to Judge Thompson. |
| 23 | | **ORDER** setting plaintiff's request for hearing for STATUS CONFERENCE on **7-27-92 at 10:00 a.m.** in Montgomery, AL Re: Coffee County Commission. (Copies mailed to counsel; furnished to MT and TW). |
| 29 | | Parties' **joint motion** for approval of settlement Re: Coffee County Commission. (Consent decree attached). Referred to Judge Thompson. **GRANTED 7-30-92.** |
| 30 | | **ORDER** granting parties joint motion for approval of settlement Re: Coffee Co. Comm. (Copies mailed to counsel). EOD: 7-30-92. |
| 30 | | **CONSENT DECREE** enjoining defendnt Coffee Co. Comm., its agents, attorneys, employees and those acting in concert with them or at their direction as further set out in consent decree; that this order may be modified at a later time if the jurisdiction does not receive final approval of the plan preliminarily approved herein; **assessing** ans award of $5,600.00 against defendant as attorneys' fees and expenses. (Copies mailed to counsel). EOD: 7-30-92. |
| *<br>Aug 12 | | Satisfaction of judgment Etowah County Commission. |
| Aug 12 | | Satisfaction of judgment - Coffee County Commission. |
| * Jul 30 | | Plaintiff's submission of plan - re: Coffee County Commission. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, AL, et al | DOCKET NO. 85-T-1332-N |
| | | PAGE 65 OF ____ PAGES |

| DATE 1992 | NR. | PROCEEDINGS |
|---|---|---|
| Aug 28 | | Plaintiff's **motion** to amend complaint.  (Proposed second amended complaint attached.)  Referred to Judge Thompson. |
| Nov 2 | | Plaintiff's **motion** to refile consent decree.  RE:  Talladega County Commission. (Joint Motion for Approval of Settlement and Consent Decree attached) Referred to Judge Thompson.  **GRANTED 11/9/92** |
| 9 | | **ORDER** granting Talladega County Commission's motion to refile consent decree. (Copies mailed to counsel) |
| 9 | | **ORDER** granting parties' joint motion for approval of settlement. RE: Talladega County Commission.  (Copies mailed to counsel)  **EOD 11/9/92** |
| 9 | | **CONSENT DECREE** enjoining Talladega County Commission, its agents, attorneys, employees and those acting in concert iwth them or at their discretion as further set out in the consent decree; preliminarily approving the redistricting plain adopted by defendant  which modified the single-member district plan; that thir order may be modified at a later time if the jurisdiction does not receive final approval; assessing a fee of $1,500.00 against the defendant as attorney fees and expenses.  (Copies mailed to counsel)  **EOD 11/9/92** |
| 18 | | **CORRECTED CONSENT DECREE** enjoining Talladega County Commission, its agents, attorneys, employees and those acting in concert with them or at their discretion as further set out in the consent decree; preliminarily approving the redistricting plan adopted by defendant  which modifies the single-member district plan for the Talladega County Commission; that their order may be modified at a later time if the jurisdiction does not receive final approval; assessing a $1,500.00 award against the defendant as attorney fees and expenses. (Copies mailed to counsel)  EOD 11/19/92 |
| **1993** | | |
| Jan. 19 | | Coffee County Commission's pre-clearance letter received from the U. S. Dept. of Justice; referred to Judge Thompson. |
| May 25 | | Plaintiff's notice (letter form) of satisfaction of judgment of attorneys' fees re: Talladega County Commission; referred to Judge Thompson. |
| **1994** Jun 8 | | **SUPPLEMENTAL CONSENT DECREE** enjoining defendant Calhoun County Commission, its agents, attorneys, employees, and those acting in concert with them or at their direction in that the 1994 primary election for the Calhoun County Commission shall proceed as provided in the earlier orders of this Court, except as modified herein; that the use of the Calhoun County Commission districts as provided in the resolution of the Calhoun County Commission of 11/24/93, and of voting precinct boundaries changed as to coincide with the Calhoun County Commission district boundaries is authorized on an interim basis pending final Section 5 preclearance of the redistricting plan and of the (continued) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|-----------|-----------|------------------------|
| Dillard; etal. | Crenshaw County, AL; et al. | PAGE 66 OF ____ PAGES |

| DATE 1994 | NR. | PROCEEDINGS |
|------|-----|-------------|
| Jun 8 | 657 | (order continued) changes to the voting precincts; that the Calhoun County Commission shall through its counsel report to the court and to counsel for the plaintiffs as to any action by the Attorney General as to the 4/15/94 submission concerning the proposed changes to Calhoun County Commission districts and voting precinct boundaries; that the provisions of all earlier orders of this court concerning the elctions of members of the commission shall remain in full force and effect except to the extent modified by this decree; reserving all issues relating to the award of attorneys' fees to plaintiffs' attorneys for further proceedings.  (Copies mailed to counsel) EOD 6/8/94.  [Maps maintained in separate binder] |
| Oct 31 | 658 | Calhoun County Commission's **motion** for final approval of redistricting of the Calhoun County Commission districts (Exhibit A attached).  Referred to Judge Thompson. |
| Nov. 4 | 659 | **FINAL ORDER** approving proposed consent decree submitted by parties preclearing proposed election plan for Calhoun County Commission. (Copies mailed to counsel)  **EOD 11-4-94** |
| **1996** | | |
| Mar. 26 | 660 | Submission of Amendment to District Lines Due To Changes In Population Because of Annexations By The City of Pell City, A Municipal Corporation (Exhibits A-F attached); referred to Judge Thompson |
| **2001** | | |
| Oct. 17 | 661 | Defendant Lawrence Co., AL MOTION for Court to enter an Order approving the redistricting plan submitted by Lawrence Co. modified by the Court and agreed to by the parties on 01/16/87. (Exhibit 1 attached) Referred to Judge Thompson |
| **2002** | | |
| May  23 | 662 | MOTION by Calhoun County Commission to Modify court's injunction to allow for redistricting of the Calhoun County Commission (w/exhibits A-C);  Referred to Judge Thompson   (EXHIBITS MAINTAINED IN SEPARATE BINDER) |
| 30 | 663 | ORDER  (Re: Calhoun County Commission) directing plaintiff to show cause, in writing by 06/10/02, as to why motion to modify, etc. should not be granted. (Copies mailed to counsel) (signed by Judge Thompson) |
| June 6 | 664 | Courtroom Deputies Minutes of Telephone Conference held on 6-6-02 regarding defendant Lawrence County Commission's Motion for Order |
| June 7 | 665 | Response to Motion to Modify Decree by Calhoun County Commission; Referred to Judge Thompson   (Re:  Calhoun County Commission) |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, AL, etc. et al. | DOCKET NO. 85-T-1332-N |
| | | PAGE 67 OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| June 17 | 666 | ORDER (Re: Lawrence County Commission) denying the motion for order without prejudice (Copies mailed to counsel) |
| | | Docket Entries on Computer as of 4/20/05 |