```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JOHN DILLARD, et al.,       )
                            )
    Plaintiffs,              )
                            )
    v.                      )       CIVIL ACTION NO.
                            )        2:85cv1332-MHT
CRENSHAW COUNTY, etc.,      )       (City of Daleville)
et al.,                     )            (WO)
                            )
    Defendants.             )
```

## FINAL JUDGMENT

Pursuant to the joint motion to show cause as to why this case should not be dismissed (Doc. No. 694), an order was entered on April 30, 2007 (Doc. No. 695), directing defendant City of Daleville to show cause, if any there be, in writing by June 29, 2007, as to why said motion should not be granted.  No response has been filed by defendant.

There being no objection to the show-cause order and the final dismissal of this action, and Alabama Act No.

**2006-252 having received preclearance, it is the ORDER, JUDGMENT, and DECREE of the court as follows:**

**(1) The motion to show cause as to why this case should not be dismissed (Doc. No. 694) is granted.**

**(2) It is DECLARED as the judgment of this court that Alabama Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree the court entered on February 21, 1989, providing that the City Council of the City of Daleville consist of five members elected at large, without numbered places, residency subdistricts, or staggered terms, with the five candidates receiving the most votes being declared the winners, and each voter being entitled to vote for up to five candidates but only once for any one candidate.**

**(3) The injunction contained in the prior judgment of the court to the extent it pertains to defendant City of Daleville is dissolved.**

(4) All claims, including, but not limited to, any claims for attorneys' fees, costs, interest, or any or all of them, against defendant City of Daleville in this action are dismissed.

(5) This court's order of April 19, 1990, is vacated nunc pro tunc.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 5th day of July, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE